1  STEPHANIE M. HINDS (CABN 154284)
   Acting United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  SCOTT D. JOINER (CABN 223313)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7200
7       FAX: (415) 436-7234
        Scott.Joiner@usdoj.gov
8
   Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | NO. CR 21-MJ-70609 MAG |
|---|---|---|
| Plaintiff, | ) | |
| | ) | STIPULATION TO CONTINUE HEARING AND EXCLUDE TIME FROM SEPTEMBER 14, 2021 TO OCTOBER 25, 2021; [PROPOSED] ORDER |
| v. | ) | |
| JOHN FRANCIS PORTER, | ) | |
| Defendant. | ) | |

    The Court previously granted a continuance in this matter to September 14, 2021, for effective preparation of counsel. Considering the complex nature of the case, the time available for indictment, and ongoing limitations caused by the current pandemic, the parties now request that the matter be continued and set for a status hearing on October 25, 2021.

    It is further stipulated by and between counsel for the United States and counsel for Defendant John Porter, that time be excluded under the Speedy Trial Act from September 14, 2021 through October 25, 2021. The defendant waives the time for a preliminary hearing on the Complaint under Rule 5.1 of the Federal Rules of Criminal Procedure through October 25, 2021. Pursuant to stipulation, the Court previously waived time for the preliminary hearing and excluded time under the Speedy Trial Act through and including September 14, 2021.

1  The parties stipulate that excluding time from September 14, 2021 through October 25, 2021, will allow for the effective preparation of counsel and is appropriate based on the complexity of the case, which involves hundreds of thousands of pages of documents, and the amount of time necessary to return and file an indictment within the time specified by 18 U.S.C. § 3161(b).  *See* 18 U.S.C. §§ 3161(h)(7)(B)(ii), 3161(h)(7)(B)(iii), 3161(h)(7)(B)(iv); *see also United States v. Pete*, 525 F.3d 844, 852-53 (9th Cir. 2008) ("the STA makes no distinction regarding the applicability of the exclusions under § 3161(h)(1) to the pre-indictment period (governed by § 3161(b)) and the pretrial period (governed by §§ 3161(c) and (e))."); *United States v. Murray*, 771 F.2d 1324, 1328 (9th Cir. 1985) ("In cases of relative complexity, with multiple defendants and ongoing investigations such as here, it may be quite unreasonable to expect the preparation and return of an indictment within thirty days… In the case at bar, efficiency and economy were definitely served by the sixty day extension.").

The parties further stipulate that the ends of justice served by excluding the time from September 14, 2021 through October 25, 2021, from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. §§ 3161(h)(7)(A), (B)(ii), (iii), (iv).

SO STIPULATED.

DATED: September 10, 2021

/s/
SCOTT D. JOINER
Assistant United States Attorney

DATED: September 10, 2021

/s/
ROBB ADKINS
Counsel for Defendant John Porter

**[PROPOSED] ORDER**

Pursuant to stipulation, the appearance currently set for September 14, 2021, is HEREBY CONTINUED to a status hearing on October 25, 2021.

Based upon the facts set forth in the stipulation of the parties and for good cause shown, the Court finds that failing to exclude the time from September 14, 2021 through October 25, 2021, would unreasonably deny defense counsel and the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  18 U.S.C. § 3161(h)(7)(B)(iv).  The Court also finds that excluding the time from September 14, 2021 through October 25, 2021, is appropriate in light of the complex nature of the case and amount of time necessary to return and file an indictment under the circumstances – including the limitations imposed by the current pandemic – within the time specified by 18 U.S.C. § 3161(b).  *See* 18 U.S.C. §§ 3161(h)(7)(B)(ii), 3161(h)(7)(B)(iii); *see also United States v. Pete*, 525 F.3d 844, 852-53 (9th Cir. 2008) ("the STA makes no distinction regarding the applicability of the exclusions under § 3161(h)(1) to the pre-indictment period (governed by § 3161(b)) and the pretrial period (governed by §§ 3161(c) and (e))."); *United States v. Murray*, 771 F.2d 1324, 1328 (9th Cir. 1985) ("In cases of relative complexity, with multiple defendant and ongoing investigations such as here, it may be quite unreasonable to expect the preparation and return of an indictment within thirty days… In the case at bar, efficiency and economy were definitely served by the sixty day extension.").

The Court further finds that the ends of justice served by excluding the time from September 14, 2021 through October 25, 2021, from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial.  Therefore, and with the consent of the parties, IT IS HEREBY ORDERED that the time from September 14, 2021 through October 25, 2021, shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. §§ 3161(h)(7)(A), (B)(ii), (iii), (iv). The Court also orders that the time for a preliminary hearing be extended under Rule 5.1 of the Federal Rules of Criminal Procedure and the time within which to conduct a preliminary hearing is waived with

/ /

/ /

/ /

the consent of the defendant through October 25, 2021.

    IT IS SO ORDERED.

DATED: _____            _____
HON. SALLIE KIM
U.S. MAGISTRATE JUDGE