AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
                                   ☐ SUPERSEDING

---
**OFFENSE CHARGED**

Count One: 18 U.S.C. § 371
Count Two: 18 U.S.C. § 666(a)(2)

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   Ct: 1: 5 years of imprisonment; $250,000 fine or twice the gross
gain or loss; 3 years of supervised release; restitution; forfeiture;
$100 special assessment; Ct. 2: 10 years of imprisonment; $250,000
fine or twice the gross gain or loss; 3 years of supervised release;
restitution; forfeiture; $100 special assessment

---
**Name of District Court, and/or Judge/Magistrate Location**

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

---
**DEFENDANT - U.S**

▶ JOHN FRANCIS PORTER

DISTRICT COURT NUMBER

CR 22 0270   CRB

---
**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court,
give name of court

☐ this person/proceeding is transferred from another district
per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on motion
of:
   ☐ U.S. ATTORNEY   ☐ DEFENSE

☐ this prosecution relates to a
pending case involving this same
defendant

☒ prior proceedings or appearance(s)
before U.S. Magistrate regarding this
defendant were recorded under

} SHOW
DOCKET NO.

} MAGISTRATE
CASE NO.

21-mj-70609

Name and Office of Person
Furnishing Information on this form    STEPHANIE M. HINDS

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    Alexandra Shepard

---
**DEFENDANT**

**IS NOT IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding.
   If not detained give date any prior
   summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☒ Is on Bail or Release from (show District)

Northern District of California

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

Has detainer   ☐ Yes    If "Yes"
been filed?    ☐ No      give date
                         filed

**DATE OF
ARREST** ▶    Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED
TO U.S. CUSTODY** ▶    Month/Day/Year

FILED

JUL 21 2022

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

☐ This report amends AO 257 previously submitted

---
## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS   ☒ NO PROCESS*   ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment

Date/Time:          Before Judge:

Comments:

# United States District Court

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

VENUE:  SAN FRANCISCO

**FILED**

JUL 21 2022 

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

V.

JOHN FRANCIS PORTER

*CRB*

CR 22 0270

DEFENDANT(S).

# INDICTMENT

18 U.S.C. § 371 – Conspiracy to Commit Bribery of a Local Official
18 U.S.C. §§ 666(a)(2) and 2 – Bribery of a Local Official
18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture Allegations

A true bill.

_____
Foreman

Filed in open court this ____21th____ day of

July, 2022

_____
Clerk
7/21/22

Bail, $ NO PROCESS

_____
Donna M. Ryu, U.S. Magistrate Judge

STEPHANIE M. HINDS (CABN 154284)
United States Attorney

**F I L E D**

JUL 21 2022

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. **CR 22 0270** |
| Plaintiff, | VIOLATIONS: |
| v. | 18 U.S.C. § 371 – Conspiracy to Commit Bribery of a Local Official |
| JOHN FRANCIS PORTER, | 18 U.S.C. §§ 666(a)(2) and 2 – Bribery of a Local Official |
| Defendant. | 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture Allegations |
| | SAN FRANCISCO VENUE |

INDICTMENT

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

1.      Recology Inc. is a waste management company responsible for solid waste collection services for the City and County of San Francisco, through the three subsidiary companies comprising its San Francisco Group. The San Francisco Group subsidiary companies are collectively referred to hereafter as "Recology."

2.      From in or about January 2018 through in or about January 2021, defendant JOHN FRANCIS PORTER ("PORTER") was the Vice President and Group Manager for Recology. Prior to

INDICTMENT                                                   1

1   that time, from approximately January 2015 through approximately December 2017, PORTER was

2   Recology's Controller. From approximately June 2013 to approximately January 2015, PORTER was

3   Assistant Controller for Recology's corporate parent, Recology Inc. PORTER is a licensed Certified

4   Professional Accountant.

5         3.     At all times material to this Indictment, Paul Frederick Giusti ("Giusti") was Group

