Robb C. Adkins (SBA 194576)
BAKER & HOSTETLER LLP
Transamerica Pyramid Center
600 Montgomery Street, Suite 3100
San Francisco, CA 94111
Telephone:  415.659.2600
Facsimile:   415.659.2601
Email: radkins@bakerlaw.co

*Attorneys for Defendant JOHN FRANCIS PORTER*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No: 22-CR-00270-WHO |
| Plaintiff, | |
| v. | Hearing Date: Sept. 15, 2022 |
| JOHN FRANCIS PORTER, | |
| Defendant. | |

**<u>JOINT STATUS CONFERENCE STATEMENT</u>**

The parties submit this joint status conference statement in advance of the status conference to be held on Thursday, September 15, 2022, at 1:30 pm and pursuant to the Court's directive during the status conference held on Thursday, September 8, 2022.  *See* Criminal Minutes (ECF No. 52).  During the September 8 hearing, the Court directed the parties to meet and confer no later than September 13 to discuss discovery, the Speedy Trial Act, and trial schedule.  The parties met and conferred on September 12, 2022, and provide this joint status conference statement in accordance with the Court's order.

**I.   Case Status**

On April 13, 2021, the government filed a criminal complaint against defendant.  (ECF No. 1.)  In its complaint, the government charged defendant with one count of Bribery of a Local

Official under 18 U.S.C. § 666(a)(2), and one count of Concealment of Money Laundering under 18 U.S.C. § 1956(a)(1)(B)(i).  On July 21, 2022, the government filed an indictment against defendant.  (ECF No. 40.)  In its indictment, the government charged defendant with one count of Bribery of a Local Official under 18 U.S.C. § 666(a)(2), and one count of Conspiracy under 18 U.S.C. § 371.

## II. Discovery Issues

In May 2022, prior to indictment in this case, the government produced its first tranche of discovery, a set of core documents including interview reports, documents, and line sheets of intercepted telephone communications related to Recology.

On August 12, 2022, defendant sent the government a letter requesting that the government provide discovery in response to defendant's twenty-five discovery requests, in accordance with Rule 16 of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, including *United States v. Agurs*, 427 U.S. 97 (1976), *Giglio v. United States*, 405 U.S. 150 (1972), *Jencks v. United States*, 353 U.S. 657 (1957), and the Fifth and Sixth Amendments to the United States Constitution (see Attachment 1).  Defendant's letter asked the government to identify any specific requests with which it would not comply and to state its basis for non-compliance to allow time for defendant to respond to the government's position and, if necessary, raise specific discovery issues to the Court.

On the same date, Counsel for the government advised defendant via email that discovery was voluminous and that the government was in the process of preparing tranches of discovery. On August 24, 2022, defendant sent another letter to the government reiterating his request (See Attachment 2).  On that date, counsel for the government provided defendant with a preliminary schedule for the anticipated first production, stating that production was expected to begin later

that week or early the following week; on August 31, the government provided an update on the timing of that production. On September 2, 2022, the parties met and conferred by telephone regarding the status of discovery and the general categories of documents the government anticipated producing.

On September 6, 2022, the government produced approximately 5000 pages of discovery, comprising business records produced by a party pursuant to a subpoena.

Following the Court's directive from the September 8 status conference, the parties met and conferred on September 12, 2022 regarding the discovery, Speedy Trial Act, and trial scheduling. The parties were able to resolve a large portion of the discovery issues raised in defendant's letter. With respect to Request Nos. 1–8, 10–11, and 13–25 in Attachment 1, the government stated that it would produce all responsive documents if they exist and are in the government's possession as required by Rule 16, *Brady*, *Giglio*, and *Jencks*. In certain requests, such as Request No. 9, defendant's discovery requests include the request that the government produce documents from the files of any state, or local agencies, or legislative body, that has provided assistance to the prosecution or concurrently investigated the matters at issue in this proceeding. The prosecution did not agree that it had an obligation to obtain documents from separate investigations by state, or local agencies, or legislative bodies. The government and the defendant have agreed to confer further on this issue.

To date, the government has produced approximately 1.5 million pages of discovery, and will continue to produce discovery as expeditiously as possible. The government expects to produce the bulk of its Rule 16 discovery by October 30, 2022.

