# ATTACHMENT 1

# BakerHostetler

**Baker&Hostetler LLP**

Transamerica Pyramid Center
600 Montgomery Street, Suite 3100
San Francisco, CA  94111-2806

T  415.659.2600
F  415.659.2601
www.bakerlaw.com

August 12, 2022

Robb C. Adkins
direct dial: 415.659.2650
radkins@bakerlaw.com

**CONFIDENTIAL TREATMENT REQUESTED UNDER FOIA**

**VIA E-MAIL (ALEXANDRA.SHEPHARD@USDOJ.GOV)**

Alexandra Shepard
Katherine Lloyd-Lovett
United States Attorney's Office
Northern District of California
450 Golden Gate Ave., 11th Floor
San Francisco, CA 94102

*Re:     United States v. Porter, 3:22-cr-00270-CRB – Discovery Production*

Dear Ms. Shepard:

We write on behalf of our client, John Francis Porter ("Defendant"), and request that you agree to an "open file" approach to discovery in this case, including the prompt production of all interview memoranda.  In the event that you do not elect to follow an "open file" approach, Defendant formally requests that you provide discovery as set forth herein pursuant to Rule 16 of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, including *United States v. Agurs*, 427 U.S. 97 (1976), *Giglio v. United States*, 405 U.S. 150 (1972), *Jencks v. United States,* 353 U.S. 657 (1957), and the Fifth and Sixth Amendments to the United States Constitution.

We hope to resolve as many discovery matters as possible without Court intervention. Therefore, we request that you notify us immediately whether you will adopt an "open file" approach to discovery.  We also request that you affirm that you have complied with each of these specific requests, and identify any specific requests with which you will not comply and state your basis for non-compliance by August 22, 2022, to allow time for us to respond to your position and, if necessary, raise specific discovery issues at the status conference scheduled for September 8, 2022.

*Atlanta     Chicago     Cincinnati     Cleveland     Columbus     Costa Mesa     Dallas     Denver     Houston*
*Los Angeles     New York     Orlando     Philadelphia     San Francisco     Seattle     Washington, DC     Wilmington*

Alexandra Shepard
Katherine Lloyd-Lovett
August 12, 2022
Page 2

### Instructions and Definitions

1.      With respect to requests for materials that you are not immediately producing, please indicate whether you intend to comply with the request and when the materials will be produced.  If you decline to provide any of the information requested, please identify the specific request and advise us of your objection so that we can consider bringing any dispute to the attention of the Court.

2.      Each of the requests below seeks any documents or information in the government's possession, custody, or control, or which is known, or could, by the exercise of diligent, good faith effort, become known to the government.  Throughout this letter, the "Government" is not limited to the U.S. Attorney's Office in the Northern District of California (your "Office"), and includes all documents or information in the possession, custody, or control of any other federal, state, or local agencies, or legislative body, that have provided assistance to your Office or concurrently investigated the matters at issue in this proceeding.  To be clear, these requests specifically ask that you review investigative files or materials from all federal, state, or local agencies that have provided assistance to your Office including, but not limited to, the Federal Bureau of Investigation ("FBI"), Internal Revenue Service ("IRS"), City of San Francisco, Department of Public Works ("DPW"), and/or any cooperator, confidential sources, and undercover agents, and imposes a preservation obligation on your Office as to all responsive materials in the possession of all federal, state, or local agencies, and/or cooperators, confidential sources, and undercover agents, including those implicated by *Brady* and its progeny.

3.      With respect to documents, recordings, objects, or physical evidence relating to the allegations underlying the criminal indictment that are in the possession, custody, or control of other federal, state, or local agencies, or legislative body, and that you do not intend to review, preserve, and produce, please provide a detailed description of each so that we can consider bringing any dispute to the attention of the Court.

4.      With respect to documents, recordings, objects, or physical evidence relating to the allegations underlying the criminal indictment that have been destroyed or lost, or are not in the possession, custody, or control of the Government, please provide a detailed description of each.  If the Government contemplates destroying or releasing any such items in the future, we request notice and an opportunity to object prior to any such action.

