UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES

**Date:** September 15, 2022  **Time:** 38 minutes
2:45 p.m. to 3:17 p.m.  **Judge:** WILLIAM H. ORRICK

**Case No.**: 22-cr-00270-WHO-1   **Case Name:** UNITED STATES v. Porter

**Attorney for Plaintiff:**   Alexandra Shepard and David Ward
**Attorney for Defendant:**   Robb Adkins**,** Chardaie Charlemagne
Defendant **John Francis Porter** – present (by video), on bond

**Deputy Clerk:** Jean Davis   **Reported by:** Ana Dub
**Interpreter:** n/a   **Probation Officer:** n/a

## PROCEEDINGS AND MINUTE ORDER

Status Conference conducted via videoconference. The parties provided a Joint Status Conference Statement to update the Court on their perspectives on discovery, the Speedy Trial Act rights of the defendant and potential trial dates. The defendant does not waive his Speedy Trial rights. He proposes, in light of the Court's trial calendar, that the trial trail the jury trial set on the Court's docket for November 6, 2022, for which the closing arguments are scheduled to occur by December 14, 2022 (given the amount of time provided to each party in that civil case). Defendant intends to file pre-trial motions and motions in limine. The government proposes that trial be set in the first quarter of 2023 and represents that it will not be able to complete the bulk of the expansive documents requested by defendant until October 30, 2022. To date, the government states that it has produced approximately 1.5 million pages of discovery.

The Court addresses the following. With respect to the Speedy Trial Act, the Court excludes the time between when the case was related to him on July 28, 2022, and the first hearing on September 8. Judge Orrick was out of the country on July 28 and was not back in court until August 21, 2022. The status conference was set on September 8 as the first realistic date on the Court's schedule; defendant had neither indicated that he was going to assert his Speedy Trial rights nor sought an earlier date on Judge Orrick's calendar. Because of the Court's unavailability, at a minimum, time until September 8 will be excluded.

A second reason to exclude time is for reasons of complexity and effective preparation. This case is undeniably complex. Judge Orrick has presided over a number of related matters during the past two years and is generally familiar with the type of information that needs to be sifted through and argued about in these cases. The volume of discovery in this case alone supports this. The Court would also cite each of the cases that it has handled involved in the alleged bribery and corruption to which Mr.

Nuru was party. Defendant's assertions of lack of complexity are not persuasive, particularly given the type of discovery he seeks.

Moreover, given the stated intent of the defendant to file pre-trial motions and motions in limine, time will be excluded by statute while those motions are litigated and the Court considers them. *See* 18 U.S.C. § 3161(h)(1). That would add a minimum of a month (if the Court is able to rule from the bench) if not two or more to the schedule.

By the Court's calculations, 70 days from September 8 is November 17. Even if the trial on November 6 did not proceed, given the anticipated motion practice it is unlikely that the trial could commence before January. The Court recognizes the anxiety caused to the defendant as a result of this case and does not in any way minimize it or his desire to have the earliest possible trial date. Because of the factors discussed above, however, defendant's proposed date to start in mid-December is unrealistic from a Speedy Trial Act, scheduling and litigation perspective, not even taking into account the uncertainty of the date (trailing a lengthy trial) and the holiday season. Having an uncertain trial date of this sort would also impede effective preparation of counsel. In light of defendant's concerns, however, the Court will set an earlier date than the needs of the case would normally require, making it close to the date the case would have been set even if time had not been excluded.

For these reasons, the ends of justice require an exclusion from the Speedy Trial Act under Section 3161(h)(7)(A) because of complexity and the need for the lawyers to have reasonable time necessary for effective preparation, taking into account the exercise of due diligence. To accommodate the expressed concerns of the defendant, jury selection is set for February 6, 2023. Time will be excluded from July 28 through that time for the reasons set forth above. The parties shall meet and confer and stipulate to a proposed briefing schedule set in accordance with Local Criminal Rules for the pretrial motions.

Pretrial Conference:   January 9, 2023 at 2:00 p.m.
Jury Selection:        February 6, 2023 at 8:30 a.m.

**EXCLUDABLE DELAY:**
Category   Comlexity/Effective preparation of counsel
Begins     September 8, 2022
Ends       February 6, 2023