STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

DAVID J. WARD (CABN 239504)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7230
    david.ward@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 22-00270 WHO |
| Plaintiff, | **STIPULATION AND REVISED PROTECTIVE ORDER** |
| v. | |
| JOHN FRANCIS PORTER | |
| Defendant. | |

    With the agreement of the parties, the Court enters the following Revised Protective Order:

    Defendant John Francis PORTER ("Defendant") is charged in the above-captioned Indictment with Conspiracy to Commit Bribery in violation of 18 U.S.C. § 371, and Bribery, in violation of 18 U.S.C. § 666(a)(2). The United States has produced, and is continuing to produce, documents and other materials pertaining to the defendant and the charged offenses to defense counsel. The discovery includes documents or other materials falling into one or more of the following categories (collectively, "Protected Information"):

1. Personal Identifying Information of any individual (other than his or her name), including without limitation any person's date of birth, social security number, residence or business address, telephone numbers, email addresses, driver's license number, professional license number, family members names, or criminal histories ("Personal Identifying Information");
2. Financial information of any individual or business, including without limitation bank account numbers, credit or debit card numbers, account passwords, contact information, and taxpayer identification numbers ("Financial Information"); and,
3. Medical records or other patient information of any individual covered by the Health Insurance Portability and Accountability Act of 1996 (HIPAA) ("Medical Information").

To ensure that Protected Information is not subject to unauthorized disclosure or misuse,

**IT IS HEREBY ORDERED** that defense counsel of record, their investigators, assistants, and employees (collectively, "the defense team") may review with Defendant all discovery material produced by the government. Under the terms of this Revised Protective Order, defense counsel may allow Defendant to have unsupervised access to any discovery material produced by the government that contains Protected Information, provided that Defendant maintain the confidentiality and prevent the unauthorized disclosure or misuse of those documents. The government and defense counsel are ordered to work together to ensure that these materials are protected, but that Defendant has as much access to the materials as can be provided consistent with this Court's order.

Defense counsel may also provide unredacted copies of Protected Information to any experts retained to assist with the preparation of the defense in the captioned case. Defendant, all members of the defense team, and any experts who receive discovery under this Order shall be provided a copy of this Order along with those materials and shall initial and date the order reflecting their agreement to be bound by it.

To the extent that either party wishes to utilize any discovery material produced by the government that contains Protected Information at trial or in any public forum, the Personal Identifying Information, Financial Information, and/or Medical Information must first be entirely redacted from the discovery materials. The government and defense counsel will confer prior to the proposed public use

of any such discovery materials. If the government or defense counsel disagree as to whether certain discovery materials should be redacted, the parties shall raise any disagreements or issues before the Court prior to the use or disclosure of any contested discovery materials. The materials provided pursuant to this protective order may only be used for the specific purpose of preparing or presenting a defense in this matter unless specifically authorized by the Court.

This Order shall also apply to any copies made of any materials covered by this Order.

**IT IS FURTHER ORDERED** that neither Defendant nor any member of the defense team shall provide any discovery material produced by the government—whether or not the material constitutes or contains Protected Information within the meaning of this Order—to any third party (*i.e.*, any person who is not a member of the defense team) or make any public disclosure of the same, other than in a court filing, without the government's express written permission or further order of this Court.[1] If a party files a pleading that references or contains or attaches Protected Information subject to this Order, that party must seek to file the material containing Protected Information under seal, pursuant to Criminal Local Rule 56-1.

**IT IS FURTHER ORDERED** that defense counsel shall return materials subject to this Protective Order (including any copies) to the United States within 14 days after whichever event occurs last in time: dismissal of all charges against the defendant; defendant's acquittal; defendant's sentencing; or the conclusion of any direct appeal. Should the defense team seek to retain copies of any materials subject to this Protective Order, the defense team may, within the time limits set out in the preceding sentence, request that the government provide copies of such materials with all Protected Information appropriately redacted. Government counsel shall provide such redacted copies within a reasonable time after the defense team's request.

After the United States receives documents and materials subject to this Order, it shall maintain those documents and materials until the period for filing a motion under 28 U.S.C. § 2255 has expired. After the statutory period for filing a motion under 28 U.S.C. § 2255 has expired, the United States is

---

[1] This paragraph does not prevent the defense from showing Redacted Protected Information to a third party for the purpose of defense investigation. This paragraph also does not prevent the parties from using discovery as exhibits at trial, for which the parties will meet and confer to determine that appropriate redactions to the exhibits are made consistent with this Order.

[PROPOSED] PROTECTIVE ORDER
22-CR-00270 WHO

free to destroy documents and materials subject to this Order. If defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide counsel with the documents and materials subject to this Protective Order under the terms of this Order. Defendant's attorney in any motion under 28 U.S.C. § 2255 shall return the documents and materials subject to this Protective Order within 14 days after the district court's ruling on the motion or 14 days after the conclusion of any direct appeal of the district court's order denying the motion, whichever is later. This stipulation is without prejudice to either party applying to the Court to modify the terms of any protective order. This Court shall retain jurisdiction to modify this Order upon motion of either party even after the conclusion of district court proceedings in this case.

**IT IS SO STIPULATED.**

STEPHANIE M. HINDS
United States Attorney

Dated: October 6, 2022

__/s/ David J. Ward_____
DAVID J. WARD
ALEXANDRA SHEPARD
Assistant United States Attorneys

Dated: October 6, 2022

_/s/ w/ Permission_____
ROBB ADKINS
Counsel for Defendant PORTER

**IT IS SO ORDERED.**

Dated: October 12, 2022

HON. WILLIAM H. ORRICK
United States District Judge