Robb C. Adkins (194576)
Chardaie C. Charlemagne (*Admitted Pro Hac Vice*)
BAKER & HOSTETLER LLP
Transamerica Pyramid Center
600 Montgomery Street, Suite 3100
San Francisco, CA
Telephone:    415.659.2600
Facsimile:    415.659.2601
Email:    radkins@bakerlaw.com
            ccharlemagne@bakerlaw.com

Attorneys for JOHN FRANCIS PORTER

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **CASE NO.: 22-CR-270-WHO** |
| Plaintiff, | **HON. WILLIAM H. ORRICK** |
| v. | **OPPOSITION TO GOVERNMENT'S MOTION FOR EXTENSION OF TIME** |
| JOHN FRANCIS PORTER, | |
| Defendant. | |

Defendant submits this response in opposition to the Government's motion for an extension of time to file their opposition to Defendant's motion to dismiss or, in the alternative, for a bill of particulars.

At a status hearing on September 15, 2022, the government represented that it would not be able to compete the bulk of its discovery productions in this case until October 30, 2022. (Dkt. 56.) Because Defendant intended to file a motion to dismiss or, in the alternative, for bill of particulars, Defendant prudently waited to receive all discovery before filing his motion. Federal Rule of Criminal Procedure 7(f) allows the court to direct the government to file a bill of particulars to reduce surprise, enable adequate trial preparation, and protect the defendant against being placed in double jeopardy. *United States v. Long,* 706 F.2d 1044, 1054 (9th Cir. 1983).

Accordingly, "[w]hen a court is considering whether to order a bill of particulars, it 'should consider whether the defendant has been advised adequately of the charges through the indictment and *all other disclosures made by the government*.'" *United States v. Landry,* No. C 13-00466 1, 2 JSW, 2015 WL 602356, at \*1 (N.D. Cal. Feb. 11, 2015) (quoting *Long,* 706 F.2d at 1054) (emphasis added).

Because the government often argues that discovery ameliorates any vagueness or need for a bill of particulars, here, Defendant waited until he had received the government's productions prior to bringing his motion. Indeed, courts within this circuit have held that "[e]ven if an indictment is vague, a bill of particulars is not necessary if the government's disclosures and discovery adequately advise the defendant of the charges against him." *United States v. Middleton*, 35 F. Supp. 2d 1189, 1193 (N.D. Cal. 1999). Defendant had no control over when the government would make its productions and properly waited until he had received and could review and assess the discovery provided prior to making his motion because "[f]ull discovery . . . obviates the need for a bill of particulars." *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979). Once Defendant received the bulk of the government's productions, he filed his motion to dismiss, or in the alternative, for bill of particulars, in accordance with this court's guidance at the September 15, 2022 status conference that Defendant's motions be heard in December.

Although the government mentioned several times over the past several months that they were contemplating filing a superseding indictment, including at the preliminary hearing before this court on September 8, 2022 (Dkt. 52), they only informed counsel for Defendant on a call on November 1, 2022 that they were planning to do so on November 29, 2022. The government has not explained why it chose to wait several months, and indeed until the end of this month, two months before trial, to file a superseding indictment, especially since the government has represented to defense counsel that the superseding indictment will be based on the same course of conduct alleged in the operative indictment and the initial complaint filed nearly nineteen months ago. If the court were to grant the government's request, Defendant respectfully requests that the additional time granted for the government's opposition not be excluded from the time

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

calculated under Speedy Trial Act because it is the government's decision to file a superseding indictment at the end of the month and not defendant's motion which is causing a delay in the ruling on Defendant's motion.

Dated:    November 11, 2022          Respectfully submitted,

                                     BAKER & HOSTETLER LLP


                                     By:    */s/ Robb C. Adkins*
                                            Robb C. Adkins
                                            Chardaie C. Charlemagne

                                     Attorneys for JOHN FRANCIS PORTER

OPPOSITION TO GOVERNMENT'S MOTION FOR EXTENSION OF TIME          CASE NO.: 22-CR-270-WHO