

**FILED**

Nov 29 2022

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

# UNITED STATES DISTRICT
# NORTHERN DISTRICT OF CA

# CRIMINAL COVER SH

***Instructions****: Effective November 1, 2016, this Criminal Cover Sheet must be completed and submitted, along with the Defendant Information Form, for each new criminal case.*

| | | |
|---|---|---|
| **CASE NAME:** | | **CASE NUMBER:** Superseding Indictment |
| USA v.  JOHN FRANCIS PORTER | | **CR**   CR22-270 WHO |

| | | | |
|---|---|---|---|
| **Is This Case Under Seal?** | Yes | No ✔ | |
| **Total Number of Defendants:** | 1 ✔ | 2-7 | 8 or more |
| **Does this case involve ONLY charges under 8 U.S.C. § 1325 and/or 1326?** | Yes | No ✔ | |
| **Venue (Per Crim. L.R. 18-1):** | SF ✔ | OAK | SJ |
| **Is this a potential high-cost case?** | Yes | No ✔ | |
| **Is any defendant charged with a death-penalty-eligible crime?** | Yes | No ✔ | |
| **Is this a RICO Act gang case?** | Yes | No ✔ | |

**Assigned AUSA
(Lead Attorney):**  AUSA Ward

**Date Submitted:**  11/29/2022

**Comments:**

RESET FORM     SAVE PDF

# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO

Superseding Indictment
CR22-270 WHO

UNITED STATES OF AMERICA,

V.

JOHN FRANCIS PORTER,

**FILED**

Nov 29 2022

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

DEFENDANT(S).

# INDICTMENT

18 U.S.C. § 1349 – Conspiracy to Commit Honest Services Wire & Mail Fraud
18 U.S.C. §§ 1343, 1346 – Honest Services Wire Fraud
18 U.S.C. §§ 1341, 13446 - Honest Services Mail Fraud
18 U.S.C. § 371 – Conspiracy to Commit Bribery of a Local Official
18 U.S.C. §§ 666(a)(2) and 2 – Bribery of a Local Official
18 U.S.C. § 2 – Aiding and Abetting
28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) – Forfeiture Allegations

A true bill.

/s/ Foreperson of the Grand Jury

Foreman

Filed in open court this __29th__ day of

__November, 2022__.

Stephen Ybarra

Clerk

Bail, $ __No Process__

Hon. Alex G. Tse, United States Magistrate Judge

1  STEPHANIE M. HINDS (CABN 154284)
   United States Attorney
2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

```
                                                    Superseding Indictment
11  UNITED STATES OF AMERICA,          )  CASE NO.  22-CR-270 WHO
                                       )
12         Plaintiff,                  )  VIOLATIONS:
                                       )
13     v.                              )  18 U.S.C. § 1349 – Conspiracy to Commit
                                       )  Honest Services Wire and Mail Fraud
14  JOHN FRANCIS PORTER,               )  18 U.S.C. §§ 1343, 1346 – Honest Services Wire
                                       )  Fraud
15         Defendant.                  )  18 U.S.C. §§ 1341, 1346 - Honest Services Mail
                                       )  Fraud
16                                     )  18 U.S.C. § 371 – Conspiracy to Commit Bribery of a
                                       )  Local Official
17                                     )  18 U.S.C. § 666(a)(2) – Bribery of a Local Official
                                       )  18 U.S.C. § 2 – Aiding and Abetting
18                                     )  28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) –
                                       )  Forfeiture Allegations
19                                     )
                                       )  SAN FRANCISCO VENUE
20  _____)
```

21              S U P E R S E D I N G   I N D I C T M E N T

22  The Grand Jury charges:

23  At all times relevant to this Superseding Indictment:

24                      RELEVANT PARTIES AND ENTITIES

25         1.      Recology Inc. was a corporation responsible for solid waste collection and disposal

26  services in the City and County of San Francisco.  It generally operated through the three subsidiary

27  companies comprising its San Francisco Group.  The San Francisco Group subsidiary companies are

28  collectively referred to hereafter as "Recology."

2.      At all times relevant to this Superseding Indictment, defendant JOHN FRANCIS PORTER was a high-ranking executive at Recology Inc.  From approximately January 2015 through approximately December 2017, PORTER was a Controller at Recology. From on or about January 2018 through in or about January 2021, PORTER was a Vice President and Group Manager at Recology.

