Robb C. Adkins (SBN 194576)
BAKER & HOSTETLER LLP
Transamerica Pyramid Center
600 Montgomery Street, Suite 3100
San Francisco, CA 94111
Telephone: 415.659.2600
Facsimile: 415.659.2601
Email: radkins@bakerlaw.com

Attorneys for Defendant John Porter

# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN PORTER,<br><br>Defendant. | Case No.: 3:22-cr-270-WHO<br><br>**Hon. William H. Orrick**<br><br>**STIPULATION AND [PROPOSED] PRE-TRIAL ORDER** |

**1. Trial Date**

Jury Trial is currently set for February 6, 2023, beginning at 8:30 a.m., in Courtroom 2, 17th Floor, 450 Golden Gate Avenue, San Francisco, California. As Mr. Porter has previously explained, he has strong personal reasons to seek a trial as soon as possible. However, due to the Superseding Indictment returned on November 29, 2022, discovery that needs to be reviewed including new discovery produced as part of the government's ongoing trial preparation, and time needed for preparation, the parties agree to continue the trial date for approximately seven weeks, to a date on or after March 27, 2023. Your Honor's courtroom deputy has informed the parties that the court may have some difficulty scheduling a trial date until July 10, 2023, and that the continuance can be discussed further at the motion hearing set for January 5, 2023. The parties believe that they will be able to streamline much of the evidence at trial, including stipulating to the admission of evidence, which would allow the trial to last two weeks, or possibly less. Accordingly, the parties request that the trial be set for March 27, 2023, and if that date is not

available, that the trial be trailed to commence after any other trials are removed from the calendar or are completed within sufficient time, so that this matter may proceed to trial on the next soonest date. The parties have stipulated below to a modified pretrial schedule premised on a March 27, 2023 date, thus allowing for the parties to be prepared to proceed to trial on that date or the next soonest date that becomes available on the Court's calendar.

The parties stipulate and agree that excluding time from February 6, 2023 through and including March 27, 2023, or such a date thereafter when the court is able to set the trial, will allow for the effective preparation of counsel and is appropriate based on the recent filing of the Superseding Indictment and the continued production of discovery. *See* 18 U.S.C. §§ 3161(h)(7)(B)(ii), 3161(h(7)(B)(iv); *see also United States v. Pete*, 525 F.3d 844, 852-53 (9th Cir. 2008) ("the STA makes no distinction regarding the applicability of the exclusions under § 3161(h)(1) to the pre-indictment period (governed by § 3161(b)) and the pretrial period (governed by §§ 3161(c) and (e))").

The parties further stipulate and agree that the ends of justice served by excluding the time from February 6, 2023 through and including March 27, 2023 from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. §§ 3161(h)(7)(A), (B)(ii)-(iv).

**2. Pretrial Conference**

A Pretrial Conference has been set for January 23, 2023 at 2:00 p.m. Given the parties agreed upon continuance, anticipated pretrial motions, and pursuant to Crim. L.R., 17.1-1(a), the parties respectfully request and stipulate to the rescheduling of the Pretrial Conference to March 20, 2023 at 2:00 p.m. The parties understand that the continued trial date will depend on the court's calendar and are setting the pretrial conference to a date after which they will be available and prepared for trial. The parties shall follow the requirements of Crim. L.R. 17.1-1, as supplemented below:

The government and, to the extent consistent with defendant's right to an effective defense, the defendant shall do the following at least seven days prior to the Pretrial Conference (**March 13, 2023**):

(i) Serve and file a trial memorandum that briefly states the legal bases for the charges and the anticipated evidence, and addresses any evidentiary, procedural, or other anticipated legal issues;

(ii) Serve and file a witness list that includes a brief summary of the testimony of each witness;

(iii) Serve and file exhibit lists and serve copies of all marked exhibits on all parties, as discussed in section 5, below;

(iv) Submit an agreed-upon set of additional requested voir dire questions to be posed by the Court. Any voir dire questions on which counsel cannot agree shall be submitted separately. Voir dire by counsel will usually be limited to fifteen minutes per side; and

Meet and confer and be prepared to discuss with the Court at the Pretrial Conference any anticipated evidentiary objections and any means for shortening and simplifying the trial (by stipulating to such matters as chain of custody, nature of substances, use of the mails, etc.).

