# BakerHostetler

Baker&Hostetler LLP

Transamerica Pyramid Center
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806

T 415.659.2600
F 415.659.2601
www.bakerlaw.com

March 13, 2023

Robb C. Adkins
direct dial: 415.659.2650
radkins@bakerlaw.com

**VIA E-MAIL (DAVID.WARD@USDOJ.GOV;
ILHAM.HOSSEINI@USDOJ.GOV)**

David Ward
Ilham Hosseini
Assistant United States Attorney
United States Attorney's Office
Northern District of California
450 Golden Gate Ave., 11th Floor
San Francisco, CA 94102

Re:    *United States v. John Francis Porter, Case No. 22-CR-270-WHO - Expert Disclosure*

Dear David and Ilham:

This letter is in response to your letter dated March 2, 2023 in which you raised several concerns regarding our expert disclosure and intent to call Ann Ravel as an expert witness at trial. We have reviewed your letter and disagree with your contentions therein. We have sufficiently met the disclosure requirements of Federal Rule of Criminal Procedure 16, including the revisions recently enacted in December 2022.

First, as you know, "[a] witness may testify as an expert if he [or she] is qualified by knowledge, skill, experience, training or education, and his [or her] testimony: (a) will help the trier of fact understand the evidence or determine a fact in issue; (b) is based on sufficient facts or data; (c) is the product of reliable principles or methods; and (d) reliably applies the principles and methods to the facts of the case." *United States v. Shafi*, No. 15-CR-00582-WHO-1, 2018 WL 3159769, at *2 (N.D. Cal. June 28, 2018) (Orrick, J.). Evidence is relevant if it will "assist the trier of fact to determine and understand the facts at issue," *id.*, and the court serves a gatekeeping function, ensuring that expert testimony has "a reliable basis in the knowledge and experience of the relevant discipline." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999).

VIA E-MAIL (DAVID.WARD@USDOJ.GOV;
ILHAM.HOSSEINI@USDOJ.GOV)

David Ward
March 13, 2023
Page 2

Here, Ms. Ravel is a qualified attorney who has extensive experience in law and policy regarding campaign finance, conflicts of interest, and government ethics. Her testimony: (a) will assist the trier of fact to understand the evidence and determine facts at issue – namely the nature of "behested payments" and "friends of" organizations that were prominent during Mr. Porter's time at Recology and (b) is based on sufficient facts and data – to wit, the government's allegations concerning Lefty O'Doul's donations in the Superseding Indictment and California state and local laws cited in the report, including rules promulgated by the California Fair Political Practices Commission as well as other secondary sources. Regarding the application of reliable principles and methods, *"Daubert's* general holding applies to scientific and non-technical specialized knowledge, but importantly 'the test of reliability is flexible, and *Daubert's* list of specific factors neither necessarily nor exclusively applies to all experts or in every case.'" *Shafi*, 2018 WL 3159769, at *4 (citing *Kumho Tire Co.*, 526 U.S. at 141). Where, as here, the proposed expert testimony "'depends heavily on the knowledge and experience of the expert, rather than the methodology or the theory behind it,' strictly applying *Daubert* is not applicable." *Id.* (citing *United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000)). Here, like the expert in *Shafi*, Ms. Ravel's field of expertise depends more on her knowledge and experience than methodology. *See also United States v. Hankey*, 203 F.3d 1160 (9th Cir. 2000) (expert testimony was properly admitted where experts "generally testified based on their experience rather than based on any systematic methodology," and that such testimony "by itself does not undermine the reliability of their testimony."); *United States v. Williams*, 2016 WL 899145 (N.D. Cal. 2016) (Orrick, J.) (same).

Second, contrary to your contentions, Ms. Ravel's opinion at paragraphs 17 and 41 of the report that the Lefty O'Doul's payments resemble behested payments and that Mr. Porter's approval of such payments were consistent with state and local law is appropriate and well-founded based on her knowledge and experience. While we believe Ms. Ravel's report to be sufficient for the aforementioned reasons, we will attempt to address some of the points of clarification raised in your March 2, 2023 letter.

