

**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

*11th Floor, Federal Building*       *(415)436-7200*
*450 Golden Gate Ave., Box 36055*
*San Francisco, CA 94102-3495*       *FAX: (415)436-7234*

March 2, 2023

Robb Adkins
Chardaie Charlemagne
Sam Camardo
BakerHostetler
Transamerica Pyramid Center
600 Montgomery Street, Suite 3100
San Francisco, CA 94111

      Re:    <u>United States v. John Francis Porter</u>
                 CR-22-0270 WHO

Dear Counsel:

      We received your Expert Report of Ann Ravel, notifying the government of your intention to call Ms. Ravel as an expert witness at trial. This disclosure was made on February 27, 2023, the stipulated deadline date for expert disclosures.

      We have reviewed your report and believe that it fails to meet the disclosure requirements of Federal Rule of Criminal Procedure 16, including the revisions to the Rule which went into effect in December 2022. This leaves us unable to effectively assess whether and on what bases we may seek to exclude or limit her testimony.

      Under the 2022 revisions to Rule 16, if a defendant intends to introduce any testimony under Fed. R. Evid. 702, 703, or 705, the defendant must disclose to the government in a timely manner, all of the following: 1) a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case in chief; 2) the bases and reasons for them; 3) the witness's qualifications, including a list of all publications authored in the previous 10 years, and; 4) a list of all other cases in which, during the previous four years, the witness has testified as an expert at trial or by deposition. *Fed. R. Crim. P. 16 (b)(1)(C)(iii)*.

      Here, your 10-page expert report contains three pages reciting Ms. Ravel's background and experience, and then six pages of proposed testimony describing behested payments generally, and their use in unrelated instances in San Francisco. The single opinion related to the payments to the Lefty O'Doul's Foundation for Kids alleged in the indictment is the following:

> *This type of payment resembles what is known as a "behested payment," which is a payment made to third-party organization (sic), often a nonprofit organization, because of a public official's request.* Ravel Report ¶ 17.

1

Despite no additional information or explanation, Ms. Ravel concludes that:

> "[t]he actions of Mr. Porter in approving funding to the non-profit Lefty O'Doul's Foundation for Kids to host a public employee celebration were consistent with the State and Local law regarding behested payments." Ravel Report ¶ 41.

The report contains no explanation of the bases or the reasons for these conclusions. Absent a sufficient disclosure, the government is unable to timely challenge the admissibility of the expert's opinions, and is unable to adequately prepare for cross examination. This is exactly what Fed. R. Crim. P. 16's disclosure requirements are designed to prevent. Among other things, the Advisory Committee Note to the 1993 Amendments to the rule make this abundantly clear. *See Fed. R. Crim. P. 16, Advisory Comm. Notes, 1993 Amendment.* ("[t]he amendment requires a summary of the bases relied upon by the expert. That should cover not only written and oral reports, tests, reports, and investigations, but any information that might be recognized as a legitimate basis for an opinion under Federal Rule of Evidence 703, including opinions of other experts.").

The December 2022 revisions enhance and increase the Rule 16 expert disclosure requirements, requiring "a *complete* statement of *all* opinions that the defendant will elicit from the witness in the defendant's case in chief, *and* the bases and reasons for them." *Fed. R. Crim. P. 16* (Dec. 2022 Amendments) (italics added).

Therefore, we ask that you amend your expert disclosure to, at a minimum, address the following points:

- Does Ms. Ravel intend to testify that any or all of the payments to the Lefty O'Doul's Foundation for Kids alleged in the Superseding Indictment met the legal requirements of a behested payment? If so, please disclose all the bases and reasons for that opinion, including any documents, witness testimony, or other support she relied upon.

- What does Ms. Ravel mean and what is the bases and reasons for her statement that the *type of* payments made to the Lefty O'Doul's Foundation in the Superseding Indictment *resemble* at behested payment?

- Please disclose the basis and reasons for Ms. Ravel's opinion that defendant Porter's actions in approving payments to the Lefty O'Doul's Foundation for Kids alleged in the indictment "*were consistent with the State and Local Law regarding behested payments*." Please specify which laws.

- Please provide us with a description of the legal research Ms. Ravel relied upon and any legal opinions (including citations) that Ms. Ravel intends to testify to at trial.

- Please provide us a list or copy of the documents Ms. Ravel reviewed or relied upon in reaching her conclusions, and a list of any additional documents or other exhibit that Ms. Ravel will asked about at trial.

The parties stipulated a deadline of February 27, 2023 for expert disclosures, and a deadline of March 27, 2023 for disclosure of any rebuttal experts. Given these deadlines, we request that you supplement your expert disclosure to meet the requirements of Rule 16 as soon as possible, but no later than **Monday, March 6.** We further request that you agree to a reasonable extension to the government's March 27, 2023 deadline to disclose a rebuttal expert, if necessary.

Separately, the government agreed to and has produced the bulk of its Rule 16 discovery. We have received no reciprocal discovery. We again request that you produce forthwith all

reciprocal discovery to which the government is entitled to under Federal Rules of Criminal Procedure 16(b) and (c) and 26.2, including, but not limited to, the following:

1. Inspection and/or copies of all books, papers, documents, photographs, tangible objects, or portions thereof in the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in his case-in-chief at trial.

2. Inspection and/or copies of the results of any reports of physical or mental examinations and of scientific tests or experiments made in connection with the above-entitled case within the possession or control of the defendant which the defendant intends to introduce as evidence in his case-in-chief at trial or which have been prepared by a witness whom the defendant intends to call at trial.

3. Inspection and/or copies of all statements made by all witnesses whom the defendant intends to call at trial.

Finally, the government also requests notice of any intention of your client to rely on any type of advice of counsel defense for the charged offenses, or any good faith defense.

Please contact us if you have any questions concerning the foregoing. We are happy to have a conference call to discuss if you would like.

Very truly yours,

STEPHANIE M. HINDS
United States Attorney

  */s/ David Ward*
DAVID WARD
ILHAM HOSSEINI
Assistant United States Attorneys