# **EXHIBIT D**

| | |
|---|---|
| **From:** | Ward, David (USACAN) |
| **To:** | Adkins, Robb C.; Charlemagne, Chardaie C.; Camardo, Sam |
| **Cc:** | Hosseini, Ilham (USACAN) |
| **Subject:** | RE: Discovery, Exhibit List, 404(b) |
| **Date:** | Friday, April 7, 2023 2:11:12 PM |

Hi Robb, Chardaie, and Sam —

We are reserving the right to cross Mr. Porter on anything that would be relevant and admissible. I don't think we can agree now to limitations on the cross. Certainly his firing for misconduct, and the circumstances surrounding that, are in our view very relevant. Overall, we can't agree to any limit on that now because we don't know yet what Mr. Porter will say.

In term of introducing extrinsic evidence about the rate error and Porter's firing, as you know, 608(b) generally does not allow the use of extrinsic evidence, with some limited exceptions. So to the extent the door is open or there is an exception, or the issue becomes relevant to a non-608(b) matter during the course of the trial, we would reserve our right to introduce extrinsic evidence as appropriate.

On the DPA, we will add that to our exhibit list and reserve the right to admit that if appropriate. As we mentioned, the list we sent you was not final and we will be adding some additional exhibits.

On Mookie Nuru's internships, as we made clear in our email to you all on February 13, the payments for Mookie Nuru's internships – at Recology and APACC – are part of the alleged stream of benefits paid to Nuru as part of the honest services fraud conspiracy.

On the Jury Instructions, we don't have to file the joint instructions until April 18. I will try and get you my proposed instructions as soon as possible, but no later than April 11. I will aim for earlier. Can you also provide to us by that date any non-Model instructions you would like included?

Finally, we are likely to notice a rebuttal expert that we may call in the event your expert is not excluded. We stipulated to a deadline of April 10 for that disclosure. Could we ask you for a short extension – until April 12 – to disclose his expert report?

Thanks,

Dave & Ilham

---

**From:** Adkins, Robb C. <radkins@bakerlaw.com>
**Sent:** Tuesday, April 4, 2023 6:10 PM
**To:** Ward, David (USACAN) <DWard@usa.doj.gov>; Charlemagne, Chardaie C. <ccharlemagne@bakerlaw.com>; Camardo, Sam <scamardo@bakerlaw.com>
**Cc:** Hosseini, Ilham (USACAN) <IHosseini@usa.doj.gov>
**Subject:** [EXTERNAL] RE: Discovery, Exhibit List, 404(b)

Dave,

Thank you for your email.  We understand your reservation regarding the defense opening the door to the issue.  Assuming the defense does not open the door, however, we'd like to better understand what you're reserving the right to do if Mr. Porter testifies.  Do you intend solely to cross examine Mr. Porter on this information under Rule 608(b) if he testifies or are you also reserving the right to put on extrinsic evidence of the rate error and termination?  Further, are you reserving the right to address all issues related to the rate error (i.e., the magnitude of the error, the SF lawsuit, and Recology's settlement) or just to question Mr. Porter regarding whether he was terminated and if the basis for that termination was Recology's view the he was not forthcoming about an issue (leaving the rate error out of it)?  Based on your email below, we still intend to move in limine to exclude the rate error and Mr. Porter's termination, even under Rule 608.  But further clarification could help narrow those issues.

Another issue we discussed a few weeks ago was Recology's Deferred Prosecution Agreement.  On the call, we understood the Government's position that the Recology DPA could come into evidence to show that Recology agreed a crime had been committed, and that it had cooperation obligations.  We did not see the DPA on your exhibit list.   You also previously emailed that you intend to introduce evidence related to Mr. Nuru's son's internships.   We're considering moving in limine to exclude the DPA  and the internships, but wanted to confirm your position.

One other item we discussed was the jury instructions.  You mentioned that you would be sending a set of proposed instructions and then we can likely agree with the vast majority of those and identify any proposed changes or different instructions, if any.  Given the short deadline and to allow some time for us to discuss, could you please send your set of proposed jury instructions this week?

Last, thank you for sharing the Government's current exhibit list.  We are reviewing those documents this week and will respond with any additional documents on Tuesday, April 11, as well as let you know whether we have any questions regarding the list.

Thanks,

Robb

**From:** Ward, David (USACAN) <David.Ward@usdoj.gov>
**Sent:** Saturday, April 1, 2023 3:37 PM
**To:** Adkins, Robb C. <radkins@bakerlaw.com>; Charlemagne, Chardaie C. <ccharlemagne@bakerlaw.com>; Camardo, Sam <scamardo@bakerlaw.com>
**Cc:** Hosseini, Ilham (USACAN) <Ilham.Hosseini@usdoj.gov>
**Subject:** Discovery, Exhibit List, 404(b)

[External Email: Use caution when clicking on links or opening attachments.]

Robb, Chardaie, Sam – Please see attached discovery letter, as well as a draft exhibit list, as we

discussed.   At this time, the government does not seek to admit evidence at trial pursuant to Fed. R. Evid. 404(b), including evidence that John Porter was fired for misconduct for concealing and failing to report his discovery of an error in the calculation of Recology's rates that was used in the company's 2016-2017 rate increase application to the City of San Francisco. The government reserves the right, however, to introduce evidence on this topic should the defense open the door during the government's case in chief.  The government further reserves the right to introduce this evidence in cross-examination and/or in any rebuttal case, including its introduction under Fed. R. Evid 608.

Regards,

Dave

**David J. Ward**
Assistant United States Attorney
U.S. Attorney's Office for the Northern District of California
Office: (415) 436-6934
Cell: (415) 361-6146

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content of this email is limited to the matters specifically addressed herein and may not contain a full description of all relevant facts or a complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.