# **EXHIBIT H**

| | |
|---|---|
| 1  DENNIS J. HERRERA, State Bar No. 139669<br>   City Attorney<br>2  RONALD P. FLYNN, State Bar No. 184186<br>   Chief Deputy City Attorney<br>3  YVONNE R. MERÉ, State Bar No. 173594<br>   Chief of Complex and Affirmative Litigation<br>4  KESLIE STEWART, State Bar No. 184090<br>   Head Attorney for Public Integrity<br>5  ANDREW SHEN, State Bar No. 232499<br>   Head Attorney, Ethics and Elections<br>6  1390 Market Street, 7th Floor<br>   San Francisco, California 94102-5408<br>7  Telephone:    (415) 554-3874<br>   Facsimile:    (415) 437-4644<br>8  Email:         yvonne.mere@sfcityatty.org | **ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br><br>**03/04/2021**<br>**Clerk of the Court**<br>BY: JACKIE LAPREVOTTE<br>Deputy Clerk |

Attorneys for Plaintiffs
PEOPLE OF THE STATE OF CALIFORNIA,
acting by and through DENNIS J. HERRERA
AS CITY ATTORNEY OF SAN FRANCISCO
and the CITY AND COUNTY OF SAN FRANCISCO

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, acting by and through DENNIS J. HERRERA AS CITY ATTORNEY OF SAN FRANCISCO; and CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation;<br><br>    Plaintiff,<br><br>    vs.<br><br>RECOLOGY SAN FRANCISCO; SUNSET SCAVENGER COMPANY; GOLDEN GATE DISPOSAL & RECYCLING COMPANY; and DOES 1 THROUGH 10,<br><br>    Defendants. | Case No. **CGC-21-590091**<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF, RESTITUTION, AND CIVIL PENALTIES** |

Plaintiffs, the PEOPLE OF THE STATE OF CALIFORNIA ("People"), by and through Dennis J. Herrera, San Francisco City Attorney, and THE CITY AND COUNTY OF SAN FRANCISCO (the "City") (collectively "Plaintiffs") bring this action against RECOLOGY SAN FRANCISCO, SUNSET SCAVENGER COMPANY, GOLDEN GATE DISPOSAL & RECYCLING COMPANY, and Does 1 through 10 (collectively, "SF Recology Companies" or "Defendants" or "Companies"), and allege as follows:

## INTRODUCTION

1. SF Recology Companies collect and dispose of refuse in San Francisco under the Refuse Collection and Disposal Ordinance ("Refuse Ordinance"), enacted in 1932. With that privilege comes the obligation to act fairly and lawfully with the City and its residents. SF Recology Companies failed to do so.

2. As alleged in the November 2020 federal indictment of a former employee of the SF Recology Companies, the SF Recology Companies regularly provided gifts of money, meals, and accommodations to City employees with the intent to influence City decisions impacting the SF Recology Companies. Most of those unlawful monetary gifts were hidden from the public view when they were passed through non-profits.

3. In addition, in the 2017 rate-making process, the SF Recology Companies omitted substantial revenues in their application for an upward adjustment of rates. That omission was not caught during the 2017 rate-making process, which resulted in the approval of excessive rates. The result is that San Francisco residents and companies have been paying excessive rates since July 1, 2017.

4. The City brings this action to require the SF Recology Companies to return to rate payers the excessive rates charged, and to enjoin SF Recology Companies from giving future unlawful gifts to their regulator with the intent to influence rate-making decisions.

## JURISDICTION AND VENUE

5. The Superior Court of the State of California has subject matter jurisdiction over the claims pled in this action and has personal jurisdiction over Defendants because they are located in the

//

1  State of California and Defendants' activities, which give rise to this action, occurred in the State of
2  California.
3        6.      Venue is proper under Code of Civil Procedure section 393(a), because the unlawful
4  acts and activities giving rise to this action occurred within the City and County of San Francisco.

## PARTIES

6        7.      Plaintiff, People of the State of California, by and through San Francisco City Attorney,
7  Dennis J. Herrera, prosecutes this action in the name of the People of the State of California to enforce
8  California's Unfair Competition Law.  Bus. & Prof. §17200.
9        8.      Plaintiff, City and County of San Francisco, is a municipal corporation organized and
10 existing under and by virtue of the laws of the State of California, and is a charter city and county.
11       9.      Defendant, SF Recology Companies, includes three California corporations which are
12 privately-held, employee-owned businesses that have transacted and continue to transact business
13 throughout California, including within the City.
14       10.     The true names and capacities—whether individual, corporate, associate, or
15 otherwise—of Defendants sued herein under the fictitious names Does 1 through 10, inclusive, are
16 currently unknown to Plaintiffs.  Plaintiffs will seek leave of the Court to amend this Complaint to
17 allege such names and capacities as soon as they are ascertained.