6   Government and Community Relations Manager for Recology. In this role, Giusti served as Recology's

7   liaison to elected officials and departments of the City and County of San Francisco, as well as to

8   community organizations. Between approximately January 2018 and approximately June 2020,

9   PORTER directly supervised Giusti.

10        4.     At all times material to this Indictment, Mohammed Nuru ("Nuru") was the Director of

11   San Francisco Public Works, also known as the Department of Public Works ("DPW") of the City and

12   County of San Francisco (the "City"). As Director of DPW, Nuru was a powerful public official who

13   had great influence over City business, including the City's relationship with Recology. Nuru presided

14   over the process that governed the rates that Recology could charge in San Francisco for its residential

15   solid waste collection services and was responsible for making a recommendation as to whether any rate

16   increase for Recology should be approved. Nuru was also in a position to influence the rates, known as

17   tipping fees, that Recology charged DPW when DPW dumped materials at a Recology facility. Nuru

18   could also approve, deny, or otherwise affect operational changes requested by Recology that would

19   affect Recology's business.

20                                 THE CONSPIRACY

21        5.     Beginning no later than in or about 2014 and continuing until in or about January 2020,

22   Giusti and others entered into a conspiracy to bribe Nuru. PORTER joined this conspiracy no later than

23   in or about May 2015.

24        6.     In his capacity as Group Government and Community Relations Manager, Giusti first

25   reported to Recology Executive 1, the Vice President and General Manager of Recology's San Francisco

26   Group, and then to PORTER, who replaced Executive 1 as the Vice President and General Manager of

27   Recology's San Francisco Group in or about January 2018.

28        7.     In furtherance of the conspiracy and with the knowledge and approval of his supervisors,

between in or about 2014 and continuing through in or about January 2020, Giusti helped direct a stream of benefits from Recology to Nuru or his designees, including financial contributions to organizations at Nuru's direction; services; gifts; and other things of value.  The purpose of this stream of payments and benefits was to influence Nuru to act in Recology's favor as opportunities arose, and to have Nuru take official action and exercise official influence in Recology's favor in exchange for such payments and benefits.

8. Between 2018 and 2020, PORTER, in his role as Vice President and Group Manager of Recology's San Francisco Group, approved many of these payments.  The payments and benefits that Recology paid or provided to Nuru, included, but were not limited to, the following: (1) approximately $150,000 per year, in $30,000 installments, from in or around 2014 through approximately the end of 2019, to San Francisco Non-Profit A, with the knowledge that Nuru could ultimately control how this money was used; (2) $60,000 in funding for the annual DPW holiday party in the period from 2016 to 2019, in the form of purported "holiday donations" to the Lefty O'Doul's Foundation for Kids; (3) a job for Nuru's son at Recology; and (4) Recology-funded internships for Nuru's son, in the summer of 2017 and summer of 2018, at another San Francisco non-profit on whose board Giusti served.  Recology also regularly paid for Nuru's meals, including breakfast meetings between Nuru, other DPW employees, and various Recology executives, including PORTER.

9. PORTER learned of the existence of and agreed to join the conspiracy to bribe Nuru no later than in or around May 2015.  In or around February 2015, a question surrounding the amount and source of funds donated to Non-Profit A was elevated to PORTER.  PORTER was instructed to speak to Giusti about Non-Profit A.  In or about the spring of 2015, Recology began to prepare an application for a rate increase, a process in which PORTER was heavily involved as Controller.  On or about May 20, 2015, Non-Profit A's Executive Director notified Giusti by email that Non-Profit A did not receive the expected donation from Recology for May.  Giusti informed PORTER that Nuru was not happy about this missed donation.  PORTER responded that he and Giusti should meet to discuss politically-sensitive payments that Recology made on a recurring basis to ensure that those payments were made regularly.  PORTER then prepared and signed a check request form for a $30,000 payment to Non-Profit A, which he sought to be disbursed as soon as possible.  At least one purpose of this payment was to influence

1 Nuru's actions in connection with Recology's planned rate increase application.  Recology ultimately

2 issued the check to Non-Profit A on May 20, 2015.  PORTER then forwarded Giusti's email about his

3 encounter with Nuru to the Assistant Corporate Controller of Recology's parent company, stating that

4 Nuru approved Recology's rates and that "keeping [Nuru] happy is important."

5       10.    In or about June 2018, Recology attempted, unsuccessfully, to raise the tipping fees that

6 it charged the City of San Francisco for the dumping of certain materials at a Recology facility.