### III. Speedy Trial Act

This matter was assigned to Judge Charles Breyer following indictment. On July 25, 2022, the government filed a Notice of Related Case in a Criminal Action. (ECF No. 42). The

post-indictment arraignment in this matter was held on July 28, 2022. During the arraignment, the government advised the Court that it had filed a notice to relate the case to others pending before this Court. The government and defendant agreed to exclude time from the arraignment until the first District Court appearance, which was set at that time for August 8, 2022 before Judge Breyer.

This matter was subsequently reassigned to this Court on August 4, 2022 and this Court then re-set the status conference for September 8, 2022. (ECF No. 48–49.) On August 5, 2022, the government emailed a member of the defense team and asked whether defendant was willing to stipulate to an exclusion of time through September 8, 2022. The defense team member did not respond and the government did not follow up.

The government's position is that the time from August 8, 2022 to the initial District Court appearance on September 8, 2022 should be excluded from the Speedy Trial Act calculation. The first appearance before this Court was set by the Court and continued from the August 8 hearing date, without input from the parties. The time from August 8 to the continued hearing date of September 8 should be excluded from the STA based on the complexity of the case and in the interests of justice.

Without any exclusions other than the already agreed-upon exclusion from arraignment to August 8, 2022, the Speedy Trial Act would require a trial on or before October 20, 2022.

**IV.    Proposed Trial Schedule**

      **A. Government's Position**

This is a complex conspiracy case with voluminous discovery. The government also anticipates seeking a superseding indictment, although the government does not expect that the new charge will lead to any additional discovery beyond what has already been produced or already discussed with counsel. The government anticipates that its case will take approximately

one and a half to two weeks. In order to allow the parties to effectively prepare for trial in light of the substantial discovery, the government would propose a trial date in the first quarter of 2023.

### B. Defendant's Position

Defendant has a very strong desire to exercise his right to a speedy trial and does not intend to waive time or his right to a trial as soon as possible. As mentioned at the September 8 status conference, Mr. Porter has long suffered from diagnosed anxiety, for which he receives prescribed medication, and the past 17 months have been extremely difficult for him. That said, Mr. Porter does want to be considerate of the Court's schedule and to extend professional courtesy to opposing counsel. Moreover, as stated during the September 8 status conference, defendant anticipates filing pretrial motions and motions in limine, and would of course exclude time from the filing of those motions through the decision of the Court on those motions. The defendant estimates that the trial will last less than two weeks. As defense counsel has conveyed to the government, the defendant is willing to enter stipulations to streamline the trial, and expects that the trial estimate could be shortened considerably as a result.

Given the Speedy Trial Act calculations described above, and excluding reasonable time for filings of pretrial motions and motions in limine, defendant estimates that the Speedy Trial Act would result in a trial at the earliest some time in November. At the September 8 conference, the Court advised the parties that it has a civil trial that begins in early November and that it may extend into mid-December. Accordingly, defendant requests that his trial trail the civil trial and commence immediately after the Court's other trial concludes. Defendant is aware of the impending holidays at the end of December, and the possible imposition that this might impose on the Court and the jury. But defendant strongly desires to have his trial as soon as possible for the reasons described above. If the Court would be amenable, defendant will submit a proposed

trial scheduling order that defendant believes could allow for the motions and trial date described above, for the Court's consideration.

Dated: September 14, 2022

By: /s/ Robb C. Adkins
Baker & Hostetler LLP
600 Montgomery Street
Suite 3100
San Francisco, CA 94111
Telephone: (415) 659-2600
Facsimile: (415) 659-2601
Robb C. Adkins
radkins@bakerlaw.com
Chardaie C. Charlemagne
ccharlemagne@bakerlaw.com
*Attorneys for Defendant John Francis Porter*

By: */s/ Alexandra Shepard*
United States Attorney's Office

Alexandra Shepard
David J. Ward
450 Golden Gate Ave., 11th Floor
San Francisco, CA 94102
Telephone: (415) 436-7200
david.ward@usdoj.gov
alexandra.shepard@usdoj.gov

*Attorneys for United States of America*