5.      "Documents" shall be construed to include any materials, whether in hard copy or electronic form, including writings, books, papers, memoranda, reports, drawings, graphs, charts, photographs, telephone records, communications, electronic mail, text, data, or any data compilations from which information can be obtained, translated, if necessary, into reasonably usable form, or any portion thereof.  This definition includes all notes, drafts, and copies.

Alexandra Shepard
Katherine Lloyd-Lovett
August 12, 2022
Page 3

## **Requests**

1.      Any written or recorded statements made by Defendant, at any time and in any context, regardless of the prosecution's intentions with respect to their use at trial. *See* Fed. R. Crim. P. 16(a)(1)(B). This request includes, without limitation:

   a.   All written or recorded statements of witnesses that purport to reflect, relate, or incorporate any relevant statements made by Defendant.

   b.   All other documents that purport to reflect, relate, or incorporate any relevant statements made by Defendant.

2.      All documents or written records containing the substance of any relevant oral statement made by Defendant, in response to interrogation by any person then known to such Defendant to be a Government agent regardless of the Government's intentions with respect to their use at trial.  *See* Fed. R. Crim. P. 16(a)(1)(A).  This request includes without limitation all documents, including notes, prepared by any FBI or IRS employee or agent that contain the substance of any relevant statements by Defendant.

3.      The criminal record, if any, of Defendant, including records of federal, state, local and international jurisdictions.  *See* Fed. R. Crim. P. 16(a)(1)(D).

4.      All documents that were obtained from or belong to Defendant, including any information relating to electronic accounts (*e.g.,* email, telephone, and other electronic communication methods) held by Defendant, and a description of all tangible objects, buildings, or places material to the preparation of the defense, intended to be used at trial or obtained from or belonging to Defendant.  *See* Fed. R. Crim. P. 16(a)(1)(E).

5.      All documents that you intend to use at trial as evidence in your case in chief.  *See* Fed. R. Crim. P. 16(a)(1)(E)(ii).  We request that any items in this category be specifically identified from among the materials that must be produced pursuant to Defendant's Rule 16 requests, both to enable Defendant to prepare effectively for trial and to afford Defendant an opportunity to move to suppress any evidence you intend to use in your case in chief.  *See* Fed. R. Crim. P. 12(b)(3) and 12(d).

6.      A written summary of any testimony that you intend to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during your case in chief.  *See* Fed. R. Crim. P. 16(a)(1)(G).

Alexandra Shepard
Katherine Lloyd-Lovett
August 12, 2022
Page 4

7.      All documents in the possession of the Government obtained from third parties, including all documents produced voluntarily or produced in response to subpoenas served on Recology, Inc., Department of Public Works, or another producing party.

8.      All materials and information obtained from any person regarding any individual that the Government contends was a co-conspirator or otherwise involved in the conspiracy and bribery identified in Counts One and Two of the criminal indictment. This request specifically includes all documents from any computer, cellphone, or data storage device assigned to or used or owned by any such individual or co-conspirator, including but not limited to any information obtained by a past or present employer of such an individual or co-conspirator.

9.      An index of all materials that have been produced that your Office received from any federal, state, or local agencies, or legislative body's investigation.

10.     All documents necessary for Defendant to identify with sufficient particularity the nature of the allegations to prepare for trial and prevent surprise, *see* Fed. R. Crim. P. 7(f), including but not limited to:

    a.  The amount, timing, and account information relating to any bribes that the prosecution contends were provided by Defendant in connection with the offenses alleged in the criminal indictment.

    b.  Any financial, reputational, social, or other benefit that the prosecution contends was received by Defendant, local officials, Mohammed Nuru or any other individuals that the prosecution contends participated in the offenses.

    c.  Any documents indicating intent by the Defendant to influence or reward Nuru in exchange for a breach of duty or in exchange for a bribe.