3.      At all times relevant to this Superseding Indictment, Paul Frederick Giusti ("Giusti") was the Group Government and Community Relations Manager for Recology.  In this role, Giusti served as one of Recology's liaison to elected officials and departments of the City and County of San Francisco, as well as to community organizations.  Between approximately January 2018 and approximately June 2020, Giusti reported to PORTER.

4.      At all times relevant to this Superseding Indictment, Mohammed Nuru ("Nuru") was the Director of San Francisco Public Works, also known as the Department of Public Works ("DPW") of the City and County of San Francisco (the "City").  As Director of DPW, Nuru had significant authority and influence over Recology's business.  Among other things, Nuru presided over the process that governed the rates that Recology could charge in San Francisco for waste collection services and was responsible for making a recommendation as to whether any rate increases for Recology should be approved.  Nuru also had influence over the amount and rate for a form of payment to Recology, known as a tipping fee, that Recology charged DPW when DPW dumped waste materials at a Recology recycling facility.  Nuru could also approve, deny, or otherwise affect other payments to Recology, as well as operational changes requested by Recology that would affect Recology's business.

5.      Nick Bovis ("Bovis") was the owner of Lefty O'Doul's, a bar and restaurant in San Francisco.  He also managed the Lefty O'Doul's Foundation for Kids, which was registered as a non-profit entity with a mission to "provide underprivileged kids the opportunity to experience baseball through providing bats, baseball gloves, equipment, and tickets to ball games."

THE HONEST SERVICES FRAUD SCHEME AND CONSPIRACY

6.      Beginning on a date unknown, but no later than December 2016, and continuing until on or about January 28, 2020, in the Northern District of California and elsewhere, Giusti and others participated in devised, and intended to devise a conspiracy and a scheme and artifice to defraud the public of its right to the honest services of a public official, Nuru, through bribery and kickbacks in

1   breach of the official's fiduciary duty.  The scheme and conspiracy was carried out by means of

2   materially false and fraudulent pretenses, representations, and promises, and by means of omission and

3   concealment of material facts.  Defendant PORTER joined the conspiracy no later than October 2017.

4       7.      As part of the scheme to defraud the public of its right to the honest services of Nuru,

5   PORTER, along with Giusti, Bovis, and others known and unknown to the grand jury, helped direct a

6   stream of benefits from Recology to Nuru or his designees, including payments for parties Nuru

7   organized, along with meals, drinks, and other things of value to Nuru.  The purpose of this stream of

8   payments and benefits was to influence Nuru to act in Recology's favor as opportunities arose, and to

9   have Nuru take official action and exercise official influence in Recology's favor in exchange for such

10  payments and benefits.

11      8.      In 2016, Recology notified Nuru and DPW of its intent to submit an application to raise

12  the rates it charged residents and businesses in San Francisco for waste removal and disposal.  At part of

13  its rate increase application, Recology sought approval to raise the rates it charged for residential and

14  commercial waste pickup and processing by an average of 21%.  Recology submitted a draft rate

15  increase to Nuru and DPW on December 13, 2016.

16      9.      The rate increase application was reviewed and ultimately signed off on by Nuru, who on

17  or about May 12, 2017, issued a Director's Report finding that Recology's rate increase proposal was

18  reasonable, and recommended approval of the increases.  On or about June 19, 2017, the San Francisco

19  Rate Board unanimously adopted Nuru's recommendation and approved Recology's rate increases.

20      10.     Separately, from on or about June 2018 through on or about July 2019, PORTER and

21  others, on behalf of Recology, sought Nuru's approval to raise a payment, known as a "tipping fee" that

22  Recology charged DPW for truckloads of asphalt and cement waste brought to Recology's Sustainable

23  Crushing recycling facility.  Recology's profits on the contract had been declining, and Recology sought

24  Nuru's approval for an increase in the fees DPW paid to Recology.  PORTER led Recology's efforts to

25  influence Nuru to increase the fees, emailing him and meeting with him in person.  Later in 2019,

26  Recology submitted a bid for a new contract with the City of San Francisco to increase its tipping fees

27  and other charges and fees paid to Recology by DPW and the City of San Francisco.

28  //

11.     In furtherance of the conspiracy and scheme to defraud the City of San Francisco of the honest services of Mohammed Nuru, PORTER, Giusti and others directed $60,000 in payments from Recology to Nuru to fund increasingly elaborate and expensive holiday parties Nuru hosted for friends, political supporters, and select DPW employees.