### 3. Motions In Limine

Any party wishing to have motions in limine heard prior to the commencement of trial must file and serve same no later than fourteen days prior to the date set for the Pretrial Conference (**March 6, 2023**). All motions in limine shall be contained in one document, limited to 25 pages and prepared in accordance with Civil L. R. 7-2(b), with each motion listed as a subheading. Opposition to the motions in limine shall be contained in one document, limited to 25 pages, with corresponding subheadings, and shall be filed and served no later than seven days prior to the Pretrial Conference (**March 13, 2023**). No reply papers will be considered. The motions will be heard at the Pretrial Conference or at such other time as the Court may direct.

### 4. Jury Instructions

a. <u>Joint Set of Instructions.</u> The parties shall jointly prepare a set of jury instructions, and shall file the proposed instructions at least seven days prior to the Pretrial Conference (**March 13, 2023**). The submission shall contain both agreed-upon instructions (which shall be so noted), and contested instructions, all in the order in which they should be read to the jury. Where contested instructions are included, they should be annotated both with the proponent's authority

- 3 -

STIPULATION AND [PROPOSED] PRE-TRIAL ORDER
Case No. 22-cr-270-WHO

for seeking the instruction and the opponent's reason for opposition. Counsel shall deliver to Chambers a copy of the joint submission, on a CD/DVD in Word format. The label shall include the case number and a description of the documents.

    b. <u>Substance and Format of Instructions</u>. The instructions shall cover all substantive issues and other points not covered by the Ninth Circuit Manual of Model Jury Instructions. Each requested instruction shall be typed in full on a separate page and citations to the authorities upon which the instruction is based shall be included. Instructions shall be brief, clear, written in plain English, and free of argument. Pattern or form instructions shall be revised to address the particular facts and issues of this case.

    c. <u>Preliminary Statement and Instructions.</u> If the parties wish to have a preliminary statement read to the jury, and/or preliminary instructions given to the jury, they shall jointly prepare and file the text of the proposed preliminary statement and/or preliminary instructions at least seven days prior to the Pretrial Conference (**March 13, 2023**).

**5. Exhibits**

    a. <u>Provide Copies of Exhibits to Other Parties</u>. The government and, to the extent consistent with the defendant's right to an effective defense, the defendant shall provide every other party with one set of all proposed exhibits, charts, schedules, summaries, diagrams, and other similar documentary materials to be used in its case in chief at trial, together with a complete list of all such proposed exhibits, at least fourteen days prior to the Pretrial Conference (**March 6, 2023).** Voluminous exhibits shall be reduced by elimination of irrelevant portions or through the use of summaries. Each item shall be pre-marked with a trial exhibit sticker ("Trial Exhibit No.") label; defendant's exhibit numbers shall be sequenced to begin after plaintiff's exhibit numbers. If there are numerous exhibits, they should be provided in three-ring binders with marked tab separators. All exhibits that have not been provided as required are subject to exclusion.

    b. <u>Stipulations re Admissibility</u>. At least seven days prior to the Pretrial Conference **(March 13, 2023)**, the parties shall make a good faith effort to stipulate to exhibits' admissibility.

If stipulation is not possible, the parties shall make every effort to stipulate to authenticity and foundation absent a legitimate (not tactical) objection.

       c.     <u>Objections to Exhibits</u>. In addition to the exhibit list, counsel shall confer with respect to any other objections to exhibits in advance of the Pretrial Conference. Each party shall file a statement briefly identifying each item objected to, the grounds for the objection, and the position of the offering party at least seven days prior to the date set for the Pretrial Conference (**March 13, 2023**).

       d.     <u>Provide Copies of Exhibits to Court</u>. One set of exhibits shall be provided to the Court in Chambers on the Friday prior to the trial date (**March 24, 2023**), in binders, marked, tabbed, and indexed in accordance with Local Rule 16-10(b)(7). Exhibits shall be identified as follows:

> UNITED STATES DISTRICT COURT
> NORTHERN DISTRICT OF CALIFORNIA
>
> **TRIAL EXHIBIT 100**
>
> CASE NO. _____
>
> DATE ENTERED _____
>
> BY _____
> DEPUTY CLERK

Blocks of numbers shall be assigned to fit the needs of the case (e.g., Plaintiff has 1-100, Defendant has 101-200). The parties shall not mark duplicate exhibits (e.g., plaintiff and defendant shall not mark the same exhibit; only one copy of the exhibit shall be marked).

       e.     <u>Witness Binders</u>. If all of the exhibits in a case do not fit in one binder, then parties shall prepare a witness binder for each witness that will testify regarding three or more exhibits.

  f.  <u>Disposition of Exhibits after Trial</u>. Upon the conclusion of the trial, each party shall retain its exhibits through the appellate process. It is each party's responsibility to make arrangements with the Clerk of Court to file the record on appeal.

**6. Expert Witnesses**

  The parties shall comply in all respects with the proposed amendments to Federal Rule of Criminal Procedure 16 approved by the United States Supreme Court regarding expert witnesses. The complete statement of all opinions required by that revised rule, scheduled to go into effect on December 1, 2022, shall be disclosed by **February 3, 2023**, with any rebuttal by **March 3, 2023**.

**7. Other Pretrial Motions**

  a.  <u>Status Conferences</u>. Any party desiring to confer with the Court may, upon notice to all other parties, arrange a conference through the Courtroom Deputy, Jean Davis, at 415-522-2077 or whocrd@cand.uscourts.gov.

  b.  <u>Daily Transcripts</u>. Should a daily transcript and/or real time reporting be desired, the parties shall make arrangements with Rick Duvall, Court Reporter Supervisor, at 415-522-2079 or Richard_Duvall@cand.uscourts.gov, at least seven calendar days prior to the trial date.

**8. Trial Matters**

  a.  The normal trial schedule will be from 8:30 a.m. to 1:30 p.m. (or slightly longer to finish a witness) with two fifteen-minute breaks. Trial is usually held from Monday through Friday.

  b.  Parties must meet and confer to exchange any visuals, graphics or exhibits to be used in opening statements. Unless otherwise agreed, the exchange must occur no later than Wednesday before the trial (**March 22, 2023**). Any objections not resolved must be filed in writing by Thursday before trial (**March 23, 2023**). The parties shall be available by telephone Friday before trial to discuss the issue raised with the Court (**March 24, 2023**).

  c.  The parties shall disclose the witnesses whom they will call at trial on any given day by at least 2:00 p.m. the court day before their testimony is expected. Failure to have a witness ready to proceed at trial will usually constitute resting.

    d.     The Court takes a photograph of each witness prior to the witness's testimony.

    e.     Other than a party or party representative, fact witnesses are excluded from the courtroom until they are called to testify, and may not attend in the gallery until their testimony is complete.

    f.     The Court does not typically allow bench conferences. If there are matters that need to be raised with the Court outside the presence of the jury, the parties should raise them in the morning before trial or during recess. With advance notice, the Court is usually available at 7:30 a.m. to address such matters.

**9. Miscellaneous**

    a.     <u>Please DO NOT call Chambers</u>. If you need to contact the Courtroom Deputy, please call (415) 522-2077 and leave a message if the deputy is not available, or email whocrd@cand.uscourts.gov.

    b.     <u>Copies</u>. Each document filed or lodged with the Court must be accompanied by a three-hole punched copy for use in the Judge's chambers. In addition, one copy of the witness and exhibit lists should be furnished to the court reporter.

    c.     <u>Change of Plea</u>. Counsel shall give prompt notice to the United States Attorney and to the Court of any intention to change a previously entered not guilty plea.

**IT IS SO STIPULATED.**                STEPHANIE M. HINDS
United States Attorney

Dated: December 29, 2022            /s/ DAVID J. WARD
Assistant United States Attorney

Date: December 29, 2022             /s/ ILHAM HOSSEINI
Assistant United States Attorney

Dated: December 29, 2022            /s/ ROBB ADKINS
Counsel for Defendant JOHN FRANCIS PORTER

**IT IS SO ORDERED.**

Dated: _____

HON. WILLIAM H. ORRICK
United States District Judge