Ms. Ravel's testimony is limited. She reviewed the Superseding Indictment and identified that the payments to Lefty O'Doul's Foundation for Kids as they were described in that indictment—a request by a government employee that a corporate entity donate to a nonprofit for a city purpose—are behested payments, which were and are common in California and San Francisco generally. At the time, in California and locally, there was no prohibition against such payments. That is the extent of Ms. Ravel's anticipated testimony. The report details Ms. Ravel's significant experience supporting her opinions, explains with citations to sources demonstrating that behested payments were common, and identifies the applicable law on that issue. If the government's question is whether Ms. Ravel will testify that Mr. Porter's conduct was *legal* in general terms or otherwise did not violate federal law, she will not. Ms. Ravel is not testifying about the charges at issue (i.e. bribery and honest services mail and wire fraud) nor whether Mr. Porter intended to bribe Mohammed Nuru. Rather, her testimony will

**VIA E-MAIL (DAVID.WARD@USDOJ.GOV;**
**ILHAM.HOSSEINI@USDOJ.GOV)**

David Ward
March 13, 2023
Page 3

provide important context, which is key to understanding the circumstances surrounding Mr. Porter's actions and decisions.

We believe bullet points 1-3 on page 2 of your March 2, 2023 letter are various iterations of the same question and can be answered together. In response to bullet points 1-3 of your letter, as indicated in her report, Ms. Ravel intends to testify that the payments to Lefty O'Doul's Foundation for Kids alleged in the Superseding Indictment resemble the legal definition of a behested payment as provided by the California Fair Political Practices Commission rules. To be clear, the California Fair Political Practices Commission rules provide that "a payment is considered 'behested' . . . if it is made at the request, suggestion, or solicitation of, or made in cooperation, consultation, coordination or concert with the public official and for legislative, governmental or charitable purpose." Accordingly, Ms. Ravel will testify that the Lefty O'Doul's donations described in the Superseding Indictment as payments requested by Mohammed Nuru to Lefty O'Doul's to fund the DPW holiday party are behested payments. To that end, such payments were "consistent with the state and local law regarding behested payments" as indicated in Ms. Ravel's report. Ms. Ravel will not testify to whether the Lefty O'Doul's payments were ultimately *unlawful* payments in that they were used for some unlawful end – i.e. to bribe or otherwise. We believe it is important for the jury to understand the definition, context and circumstances surrounding behested payments prevalent at the time Mr. Porter approved the Lefty O'Doul's payments, which form the central allegations in the Superseding Indictment. Without Ms. Ravel's testimony, the jury would be left to draw the incorrect inference that the form of a behested payment was itself prohibited and thus must, by its nature, have been unlawful. The bases of Ms. Ravel's opinion, as discussed above, are her knowledge and experience with behested payments and the state and local rules cited throughout the report including the California Fair Political Practices Commission rules discussed above.

Regarding bullet points 4 and 5 on page 2 of your March 2, 2023 letter, Rule 16 does not require that we provide a list or copy of documents reviewed by Ms. Ravel. Nevertheless, the documents used by Ms. Ravel are cited in her report with links and in many instances attached in the Appendix which is over 300 pages. At this time, we do not intend to introduce any documents through Ms. Ravel that are not cited in her report or attached thereto. If that changes, we will promptly let you know.

As stated in her report, Ms. Ravel is qualified by her knowledge, skill, experience, and education to opine on concepts central to the issues in this case including the definition, use, and prevalence of "behested payments" during the relevant time period. (*See* Report pages 1-3). Although the 2022 revisions to Rule 16 were designed to address the lack of adequate specificity regarding what information must be disclosed and the amendments now require "a complete statement of all opinions the expert will provide," Rule 16 "does not require a verbatim recitation of the testimony the expert will give at trial." Fed. R. Crim. P. 16, Advisory Committee Notes. Ms. Ravel's report is more than sufficient to satisfy Rule 16's requirements.

**VIA E-MAIL (DAVID.WARD@USDOJ.GOV;
ILHAM.HOSSEINI@USDOJ.GOV)**

David Ward
March 13, 2023
Page 4

Sincerely,

Robb C. Adkins
Partner