## BACKGROUND FACTUAL ALLEGATIONS

19       11.     The Refuse Ordinance created a permitting and regulatory scheme over refuse
20 collection in San Francisco.  That scheme vests the City with authority to approve and set the
21 maximum rate that refuse collectors may charge to residential customers.  The rates must be "just and
22 reasonable" and are set by a Refuse Collection and Disposal Rate Board ("Rate Board"), a body
23 consisting of the City Administrator, the General Manager of the San Francisco Public Utilities
24 Commission, and the Controller.  Rate Board members may designate subordinates to act in their place
25 on the Rate Board.
26       12.     Pursuant to the Refuse Ordinance, any application for adjustments of the residential
27 refuse rates must be submitted to the City Administrator as Chair of the Rate Board.  The Chair must
28 then refer the application to the Director of Public Works ("Director").  To ensure the rates are just and

reasonable, the City has required the SF Recology Companies to include in their applications all of their expected revenues and costs, based on assumptions from historical data and known information from ongoing contractual requirements. SF Recology Companies must also identify their anticipated commercial rates and costs as part of the rate application. So, the rate application includes information relating to both residential and commercial rates. SF Recology Companies' commercial rates during all relevant times have been calculated based on the approved residential rates.

13. The Director is responsible for ensuring that the rate-making process is fair to rate payers and permitted refuse collection companies, bearing responsibility for reviewing rate applications, convening public hearings for rate adjustments, and considering objections. At the end of that public process, the Director issues a report and recommended order and files these with the Chair of the Rate Board. Any objections to the Director's recommended order are heard and resolved by the Rate Board. If there are no objections, the Director's recommended order is deemed effective after 15 days.

14. The SF Recology Companies have been the sole permitted providers of refuse collection and processing services in the City since at least 2009, and the residential rates that they can charge are set pursuant to the Refuse Ordinance, the Director's order, Rate Board order, the rate sheets setting permissible refuse collection rates, all based on the information included by the SF Recology Companies in their rate applications.

15. Because the SF Recology Companies necessarily seek to influence the Rate Board's decisions and the Director's recommendations during the rate-making process, Recology is a "restricted source" for members of the Rate Board as well as for the Director. The San Francisco Campaign and Governmental Conduct Code defines a "restricted source" to include any person who has knowingly attempted to influence a City officer or employee in any administrative or legislative action in the last year. C&GC Code § 3.216(b)(1). In practice, this means that the Director and Rate Board members cannot accept any non-cash gift worth more than $25 from Recology, more than four times in a calendar year, during the rate-making process.

16. Despite the City law limiting gifts from restricted sources, Mohammed Nuru, the former Director, regularly solicited funds from the SF Recology Companies for the benefit of himself

and City employees; and from 2017-2020 the SF Recology Companies regularly provided gifts of money, meals, and accommodations to City officers and employees with the intent to influence City decisions impacting the SF Recology Companies. In some instances, SF Recology Companies took steps to conceal the unlawful gifts by providing the money to a non-profit, but with the intent that the money was to be used at the discretion of the former Director, for employee holiday parties hosted by the former Director and former City Administrator.

17. In September 2016, SF Recology Companies gave the Rate Board notice of intent to apply for refuse rate adjustments and later submitted an application for rate increases to take effect starting July 1, 2017. To justify these increases, SF Recology Companies asserted that their expected revenues were insufficient to cover expected costs plus an allowable profit. That profit is referred to as SF Recology Companies "operating ratio." But SF Recology Companies failed to accurately account for revenues they were slated to receive from rate payers that were ear-marked for the Zero Waste Incentive Fund and the Impound Account. The under-reporting of these revenues resulted in Director Nuru recommending a higher rate increase than was actually warranted. For rate year July 1, 2017, to June 30, 2018, Nuru recommended an increase of more than 14% when the actual revenues only supported an increase of less than 7%.

18. The omission of that revenue was not caught during the 2017 rate-making process. Although the Rate Board heard objections on other issues, the omitted revenue was not raised before the Rate Board, and the Rate Board approved the rate increases going into effect for rate year 2017-2018. As a result, effective July 1, 2017, Recology began receiving at least $22 million a year more from residential and commercial rate payers than was justified by the allowable operating ratio used in the rate-making process. Each year since then, residential and commercial rate payers in the City have been paying an inflated, unjustified rate.

19. Public Works noted a discrepancy in the revenues and raised it with SF Recology Companies in summer 2018. In December 2018, SF Recology Companies identified an error and discussed it with Public Works, then overseen by former Director Nuru, but no action was taken by the SF Recology Companies or Public Works to publicly disclose or correct the error. Instead, SF Recology Companies continued to collect the excessive rates from rate payers for another two years,

despite having the express authority to charge the lower corrected-rates under the Refuse Ordinance. From July 1, 2017 to June 30, 2021, the over-collection from rate payers due to this error would exceed $92.7 million.

20. The process to increase rates is governed by the Refuse Ordinance, so the SF Recology Companies will likely be involved in that process in the future.