7 Throughout the summer and fall of 2018, PORTER sought Nuru's assistance with Recology's efforts to

8 implement the tipping fee increase.  To facilitate that effort, PORTER and one of his direct reports, San

9 Francisco Group General Manager A, enlisted the help of Giusti.

10       11.    In or about November 2018, Giusti agreed with Nuru, with the knowledge and approval

11 of PORTER, that Recology would give $20,000 to Nuru for Nuru's use in funding DPW's annual

12 holiday party.  At least one purpose of this payment was to influence Nuru's actions in connection with

13 the tipping fee increase sought by Recology.  Giusti arranged, at Nuru's direction and with the written

14 approval of PORTER, for Recology to issue a $20,000 check for a "holiday donation" to the Lefty

15 O'Doul's Foundation for Kids, a non-profit organization that purported to serve underprivileged

16 children.  After Recology issued the check, Giusti mailed the check to Nuru at Nuru's direction and

17 Nuru gave the check to Nick Bovis, the head of the Lefty O'Doul's Foundation.  Nick Bovis used the

18 money to pay for expenses associated with Nuru's DPW holiday party, and not for underprivileged

19 children.

20 COUNT ONE:     (18 U.S.C. § 371 – Conspiracy to Commit Bribery of a Local Official)

21       12.    Paragraphs 1 through 11 of this Indictment are re-alleged and incorporated as if fully set

22 forth herein.

23       13.    Beginning no later than in or about May 2015, and continuing through in or about

24 January 2020, in the Northern District of California and elsewhere, the defendant,

25                 JOHN FRANCIS PORTER,

26 did knowingly conspire and agree with Paul Frederick Giusti and others, known and unknown to the

27 grand jury, to commit bribery of a local official, that is, corruptly giving, offering, and agreeing to give

28 things of value, namely, payments and benefits to Mohammed Nuru or his designees, with the intent to

1  influence Nuru to use his power and perform official acts to benefit Recology's business as

2  opportunities arose, in violation of 18 U.S.C. § 666.

3                                              OVERT ACTS

4          The defendant PORTER, Giusti, and others committed the following overt acts in furtherance of

5  the conspiracy, among others:

6          a.   In or about June 2018, Recology requested an increase in the tipping fees that it charged

7               the City of San Francisco for the dumping of certain materials at a Recology facility.

8               Throughout the summer and fall of 2018, PORTER sought Nuru's assistance with

9               Recology's efforts to implement a tipping fee increase.  To facilitate that effort, PORTER

10              and one of his direct reports, San Francisco Group General Manager A, enlisted the help

11              of Giusti.

12         b.   Giusti and PORTER caused Recology to issue a $20,000 check for a "holiday donation"

13              to the Lefty O'Doul's Foundation for Kids, a non-profit organization that purported to

14              serve underprivileged children.

15         c.   After Recology issued the check, Giusti mailed the check to Nuru at Nuru's direction.

16         All in violation of Title 18, United States Code, Section 371.

17  COUNT TWO:          (18 U.S.C. §§ 666(a)(2) and 2 – Bribery of a Local Official)

18         14.   Paragraphs 1 through 13 of this Indictment are re-alleged and incorporated as if fully set

19  forth herein.

20         15.   At all times material to this Indictment, the Department of Public Works of the City and

21  County of San Francisco was an agency of a local government that received federal assistance in excess

22  of $10,000 during the one-year period beginning on or about November 27, 2017, and ending on or

23  about November 27, 2018.