11.     All documents that (i) are material to the preparation of the defense, (ii) are material to the elements of the crimes alleged in the criminal indictment, or (iii) will play a significant role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, and assisting impeachment and rebuttal by Defendant, including, but not limited to:

    a.  All documents relating to the allegations in or underlying the criminal indictment obtained by the Government (which includes any federal, state, or local enforcement, regulatory or self-regulatory agency) concerning any of the following individuals, or received from any of the following individuals or their legal representatives:

        i.  Mohammed Nuru

Alexandra Shepard
Katherine Lloyd-Lovett
August 12, 2022
Page 5

      ii.  Paul Giusti

     iii.  Darlene Frohm

     iv.  Maurice Quillen

      v.  Mark Arsenault

     vi.  Nick Bovis

    vii.  Any individual involved in the allegations alleged in the criminal indictment.

   viii.  Any individual who was interviewed by the Government, or gave testimony at the request of the Government or otherwise.

b.  All documents concerning the DPW holiday parties, including the costs for the holiday party per year, and funding for such parties by Recology through donations to Lefty O'Doul's Foundation for Kids and other contributors.

c.  All documents concerning knowledge by Defendant that charitable donations to the Lefty O'Doul's Foundation for Kids used to fund the DPW holiday party were improper or for the purpose of inducing Mohammed Nuru to violate a public duty or obligation.

d.  All documents concerning knowledge by Defendant that an increase in charitable donations to the Lefty O'Doul's Foundation for Kids to be used for the DPW holiday party were improper or for the purpose of inducing Mohammed Nuru to violate a public duty or obligation.

e.  All documents concerning any alleged intent by Defendant to improperly influence or reward Mohammed Nuru or an expectation by Defendant that Nuru would provide a price increase on the tipping fees Recology charged the City in exchange for an increase in Recology's contribution to the DPW holiday party.

f.  All records of any telephone calls, voicemails, text messages, and/or other electronic communications referenced in the criminal indictment or concerning the allegations and events that are the subject of the criminal indictment.

g.  All recordings of conversations involving Defendant.

Alexandra Shepard
Katherine Lloyd-Lovett
August 12, 2022
Page 6

    h.   All documents concerning the 2017 rate increase application and Defendant's role in the rate increase application.

    i.   All documents concerning Recology's attempts to receive an increase in its tipping fees in 2018-2019.

    j.   All documents concerning monthly breakfasts at Stacks Restaurant and dinners at Harris' Restaurant which Defendant and Nuru attended, or any such meals that the Government contents Defendant had knowledge of.

    k.   All documents concerning Defendant's approval of payments to Lefty O'Doul's Foundation, as alleged in the criminal indictment.

    l.   All documents concerning Defendant's approval of Recology payments to non-profit-organizations for the benefit of Nuru, as alleged in the criminal indictment.

    m.   All documents concerning Recology's donations for Giant Sweep, as alleged in the criminal indictment.

    n.   All documents relating to "behested" or "friends-of" entities, instances of the use of such entities in connection with payments or services to San Francisco City agencies or City officials or employees, and the propriety or impropriety of making payments to such entities for the benefit of San Francisco City agencies or City officials or employees.

    o.   All documents concerning any discretionary account controlled by Nuru in connections with Clean City Coalition, and any documents concerning Defendant's knowledge of such discretionary account.

    p.   All e-mails, text messages, and/or other electronic communications obtained by the Government from any individual, company, entity, or law enforcement or governmental agency in connection with any investigation of Defendant and/or any alleged co-conspirator or individual alleged to be involved in the conspiracy and bribery identified in Counts One and Two of the criminal indictment.

    q.   All telephone and mobile phone records and bills obtained from or relating to any person you may call as a witness at trial.

    r.   All documents concerning any financial transactions referenced expressly or indirectly in the criminal indictment, including documents concerning all donations allegedly undertaken in an effort to bribe, influence, or reward Mohammed Nuru.

Alexandra Shepard
Katherine Lloyd-Lovett
August 12, 2022
Page 7

      s.   Any submission, statement, or complaint made to any other enforcement, regulatory, or self-regulatory agency, relating to any alleged bribe referenced by the criminal indictment.

      t.   All documents reflecting the amount of any alleged profits made or losses avoided from any alleged bribes by Defendant.

      u.   All other documents or information concerning the allegations and the events that are the subject of the criminal indictment.