12.     Nick Bovis, the owner of the Lefty O'Doul's restaurant and the founder of the Lefty O'Doul's Foundation for Kids, participated in the conspiracy, agreeing, at Nuru's urging, to use the Lefty O'Doul's Foundation for Kids to accept corporate donations from Recology and others to pay for Nuru's holiday parties, and to conceal their source.   Bovis, Nuru, and others used the payments to the non-profit to pay expenses for Nuru's holiday parties, and not to benefit underprivileged children.

13.     On or about December 2, 2016, Giusti and other Recology executives met with Nuru to discuss Nuru's concerns about items Recology sought to include in its rate increase application. At the meeting, Nuru requested that Recology make a $5,000 "donation" to pay for Nuru's holiday party.

14.     On or about December 12, 2016, Recology, at Giusti's request, issued a $5,000 check falsely made out as a "Holiday Donation" to the "Lefty O'Doul's Foundation for Kids."

15.     Between October 2017 and December 2019, PORTER, in his role as Controller and then Vice President and Group Manager of Recology's San Francisco Group, approved $55,000 in payments from Recology for Nuru's annual holiday parties, at Nuru's request.  PORTER and others concealed the payments by labeling them as holiday donations to the non-profit Lefty O'Doul's Foundation for Kids.

16.     In or about October 2017, Nuru asked Recology, through Giusti, to donate to Nuru's holiday party.  On or about October 17, 2017, PORTER approved a request from Giusti for a $15,000 payment from Recology to the Lefty O'Doul's Foundation for Kids, falsely describing it as a "Holiday Donation," knowing it was in fact a payment to Nuru to fund his holiday party.

17.     On or about November 27, 2018, PORTER approved another $20,000 payment from Recology, at Giusti's request, to Nuru to pay for his holiday party.  Giusti's request came after Giusti had a conversation with Nuru in which Nuru said "I always have to get more . . . so if you could give me twenty, that would be nice."  Nuru later referred to the payments as being for "the big party that you helped me pay for."

//

18.     On or about November 12, 2019, PORTER approved another $20,000 payment from Recology to the Lefty O'Doul's Foundation for Kids falsely labeled "2019 Holiday Donation" that PORTER knew was in fact a payment to Nuru to fund his annual holiday party.

19.     Recology executives, including PORTER, also regularly paid for meals and drinks for Nuru and other high-ranking DPW employees, including breakfasts for Nuru and DPW executives at Stacks Restaurant, paid for by PORTER and others at Recology, as well as dinners and drinks.  In one instance, on December 20, 2018, PORTER paid $1,182 on his Recology corporate credit card for a dinner with Nuru and other Recology executives at Harris Restaurant, a San Francisco steakhouse.

20.     Nuru accepted these items of value from Recology.  These stream of payments and benefits from PORTER and Recology were paid with the purpose of influencing or attempting to influence and reward Nuru with regard to his official position with the DPW.

COUNT ONE:  18 U.S.C. § 1349 – Conspiracy to Commit Honest Services Wire and Mail Fraud

21.     Paragraphs 1 through 20 of this Superseding Indictment are re-alleged and incorporated as if fully set forth herein.

22.     Beginning no later than in or about October 2017, and continuing through in or about January 28, 2020, in the Northern District of California and elsewhere, the defendant,

JOHN FRANCIS PORTER

did knowingly conspire and agree with Paul Frederick Giusti, Mohammed Nuru, Nick Bovis, Recology, and others, known and unknown to the grand jury, to commit honest services wire fraud; that is, devising and intending the devise a scheme and artifice to defraud and deprive the people of San Francisco of their right to the honest and faithful services of Mohammed Nuru through bribery and kickbacks, and to use or cause someone to use an interstate or foreign wire communication to carry out or attempt to carry out the scheme and causing items to be placed in an authorized depository for mail matter to be sent and delivered by the United States Postal service or any private or commercial interstate carrier, all in violation of 18 U.S.C. §§ 1341, 1343, 1346.

23.     All in violation of Title 18, United States Code, Section 1349.

//

1  COUNTS TWO AND THREE: 18 U.S.C. § 1343, 1346 - Honest Services Wire Fraud and 18 U.S.C. § 2

2  - Aiding and Abetting

3      24.    The factual allegations of Paragraphs 1 through 23 of this Superseding Indictment are re-

4  alleged and incorporated as if fully set forth here.