**FIRST CAUSE OF ACTION**
**INJUNCTIVE RELIEF, RESTITUTION, AND CIVIL PENALTIES FOR VIOLATIONS OF BUSINESS AND PROFESSIONS CODE SECTION 17200**
**(BROUGHT BY THE PEOPLE OF THE STATE OF CALIFORNIA AGAINST ALL DEFENDANTS)**

21. The People reallege and incorporate by reference each allegation contained in the above paragraphs as if fully set forth herein.

22. California Business and Professions Code section 17200 prohibits any "unlawful, unfair or fraudulent business act or practices."

23. Since at least 2017, Defendants have engaged, and continue to engage, in acts or practices that are unlawful, unfair, or fraudulent and which constitute unfair competition within the meaning of section 17200 of the Business and Professions Code. These acts or practices include, but are not limited to, the following:

   a. violating San Francisco Campaign and Governmental Conduct Code section 3.216(a) by regularly making monetary and in-kind gifts to City officers and employees with the intent to influence governmental decisions;

   b. aiding and abetting monetary and in-kind impermissible gifts to "restricted sources," as that term is defined in San Francisco Campaign and Governmental Conduct Code section 3.216(b)(1);

   c. omitting revenue information from the 2017 Rate Application which resulted in inflated allowable rates; and

   d. collecting in excess of $22 million extra each year from rate payers, despite becoming aware of the omission error in 2018.

//

6
COMPLT. FOR INJ. RELIEF, RESTITUTION, AND CIV. PENALT., Case No.

**SECOND CAUSE OF ACTION FOR
INJUNCTIVE RELIEF FOR VIOLATIONS OF
SAN FRANCISCO'S CAMPAIGN AND GOVERNMENTAL CONDUCT CODE
(BROUGHT BY THE CITY AD COUNTY OF SAN FRANCISCO
AGAINST ALL DEFENDANTS)**

24. The City realleges and incorporates by reference each allegation contained in the above paragraphs as if fully set forth herein.

25. San Francisco Campaign and Governmental Conduct Code Section 3.216(a) states that, "[n]o person shall offer or make, and no officer or employee shall accept, any gift with the intent that the City officer or employee will be influenced thereby in the performance of any official act."

26. Since at least 2017, Defendants have engaged in a pattern of making direct and indirect monetary and in-kind gifts to City officers and employees with the intent to curry favor and influence governmental decisions in violation of Section 3.216(a).

27. Defendants have violated Section 3.216(a) by:

    a. disguising regular monetary gifts to City employees and departments as charitable contributions to non-profit organizations;

    b. funding a holiday party for City employees hosted by the Director of Public Works and the City Administrator; and

    c. providing meals and accommodations to City officers and employees.

All with the intent to influence City officers and employees engaged in the regulation and oversight of the SF Recology Companies.

**PRAYER FOR RELIEF**

Plaintiffs respectfully request that the Court enter judgment in favor of the City and the People and against Defendants, jointly and severally, as follows:

1. That the Court enjoin Defendants, their successors, agents, representatives, employees, assigns, and any and all other persons who act in concert or participation with Defendants, by permanently restraining them from performing or proposing to perform or aiding and abetting any unfair competition as defined in Business and Professions Code section 17200, including, but not limited to the acts and practices alleged in this Complaint;

//

2. That the Court enjoin Defendants, their successors, agents, representatives, employees, assigns, and any and all other persons who act in concert or participation with Defendants, by permanently restraining them from performing or aiding and abetting any violation of San Francisco Campaign and Governmental Conduct Code sections 3.216(a)-(b), including, but not limited to the acts and practices alleged in this Complaint;

3. That the Court order Defendants to make restitution, with interest, to consumers (rate payers) for excess monies they paid in connection with their refuse collection which were received or acquired by Defendants by means of any practice that constitutes unfair competition, under the authority of Business and Professions Code section 17203;

4. That the Court assess a civil penalty of $2,500.00 against Defendants for each violation of Business and Professions Code section 17200, pursuant to Business and Professions Code section 17206;

5. That the Court assess a civil penalty of $5,000.00 against Defendants for each violation of San Francisco Campaign and Governmental Conduct Code section 3.216(a), pursuant to San Francisco Campaign and Governmental Conduct Code section 3.242;

6. That the Court order Defendants to pay the costs of suit, including costs of investigation; and

//
//
//
//
//
//
//
//
//
//
//

7. That the Court provide such further and additional relief as the Court deems just, proper and equitable.

Dated: March 4, 2021

                        DENNIS J. HERRERA
                        City Attorney
                        RONALD P. FLYNN
                        Chief Deputy City Attorney
                        YVONNE R. MERÉ
                        Chief of Complex & Affirmative Litigation
                        KESLIE STEWART
                        Head Attorney for Public Integrity
                        ANDREW SHEN
                        Head Attorney, Ethics and Elections

                By: */s/ Dennis J. Herrera*
                     DENNIS J. HERRERA

                     Attorneys for Plaintiffs PEOPLE OF THE STATE OF CALIFORNIA, acting by and through DENNIS J. HERRERA AS CITY ATTORNEY OF SAN FRANCISCO and the CITY AND COUNTY OF SAN FRANCISCO