24         16.   At all times material to this Indictment, Mohammed Nuru was an agent of the

25  Department of Public Works as its Director, whose duties as the highest-ranking appointed official at the

26  agency included reviewing Recology's applications for rate increases, accepting and rejecting

27  modifications to rate increase applications, and making a final recommendation to the Rate Board on

28  Recology's requested rate increases.

INDICTMENT                                          5

1    17.    On or about November 27, 2018, in the Northern District of California, the defendant,

2                               JOHN FRANCIS PORTER,

3    did corruptly give, offer, and agree to give a thing of value to any person intending to influence and

4    reward an agent of the Department of Public Works of the City and County of San Francisco, namely,

5    Mohammed Nuru, in connection with a transaction and series of transactions of the Department of

6    Public Works involving $5,000 or more, and did aid and abet the same offense.  Specifically, on or

7    about November 27, 2018, PORTER approved a payment of $20,000 to the Lefty O'Doul's Foundation

8    for Kids that was intended to fund the Department of Public Works' annual holiday party as an illegal

9    gift to Mohammed Nuru in order to induce his official actions on Recology's behalf.

10          All in violation of Title 18, United States Code, Sections 666(a)(2) and 2.

11   FORFEITURE ALLEGATIONS:      (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

12          18.    The allegations contained in this Indictment are re-alleged and incorporated by reference

13   for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and

14   Title 28, United States Code, Section 2461(c).

15          19.    Upon conviction for any of the offenses set forth in this Indictment, the defendant,

16                               JOHN FRANCIS PORTER,

17   shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and

18   Title 28, United States Code, Section 2461(c), all property, real or personal, constituting, or derived

19   from proceeds the defendant obtained directly and indirectly, as the result of those violations, including

20   but not limited to a forfeiture money judgment.

21          20.    If any of the property described above, as a result of any act or omission of the defendant:

22                 a.    cannot be located upon exercise of due diligence;

23                 b.    has been transferred or sold to, or deposited with, a third party;

24                 c.    has been placed beyond the jurisdiction of the court;

25                 d.    has been substantially diminished in value; or

26                 e.    has been commingled with other property which cannot be divided

27                       without difficulty,

28   the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21,

INDICTMENT                            6

United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1)

and Title 28, United States Code, Section 2461(c).

       All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and (b)(1); Title 28, United

States Code, Section 2461(c); and Federal Rule of Criminal Procedure 32.2.

DATED: 7/21/22

A TRUE BILL.

FOREPERSON

STEPHANIE M. HINDS
United States Attorney

/S/ *Alexandra Shepard*

ALEXANDRA SHEPARD
KATHERINE M. LLOYD-LOVETT
Assistant United States Attorneys

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

**FILED**

JUL 21 2022

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## CRIMINAL COVER SHEET

**Instructions:** *Effective November 1, 2016, this Criminal Cover Sheet must be completed and submitted, along with the Defendant Information Form, for each new criminal case.*

CRB

CASE NAME:
**USA V. JOHN FRANCIS PORTER**

CASE NUMBER: **CR 22 0270**

| | | | |
|---|---|---|---|
| This Case Under Seal? | Yes | No ✓ | |
| Total Number of Defendants: | 1 ✓ | 2-7 | 8 or more |
| Does this case involve ONLY charges under 8 U.S.C. § 1325 and/or 1326? | Yes | No ✓ | |
| Venue (Per Crim. L.R. 18-1): | SF ✓ | OAK | SJ |
| Is this a potential high-cost case? | Yes | No ✓ | |
| Is any defendant charged with a death-penalty-eligible crime? | Yes | No ✓ | |
| Is this a RICO Act gang case? | Yes | No ✓ | |

**Assigned AUSA (Lead Attorney):** Alexandra Shepard

**Date Submitted:** 07/21/2022

Comments:

RESET FORM    SAVE PDF

Form CAND-CRIM-COVER (Rev. 11/16)