12. A complete copy of any investigative file by federal, state, or local agencies, or legislative body, that have provided assistance to your Office or concurrently investigated the matters at issue in this proceeding, as well as a copy of any documents memorializing any conclusions reached by the federal, state, local agencies, or legislative body.

13. All documents obtained by the Government from any person whom you may call as a witness at trial or obtained by the Government from any past or present employer of such a witness, or from any professional or legal advisor to the witness.

14. With respect to any documents or materials requested in this letter, all subpoenas or formal or informal requests for documents made by the Government to any individual or entity for such documents, all documents concerning communications relating to such subpoenas or requests, and any written responses by the producing party, including but not limited to cover letters, indexes, inventories, and privilege logs. This information is critical to ensure that there is no ambiguity as to what has (or has not) been obtained by the Government and produced to the defense, so that meaningful Rule 17(c) subpoenas for additional material can be served.

15. All documents comprising or concerning presentations made to the Government by any individual or entity relating in any way to the investigation and allegations contained in the criminal indictment.

16. Pursuant to *Brady*, and its progeny, including *Agurs, Jencks*, and *Giglio*, Defendants request immediate disclosure of all documents and information (in whatever form) in the Government's possession, custody, or control that would tend to exculpate Defendant with respect to the counts in the criminal indictment, would be material to Defendant's defense, would tend to impeach the witnesses against the Defendant, or that are relevant to the issue of sentencing, including, but not limited to:

      a.   All documents and information indicating or tending to establish that any of the allegations in the criminal indictment are not true;

Alexandra Shepard
Katherine Lloyd-Lovett
August 12, 2022
Page 8

b.  All documents and information indicating or tending to establish that Defendant engaged in any conduct that forms the basis of the criminal indictment with the good faith belief that his conduct did not constitute a crime;

c.  All documents and information indicating or tending to establish that Defendant did not bribe Mohammed Nuru;

d.  All documents and information indicating or tending to establish that Defendant did not seek to influence or reward Nuru for an increase in Recology's tipping fee contract;

e.  All documents and information indicating or tending to establish that Defendant did not expect Nuru to provide preferential treatment in exchange for an increase in Recology's donations to the DPW holiday party;

f.  A copy of any exculpatory material or exculpatory statement contained in the investigative file of any other federal, state, or local agencies, or legislative body, that have provided assistance to your Office or concurrently investigated the matters at issue in this proceeding;

g.  All documents or information that may be used to impeach any potential prosecution witness, or any person whose statements will be introduced pursuant to Fed. R. Evid. 801(d)(2)(C), (D), or (E), including, but not limited to:

    i.  all documents or information (in whatever form) relating to any conviction, arrest, or criminal record of, and any criminal allegations brought against, any potential prosecution witness;

    ii.  all documents or information (in whatever form) relating to promises, consideration, or inducements made to any potential prosecution witness, whether directly to the witness or indirectly to the witness' attorney, friends, family, employer, or business associates. "Consideration" means anything of value or use, including immunity grants, whether formal or informal, witness fees, transportation assistance, money, or assurance, promises, or suggestions of favorable treatment with respect to any criminal, civil, or administrative matter, and specifically include any cooperation agreements with the any government or regulatory entity;

    iii.  each specific instance of conduct from which it could be inferred that any potential prosecution witness is untruthful; and

    iv.  FBI or personnel files for each potential prosecution witness.

Alexandra Shepard
Katherine Lloyd-Lovett
August 12, 2022
Page 9

17.     To the extent not requested above, all exculpatory or impeaching material in the
        Government's possession, custody or control, or otherwise known to the Government,
        including but not limited to exculpatory or impeaching material (i) memorialized in
        the transcripts of investigative or other depositions taken by the Government (which
        includes other federal, state, or local agencies, or legislative body); or (ii) set forth in
        notes or memoranda authored by the Government (which includes other federal, state,
        or local agencies, or legislative body). We request prompt production of this
        information because the information is necessary to: (i) allow counsel to prepare for
        trial; (ii) allow counsel to prepare for meaningful cross-examination of any witness
        who may testify on behalf of the prosecution; and (iii) enable the defense to
        determine what motions *in limine* are necessary.  This material includes, but is not
        limited to:

        a.   Any statement or document, including but not limited to testimony before any
             enforcement, regulatory, or self-regulatory agency, made or executed by any
             potential prosecution witness which the Government knows, or through
             reasonable diligence should have reason to know, is false.