5      25.    On or about the dates set forth below, in the Northern District of California and elsewhere,

6  for the purpose of executing the aforementioned scheme and artifice to defraud the public of its right to

7  the honest services of public officials and attempting to do so, defendant PORTER, caused the

8  transmission of the following items by means of wire and radio communications in interstate and foreign

9  commerce, namely the transmission of electronic information on or about the following dates necessary

10 for the settlement and payment of the checks drawn from and transferred to the following accounts:

| COUNT | DATE | Wire Transmission |
|-------|------|-------------------|
| TWO | 11/29/2018 | $20,000 check from Wells Fargo Bank account in the name of Recology Inc. (Acct No. ending in 0900) for payment into a Bank of America account in the name of the Lefty O'Doul's Foundation for Kids (Acct No. 2910) |
| THREE | 11/18/2019 | $20,000 check from Wells Fargo Bank account in the name of Recology Inc. (Acct No. ending in 0900) for payment into a Bank of America account in the name of the Lefty O'Doul's Foundation for Kids (Acct No. 2910) |

All in violation of Title 18, United States Code, Sections 1343, 1346 and 2.

COUNT FOUR: 18 U.S.C. §§ 1341, 1346 - Honest Services Mail Fraud and 18 U.S.C. § 2 - Aiding and Abetting

    26.    The factual allegations of Paragraphs 1 through 23 of this Superseding Indictment are re-alleged and incorporated as if fully set forth here.

    27.    On or about the dates set forth below, in the Northern District of California and elsewhere, for the purpose of executing the aforementioned scheme and artifice to defraud the public of its right to the honest services of public officials and attempting to do so, defendant PORTER, for the purpose of executing the above-described scheme to defraud, caused the following items to be placed in an authorized depository for mail matter to be sent and delivered by the United States Postal Service or any private or commercial interstate carrier:

INDICTMENT                    6

| COUNT | DATE | Mailing |
|-------|------|---------|
| FOUR | 11/29/2018 | $20,000 Check from Recology Inc. to the San Francisco Department of Public Works |

All in violation of Title 18, United States Code, Sections 1343, 1346 and 2.

<u>COUNT FIVE</u>: 18 U.S.C. § 371 - Conspiracy to Commit Bribery of a Local Official

28.     Paragraphs 1 through 20 of this Indictment are re-alleged and incorporated as if fully set forth herein.

29.     Beginning no later than in or about October 2017, and continuing through on or about January 28, 2020, in the Northern District of California and elsewhere, the defendant,

JOHN FRANCIS PORTER,

did knowingly conspire and agree with Paul Frederick Giusti, Mohammed Nuru, Nick Bovis, and others, known and unknown to the grand jury, to commit bribery of a local official, that is, corruptly giving, offering, and agreeing to give things of value, namely, payments and benefits to Nuru or his designees, with the intent to influence Nuru to use his power and perform official acts to benefit Recology's business as opportunities arose, in violation of 18 U.S.C. § 666(a)(2).

OVERT ACTS

The defendant PORTER, Giusti, and others committed the following overt acts in furtherance of the conspiracy, among others:

a.  On or about November 26, 2018 Nuru spoke to Giusti by phone. Nuru told Giusti that Recology should pay more money than last year for Nuru's upcoming holiday party, and requested $20,000.  Giusti agreed to make this payment.  On the same call Nuru told Giusti that Nuru was working on getting PORTER the increase in tipping fees paid to Recology that PORTER and Recology were seeking.

b.  On or about November 27, 2018, Giusti and PORTER spoke by telephone.  Giusti discussed his conversation with Nuru and informed PORTER that Nuru wanted $20,000 to pay for his upcoming holiday party.

c.  On November 27, 2018, PORTER approved a $20,000 payment from Recology to Nuru, falsely labeled as a "holiday donation" to the Lefty O'Doul's Foundation for Kids.

1    All in violation of Title 18, United States Code, Section 371.

2    <u>COUNT SIX</u>:  18 U.S.C. §§ 666(a)(2) - Bribery of a Local Official and 18 U.S.C. § 2 - Aiding and

3    Abetting

4        30.    Paragraphs 1 through 29 of this Indictment are re-alleged and incorporated as if fully set

5    forth herein.