        b.   Any statement by any potential prosecution witness, or any other individual or
             entity the prosecution contends was part of the conspiracy and bribery referenced
             in the criminal indictment, or any other person, that he or she is not aware of any
             wrongdoing by Defendant.

        c.   Any statement by any representative of any agency of the Government that
             indicates or suggests that any potential prosecution witness is untrustworthy or
             has been untruthful.

        d.   All documents concerning presentations or proffers made to the Government by
             counsel on behalf of any potential witness containing statements which may tend
             to exculpate Defendant or may tend to affect the weight or credibility of the
             evidence to be presented against him.

        e.   All documents concerning presentations or proffers made to the Government by
             counsel on behalf of any potential witness containing statements that are
             inconsistent with any other statement by that witness.

        f.   All documents, including but not limited to electronic communications, reflecting
             that the donations to Lefty O'Douls Foundation for Kids or breakfasts and/or
             dinners were based on some fact or circumstance other than to improperly
             influence Nuru.

        g.   All documents, including any statements by any individual or entity, or counsel
             on behalf of any individual or entity, tending to show that any individual the

Alexandra Shepard
Katherine Lloyd-Lovett
August 12, 2022
Page 10

prosecution contends was part of the conspiracy or bribery referenced in the criminal indictment, lacked knowledge or information regarding (i) the use of funds or donations to influence or reward Nuru or (ii) the circumstances surrounding such donations.

h.   Any statement by any individual or entity, or counsel on behalf of any individual or entity, indicating a belief that any donations approved by Defendant was either not improperly provided or was not provided to improperly influence or induce Nuru.

i.   Any and all threats or promises, express or implied, made to any potential witness for the prosecution, including without limitation statements concerning criminal prosecutions or civil regulatory actions, investigations, or proceedings pending or which could be brought against any such witness or against a family member, friend or entity with which such witness is associated. This request specifically seeks, but is not limited to oral or written statements made by an Assistant United States Attorney or other law enforcement official to any individual or his or her lawyer in connection with an interview or testimony of such individual, or a proffer given by the individual's attorney, concerning (i) whether an Assistant United States Attorney or other law enforcement official tended to doubt the individual's credibility or the statements he or she made during the interview, testimony, or at any other time; and/or (ii) that the individual might be subject to criminal, civil or regulatory charges, or immigration proceedings, for any reason.

j.   Any information that might potentially reflect or evidence any bias or hostility against Defendant by any potential witness for the prosecution.

k.   The names and addresses of all persons who the Government believes may have relevant knowledge and information with reference to the allegations contained in the criminal indictment but whom the prosecution does not propose to call as witnesses at trial, and any statements of such persons.

18.   As a predicate to motions pursuant to Fed. R. Crim. P. 12, please provide notice as to:

a.   Whether any evidence in the Government's possession, custody or control was obtained by a search and seizure, and a description of such evidence.  In addition, please provide details regarding any searches conducted in the course of this investigation and whether or not items seized in the search will be introduced by the prosecution as evidence at trial, including but not limited to the premises searched, the date of the search, and descriptions of any items seized.

Alexandra Shepard
Katherine Lloyd-Lovett
August 12, 2022
Page 11

      b.   Whether any evidence in the Government's possession, custody or control was obtained through any electronic or mechanical surveillance or recording, and a description of such evidence.

19.    Pursuant to the Fifth and Sixth Amendments of the United States Constitution, Fed. R. Crim. P. 16(a)(1)(D), and Fed. R. Evid. 404(b), disclosure of all evidence of, and putative witnesses to, other or similar crimes, wrongs or acts allegedly committed by Defendant, upon which the prosecution may rely at any point during the trial — whether during the prosecution's case in chief, the defense case, or the prosecution's rebuttal case.

20.    All results or reports of physical or mental examinations, scientific tests or experiments (or copies thereof) that were conducted in connection with any investigation of the allegations contained in the criminal indictment, including but not limited to:

      a.   All handwriting exemplars and samples, comparisons and opinions of handwriting experts, and all documents and reports that relate to such exemplars, samples, comparisons, or opinions.

      b.   All attempts at voice identification by whatever means, upon which the prosecution will rely, which are material to the defense of this case.

      c.   All psychological or other tests performed upon any potential prosecution witness, or any information regarding cognitive defects or diagnosed memory impairment of any potential prosecution witness, and all documents that refer or relate to such tests or information.

      d.   All polygraph examinations, psychological stress evaluations or any other procedures, devised to determine whether a subject is telling the truth or to refresh a witness' memory and all documents that refer or relate to such examinations.

21.    Pursuant to Fed. R. Evid. 104 and Defendants' rights to effective representation by counsel and a fair trial, disclosure of the following evidence, to the extent the prosecution intends to offer such evidence in its case in chief:

      a.   Any statement as to which Defendant manifested his adoption or belief in its truth. *See* Fed. R. Evid. 801(d)(2)(B).

      b.   Any statement made by another that was purportedly authorized by Defendant, or is deemed to be an admission of Defendant. *See* Fed. R. Evid. 801(d)(2)(A) and 801(d)(2)(C).

Alexandra Shepard
Katherine Lloyd-Lovett
August 12, 2022
Page 12

      c.    Any statement by an alleged co-conspirator, or individual involved in the conspiracy and bribery allegations in the criminal indictment, made during the course and in furtherance of any alleged conspiracy. *See* Fed. R. Evid. 801(d)(2)(E).

      d.    State whether the prosecution intends to offer any hearsay evidence pursuant to Fed. R. Evid. 807. If so, provide the information required by the Rule.

22.    Pursuant to Fed. R. Evid. 612, please provide any writing used to refresh a witness's memory while testifying or before testifying before any grand jury, at trial, or in any other proceeding.  Responses to this request should be separately identified with respect to each witness.

23.    Pursuant to Fed. R. Evid. 1006, notice as to whether the prosecution will seek to offer any chart, summary, or calculation in evidence.  If so, the defense requests that such be made available sufficiently in advance of trial for inspection and copying. In addition, disclose any methodology, formula, or process used to create the chart, summary, or calculation.

24.    All documents relating to any press releases or press conferences concerning Defendant or the investigation of Defendant, and all other documents relating to any contacts between the Government and representatives of the media concerning Defendant or the investigation of Defendant.

25.    In order to expedite trial and avoid unnecessary delay during the trial, and so that defense counsel will have sufficient time to review testimony and prepare for cross-examination, Defendant requests that all materials required to be disclosed pursuant to 18 U.S.C. § 3500 be produced no later than 60 days before commencement of trial. Specifically included in this request is a request that the Government produce all draft reports and notes for all agents it intends to call as witnesses in this matter pursuant to 18 U.S.C. § 3500.

Each of the requests above calls for all responsive items which are within the possession, custody, or control of the Government, or which are either known to exist or could by the exercise of due diligence become known to the Government.  Each request is also of a continuing nature, and we request prompt notice in the event that responsive information comes to the Government's attention at any point in the future.

These documents are directly material to pivotal defense issues relating to the elements of the offenses alleged, including whether the events alleged in the criminal indictment in fact occurred and the Defendant's knowledge and intent (or lack thereof) with respect to those alleged events. These issues are central to the offenses alleged in the criminal indictment, and the Defendant is entitled to production of documents that will assist him in obtaining evidence to

Alexandra Shepard
Katherine Lloyd-Lovett
August 12, 2022
Page 13


rebut those allegations.  The requested documents will also play a crucial role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, and assisting impeachment and rebuttal.  We reserve the right to supplement these requests as the case progresses.

       If you have any questions regarding these requests, please do not hesitate to call us.  We are available at your convenience to meet and confer with you for the purpose of resolving or narrowing any potential disagreements that you may have regarding these requests.



Sincerely,

Robb C. Adkins
Partner