6        31.    At all times material to this Indictment, the Department of Public Works of the City and

7    County of San Francisco was an agency of a local government that received federal assistance in excess

8    of $10,000 during the one-year period between November 27, 2017, and November 27, 2018, and the

9    one-year period between November 28, 2018 and November 28, 2019.

10       32.    On or about November 27, 2018, in the Northern District of California, the defendant,

11                          JOHN FRANCIS PORTER,

12   did corruptly give, offer, and agree to give a thing of value to any person intending to influence and

13   reward an agent of the Department of Public Works of the City and County of San Francisco, namely,

14   Mohammed Nuru, in connection with a transaction and series of transactions of the Department of

15   Public Works involving $5,000 or more, and did aid and abet the same offense.  Specifically, on or

16   about November 27, 2018, PORTER approved a payment of $20,000 to the Lefty O'Doul's Foundation

17   for Kids to fund Mohammed Nuru's annual holiday party, a payment intended as an illegal gift to Nuru

18   in order to induce his official actions on Recology's behalf.

19   All in violation of Title 18, United States Code, Sections 666(a)(2) and 2.

20   <u>FORFEITURE ALLEGATIONS</u>:   18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)

21       33.    The allegations contained in this Superseding Indictment are re-alleged and incorporated

22   by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section

23   981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

24       34.    Upon conviction for any of the offenses set forth in this Superseding Indictment, the

25   defendant,

26                          JOHN FRANCIS PORTER,

27   shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and

28   Title 28, United States Code, Section 2461(c), all property, real or personal, constituting, or derived

from proceeds the defendant obtained directly and indirectly, as the result of those violations, including but not limited to a forfeiture money judgment.  If any of the property described above, as a result of any act or omission of the defendant:

   a.  cannot be located upon exercise of due diligence;

   b.  has been transferred or sold to, or deposited with, a third party;

   c.  has been placed beyond the jurisdiction of the court;

   d.  has been substantially diminished in value; or

   e.  has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

   All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and (b)(1); Title 28, United States Code, Section 2461(c); and Federal Rule of Criminal Procedure 32.2.


DATED:  November 29, 2022        A TRUE BILL.


              ____/s/_____

              FOREPERSON


United States Attorney


_____/s/_____
DAVID J. WARD
ILHAM A. HOSSEINI
Assistant United States Attorneys

INDICTMENT       9

AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT

☒ SUPERSEDING

## OFFENSE CHARGED

18 U.S.C. § 1349 – Conspiracy to Commit Honest Services Wire and Mail Fraud
18 U.S.C. §§ 1343, 1346 – Honest Services Wire Fraud
18 U.S.C. §§ 1341, 13446 – Honest Services Mail Fraud
18 U.S.C. § 371 – Conspiracy to Commit Bribery of a Local Official
18 U.S.C. §§ 666(a)(2) and 2 – Bribery of a Local Official
18 U.S.C. § 2 – Aiding and Abetting
28 U.S.C. 2461(c); 18 U.S.C. § 981(a)(1)(C) – Forfeiture Allegations

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY: Ct. 1: 20 yrs prison; $250,000 fine; 3 yrs supervised release; Cts. 2-5: 20 yrs prison 3 yrs supervised release, $250,000 fine, Ct. 6: 5 yrs imprisonment, $250,000 fine; Ct. 7: 10 yrs imprisonment; $250,000 fine; 3 yrs supervised release. All counts: Restitution; forfeiture; $100 special assessment per count

## PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. ATTORNEY  ☐ DEFENSE

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

} SHOW DOCKET NO.

} MAGISTRATE CASE NO.

} 22-cr-270 WHO

Name and Office of Person Furnishing Information on this form  STEPHANIE M. HINDS

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)  David J. Ward

Name of District Court, and/or Judge/Magistrate Location

### NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

## DEFENDANT - U.S

### JOHN FRANCIS PORTER

DISTRICT COURT NUMBER

Superseding Indictment CR22-270WHO

## DEFENDANT

IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges
2) ☐ Is a Fugitive
3) ☒ Is on Bail or Release from (show District)

Northern District of California

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges
  If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☒ No  } If "Yes" give date filed

DATE OF ARREST

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY

Month/Day/Year

Month/Day/Year

FILED

Nov 29 2022

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT

Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:          Before Judge:

Comments: