# EXHIBIT I

DENNIS J. HERRERA, State Bar No. 139669
City Attorney
RONALD P. FLYNN, State Bar No. 184186
Chief Deputy City Attorney
YVONNE R. MERÉ, State Bar No. 173594
Chief of Complex and Affirmative Litigation
KESLIE STEWART, State Bar No. 184090
Head Attorney for Public Integrity
ANDREW SHEN, State Bar No. 232499
Head Attorney, Ethics and Elections
1390 Market Street, 7th Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3874
Facsimile:      (415) 437-4644
E-Mail:         yvonne.mere@sfcityatty.org

Attorneys for Plaintiffs
PEOPLE OF THE STATE OF CALIFORNIA,
acting by and through DENNIS J. HERRERA
AS CITY ATTORNEY OF SAN FRANCISCO
and the CITY AND COUNTY OF SAN FRANCISCO

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**07/07/2021**
**Clerk of the Court**
BY: MADONNA CARANTO
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, acting by and through DENNIS J. HERRERA AS CITY ATTORNEY OF SAN FRANCISCO; and CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; | Case No. CGC-21-590091 |
| Plaintiff, | **NOTICE OF ENTRY OF CONSENT JUDGMENT** |
| vs. | Date Action Filed:     March 4, 2021 |
| RECOLOGY SAN FRANCISCO; SUNSET SCAVENGER COMPANY; GOLDEN GATE DISPOSAL & RECYCLING COMPANY; and DOES 1 THROUGH 10, | Trial Date:              None set |
| Defendants. | |

PLEASE TAKE NOTICE that on June 30, 2021, the Honorable Ethan P. Schulman, Judge of the Superior Court, entered a Consent Judgment in the above-entitled case.  The Consent Judgment was filed with this Court on June 30, 2021.

A true and correct copy of the Consent Judgment is attached as Exhibit A.

Dated:  July 7, 2021

DENNIS J. HERRERA
City Attorney
RONALD P. FLYNN
Chief Deputy City Attorney
YVONNE R. MERÉ
Chief of Complex & Affirmative Litigation
KESLIE STEWART
Head Attorney for Public Integrity
ANDREW SHEN
Head Attorney, Ethics and Elections


By:    *Yvonne R. Meré*
YVONNE R. MERÉ
Attorneys for Plaintiffs PEOPLE OF THE STATE OF CALIFORNIA, acting by and through DENNIS J. HERRERA AS CITY ATTORNEY OF SAN FRANCISCO and the CITY AND COUNTY OF SAN FRANCISCO

## PROOF OF SERVICE

I, Martina Hassett, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On July 7, 2021, I served the following document(s):

### NOTICE OF ENTRY OF CONSENT JUDGMENT

on the following persons at the locations specified:

| | |
|---|---|
| Tiffany Cheung<br>Margaret Buckles<br>Joshua Hill, Jr.<br>Christine Y. Wong<br>Morrison & Foerster LLP<br>425 Market Street<br>San Francisco, CA 94105<br>Telephone: (415) 268-6848<br>Facsimile: (415) 268-7522<br><br>Email: TCheung@mofo.com<br>          MBuckles@mofo.com<br>          JHill@mofo.com<br>          ChristineWong@mofo.com<br><br>*Attorneys for Defendants Recology, Inc.,*<br>*Recology San Francisco, Recology Golden*<br>*Gate, Sunset Scavenger Company, and Golden*<br>*Gate Disposal & Recycling Company* | David R. Ongaro<br>Scott S. Shepardson<br>Eugene Frid<br>ONGARO PC<br>1604 Union Street<br>San Francisco, CA 94123<br>Telephone: (415) 433-3900<br>Facsimile: (415) 433-3950<br><br>Email: dongaro@ongaropc.com<br>Email: sshepardson@ongaropc.com<br>Email: efrid@ongaropc.com<br><br>*Attorneys for Plaintiffs William Villarroel,*<br>*Liese L. Sand and Robert F. Sand* |

in the manner indicated below:

☒      **BY ELECTRONIC MAIL:** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be served electronically through File & ServeXpress in portable document format ("PDF") Adobe Acrobat.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed July 7, 2021, at San Francisco, California.

*Martina Hassett*
Martina Hassett

NOTICE OF ENTRY OF CONSENT JUDGMENT: CASE NO. 590091          n:\cxlit\li2021\210412\01541656.docx

# EXHIBIT A

1  DENNIS J. HERRERA, State Bar No. 139669
   City Attorney
2  RONALD P. FLYNN, State Bar No. 184186
   Chief Deputy City Attorney
3  YVONNE R. MERÉ, State Bar No. 173594
   Chief of Complex and Affirmative Litigation
4  KESLIE STEWART, State Bar No. 184090
   Head Attorney for Public Integrity
5  ANDREW SHEN, State Bar No. 232499
   Head Attorney, Ethics and Elections
6  1390 Market Street, 7th Floor
   San Francisco, California 94102-5408
7  Telephone:     (415) 554-3874
   Facsimile:     (415) 437-4644
8  Email:         yvonne.mere@sfcityatty.org

9  Attorneys for Plaintiffs
   PEOPLE OF THE STATE OF CALIFORNIA,
10 acting by and through DENNIS J. HERRERA
   AS CITY ATTORNEY OF SAN FRANCISCO
11 and the CITY AND COUNTY OF SAN FRANCISCO

F I L E D
San Francisco County Superior Court

JUN 30 2021

CLERK OF THE COURT
BY: _____
                    Deputy Clerk

12

13              SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                    COUNTY OF SAN FRANCISCO

15                      UNLIMITED JURISDICTION

16 | PEOPLE OF THE STATE OF CALIFORNIA, | Case No. CGC-21-590091
   acting by and through DENNIS J. HERRERA
17 AS CITY ATTORNEY OF SAN
   FRANCISCO; and CITY AND COUNTY OF     **[PROPOSED] CONSENT JUDGMENT**
18 SAN FRANCISCO, a municipal corporation;

   Plaintiffs,                           Hearing Date:    June 30, 2021
19                                        Hearing Judge:   Honorable Ethan P. Schulman
   vs.                                    Time:            11:00 a.m.
20                                        Place:           Dept. 302

21 RECOLOGY SAN FRANCISCO; SUNSET         Date Action Filed:   March 4, 2021
   SCAVENGER COMPANY; GOLDEN GATE         Trial Date:          Not set
22 DISPOSAL & RECYCLING COMPANY; and
   DOES 1 THROUGH 20,                     Attached Documents:

23     Defendants.                        Exhibit A: Settlement Agreement
                                          Exhibit B: [PROPOSED] Stipulated Injunction

24

25

26

27

28

1    This Consent Judgement is entered into between Plaintiffs the PEOPLE OF THE STATE OF

2    CALIFORNIA, acting by and through San Francisco City Attorney Dennis J. Herrera, and the CITY

3    AND COUNTY OF SAN FRANCISCO, a municipal corporation, (the "City" or "San Francisco")

4    (collectively "Plaintiffs"), represented by their attorneys RONALD P. FLYNN, KESLIE STEWART,

5    ANDREW SHEN and YVONNE R. MERÉ, and Defendants RECOLOGY SAN FRANCISCO,

6    SUNSET SCAVENGER COMPANY, GOLDEN GATE DISPOSAL & RECYCLING COMPANY

7    (collectively, "SF Recology Companies" or "Defendants"), represented by their attorneys

8    JOSHUA HILL, JR. and CHRISTINE Y. WONG.  Plaintiffs and Defendants may be referred to below

9    collectively as the "Parties" and individually as a "Party."

10    The Parties have fully executed a Settlement Agreement and a [Proposed] Stipulated

11    Injunction.  These documents are attached hereto as Exhibits A and B respectively.  The Parties

12    stipulate that the terms set forth in Exhibit A and the final Exhibit B ordered and entered by the Court,

13    are incorporated into this Consent Judgment.  All of the terms and obligations arising from the

14    Settlement Agreement and court-ordered Stipulated Injunction, should be adjudicated and enforced

15    consistent with their respective terms.  The Parties stipulate that the San Francisco Superior Court

16    shall retain jurisdiction to ensure that the Parties comply with all terms and obligations contained in

17    the Settlement Agreement and the court-ordered Stipulated Injunction.

18

19    SO STIPULATED:

20                                                                    MORRISON & FOERSTER LLP

21    Dated:  6/29/21

22                                                                    JOSHUA HILL, JR.
                                                                     CHRISTINE Y. WONG
23                                                                   Attorneys for Recology San Francisco,
                                                                     Sunset Scavenger Company, Golden Gate
24                                                                   Disposal & Recycling Company

25

26

27

28

                                                         2

1

2

**DENNIS J. HERRERA**
**CITY ATTORNEY**

3    Dated:    6/29/2021

4                                                          YVONNE R. MERE
                                                          Deputy City Attorney
5                                                     Attorney for City and County of
                                                San Francisco and the People of the State of
6                                                                 California

7

**IT IS SO ORDERED:**

8

9    DATED:    June 30, 2021

10                                                       Judge of the Superior Court

11                                                       ETHAN P. SCHULMAN

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

# EXHIBIT A

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is between the City and County of San Francisco, a municipal corporation and charter city and county, including the City Attorney acting on behalf of the City and the People of the State of California (the "People" collectively the "City"), on the one hand, and Recology San Francisco, Sunset Scavenger Company, Golden Gate Disposal & Recycling Company (collectively, "SF Recology Companies") on the other hand. The City and the SF Recology Companies are also sometimes referred to individually as a "Party" and together as the "Parties." Unless otherwise defined in this Agreement, initially capitalized terms used in this Agreement shall have the meaning given them in Article 1 below.

## RECITALS

This Agreement is made with reference to the following facts and circumstances:

A.     On March 4, 2021, the City Attorney of the City and County of San Francisco (the "City Attorney"), on behalf of the City and County of San Francisco and the People of the State of California, commenced litigation in the Superior Court of California County of San Francisco (the "Court") against the SF Recology Companies in *People of the State of California and the City and County of San Francisco v. Recology San Francisco, Sunset Scavenger Company, Golden Gate Disposal & Recycling Company* (the "Lawsuit"). As described in further detail in the City's Complaint, the City contends that SF Recology Companies violated the City's Campaign and Governmental Conduct Code and the California Unfair Competition Law, Business and Professions Code Section 17200 *et seq.* (the "UCL") by submitting a model as part of its 2017 refuse rate application that inadvertently omitted certain revenue, resulting in a higher rate increase than would have occurred in the absence of the omission. While the SF Recology Companies disclosed the presence of the omission to San Francisco Public Works and San Francisco Department of the Environment, and their consultants, in December 2018, the City contends that SF Recology Companies failed to cease collection of the excess amounts from Ratepayers. In addition, the City contends that SF Recology Companies' employees exceeded the allowable limits on gifts to City employees and City officials in an attempt to influence City decisions affecting SF Recology Companies.

B.     By this Agreement, the SF Recology Companies agree to reimburse San Francisco Ratepayers for the additional amounts they paid for refuse collection due to the inflated allowable rate charged by SF Recology Companies; make a settlement payment for alleged violations of California's Unfair Competition Law and San Francisco Campaign and Governmental Conduct Code; and utilize the adjusted rate sheets attached to this Agreement at Exhibit A.

C.     As a condition of this Agreement, the City and the SF Recology Companies have entered into a comprehensive Stipulated Injunction and Judgment that they will file with the San Francisco Superior Court seeking the Court's approval and entry of judgment (attached as Exhibit B, the "Stipulated Injunction and Judgment").

D.     This Agreement and the negotiations and discussions leading up to this Agreement resulting in the settlement of claims, which are denied and contested, do not constitute, nor shall they be construed as, an admission of liability by the SF Recology Companies.  This Agreement does not constitute an admission by the SF Recology Companies that they have engaged in any unlawful act or overcharged for refuse collection; nor does this Agreement constitute an admission that the filed-rate doctrine and general prohibition on retroactive ratemaking are not lawful defenses to the City's alleged claims.  The SF Recology Companies expressly deny that they have engaged in any unlawful act and deny liability for all claims any other Party had, has, or may have against them.

## AGREEMENT

Accordingly, to settle and avoid the risks and costs of litigation, in consideration of the mutual covenants and agreements in this Agreement, and for other good and valuable consideration, the receipt and adequacy of which are acknowledged, the Parties agree to the following terms and conditions as a complete and final resolution of the Lawsuit:

## ARTICLE 1
### DEFINITIONS

**1.1   Definitions**

For purposes of this Agreement, the following terms shall have the meaning set forth below.

(a) "2017 Rate Application" shall mean the Rate Application SF Recology Companies submitted to the City on February 10, 2017, proposing to increase the residential refuse rate.

(b) "Board of Supervisors" means the Board of Supervisors of the City and County of San Francisco.

(c)  "Compliance Period" shall mean the time period beginning as of the Effective Date and ending four years later.

(d) "Effective Date" means the operative date of this Agreement as provided in Section 2.1 of this Agreement.

(e) "Lawsuit" has the meaning set forth in Recital A of this Agreement.

(f)  "Omission Error" means SF Recology Companies' failure to account for revenues in two separate accounts, the Impound Account and the Zero Waste Incentive Account, in its 2017 Rate Application.  The spreadsheets submitted with the 2017 Rate Application erroneously omitted those amounts, resulting in lower overall revenues which resulted in a higher rate increase than would have occurred in the absence of the omitted amounts.

(g) "Parties" has the meaning set forth in the first paragraph of this Agreement.

(h) "Rate Application" means any application submitted by the SF Recology Companies to adjust the maximum rates it may charge San Francisco residents for the collection and disposal of refuse pursuant to the Refuse Ordinance, including any supporting documentation and amendments submitted by the Recology SF Companies.

(i) "Rate Order" means an order issued or deemed effective by the Director of Public Works, or the Rate Board if an appeal is taken from the Director of Public Works recommendation, in response to a Rate Application.

(j) "Ratepayers" means SF Recology Companies' residential and commercial customers with valid refuse collection accounts that were active at any time during the time period July 1, 2017 to March 31, 2021 (excluding customers with individual contracts to the extent not subject to the uniform published rates during that period).

(k) "Restitution Payment" shall have the meaning set forth in Section 2.2.1(a).

(l) "Stipulated Injunction and Judgment" has the meaning set forth in Recital C of this Agreement.

(m) "Superior Court" means the Superior Court of the City and County of San Francisco with jurisdiction over the Lawsuit.


## ARTICLE 2
### GENERAL TERMS; MONETARY PAYMENTS

**2.1    Effective Date**

The Effective Date of this Agreement shall be the date the following conditions have been satisfied:

(a)    A condition precedent to the validity of this Agreement is the execution of the Agreement by all Parties.  Once the Agreement is executed, the Parties will make best efforts to timely satisfy the following conditions, and the Parties are bound by their commitment to enter the Agreement unless and until a condition subsequent is not satisfied;

(b)    A condition to the validity of the Agreement is the lawful enactment of an ordinance authorizing the Agreement by the Board of Supervisors, acting in their sole discretion. Upon enactment of such an ordinance, the Parties shall submit the Stipulation Injunction and Judgment to the Superior Court; and

(c)    The final condition to the validity of the Agreement is the entry of the Stipulation Injunction and Judgment by the Superior Court.

**2.2      Monetary Payments**

**2.2.1 Restitution Payment**

(a).   Terms of Payment.  Pursuant to Business and Professions Code section 17203, the SF Recology Companies agree to make restitution, with interest, to Ratepayers for the full amount of the difference between the rate increases that would have resulted in the absence of the Omission Error and the rate increases that took effect on July 1, 2017, and subsequent rate increases through March 31, 2021, totaling $86,600,000, plus $7,920,000 interest through March 31, 2021, for a total of $94,520,000 (with interest) (referred to collectively and individually as "Restitution Payment(s)").  Interest was calculated at a fixed simple interest rate of 5% annually until March 31, 2021.  Any Restitution Payments made after April 1, 2021 will include additional interest calculated at the same rate.

The SF Recology Companies will pay the Restitution Payment to Ratepayers in accordance with the following schedule:

Within 30 days of the Effective Date of this Agreement, SF Recology Companies will do all of the following: (1) identify all Ratepayers; and (2) calculate the amount of money to which each Ratepayer is entitled as a result of the Omission Error.  SF Recology Companies will share with the City the methodology utilized to calculate restitution and the amount per type of Ratepayer.

By September 1, 2021, SF Recology Companies will pay restitution to all Ratepayers who have active refuse collection accounts and are eligible for a Restitution Payment.  If a Ratepayer's refuse collection account is past due, SF Recology Companies may apply the restitution to the past due amount before paying the balance (if any) to the Ratepayer.

From the Effective Date of this Agreement to December 31, 2021, SF Recology Companies shall use robust and diligent efforts to locate Ratepayers who are entitled to a Restitution Payment but who no longer have active refuse collection accounts.  SF Recology Companies agree to use a combination of the following resources and strategies to ensure that the Restitution Payment reaches as many inactive Ratepayers who are entitled to a Restitution Payment as possible: historical internal contact information; public announcements; social media postings; radio; and any other effective means of communication.  SF Recology Companies will send refund checks to all Ratepayer with inactive accounts on a rolling basis.  Interest shall continue to accrue to and for the benefit of any Ratepayer who has not received a full refund of their share of the settlement proceeds, at a 5.00% simple annual interest rate.  Monthly reporting of all paid and unpaid balances must be submitted to the City by SF Recology Companies including the following information: customer type; account number; collection location; and most recent billing address information.

By January 31, 2022, SF Recology Companies shall prepare a report for the City detailing the efforts they have made to disburse the Restitution Payment to active and inactive Ratepayers.  SF Recology Companies must: (1) detail the total number of Ratepayers that have been reimbursed; (2) disclose the total amount of Restitution Payment made; (3) confirm that all

Ratepayers with active accounts have been reimbursed all restitutionary funds owed; (4) detail the total number of Ratepayers with inactive accounts that have been reimbursed and those who have not been located; (5) describe the efforts made to reach out and find Ratepayers with inactive accounts; and (6) tender a plan to the City to find additional Ratepayers with inactive accounts.  The City has the sole discretion to determine whether SF Recology Companies have taken sufficient action to locate and reimburse the inactive Ratepayers.  Should the City determine that SF Recology Companies should take additional steps to ensure that the Restitution Payment is properly and thoroughly made, the Parties shall meet and confer to develop an additional plan to find Ratepayers with inactive accounts.  If the City determines that all of the Restitution Payments have been made or that SF Recology Companies have done all they can reasonably do to find previous active Ratepayers, any remaining portions of the Restitution Payment shall be allocated as outlined below.

As of July 1, 2022, any portion of the Restitution Payment that has not been paid directly to active or inactive Ratepayers shall be placed in an interest-bearing account to be used to offset any future rate increases.

SF Recology Companies are jointly and severally liable to make the Restitution Payment.

### 2.2.2 Settlement Payment

(a).  Terms of Payment.  Pursuant to Business and Professions Code section 17206, SF Recology Companies shall pay the City $7,000,000 for alleged violations of the UCL and San Francisco Campaign and Governmental Conduct Code section 3.216 et seq. (the "Settlement Payment").  SF Recology Companies agree to make the Settlement Payment in full no later than 90 days after the Effective Date of this Agreement.  Payment shall be made with immediately available funds delivered to the City Attorney by wire-transfer in accordance with written wire instructions provided by the City; or, if payment is made by business check, payment should be made out to City and County of San Francisco and sent to Yvonne R. Meré, San Francisco City Attorney's Office, 1390 Market Street, 7th Floor, San Francisco, CA  94102.

SF Recology Companies are jointly and severally liable to make the Settlement Payment.

### 2.3    Interim Refuse Rates

SF Recology Companies agree to a downward adjustment to the residential and commercial refuse rates, to take effect no later than April 1, 2021.  To that end, the Parties have agreed to adjusted refuse collection rates.  Those rates are attached to this Agreement at Exhibit A.  The Parties acknowledge that those adjusted refuse rates, in conjunction with the Restitution Payment, cure the Omission Error and will remain in effect until a new Rate Order is issued, and that the adjusted rates remain subject to any permissible cost of living increases provided for in the 2017 Rate Order.

# ARTICLE 3
## SETTLEMENT AND RELEASE OF CLAIMS; ENFORCEMENT

**3.1**     **City's Release of Claims against SF Recology Companies**

In consideration of the promises, conditions and covenants contained in this Agreement, and except for any claims relating to a breach of any obligation by SF Recology Companies under this Agreement or the related Stipulated Injunction and Judgment, the City, on behalf of itself, its officials (including but not limited to its elective boards, appointive boards, including the Commission, and commissioners), agents, employees, attorneys, consultants, representatives, and the People, shall and do release abandon, and waive any and all claims, causes of action, damages, debts, demands, dues, rights of action, suits, sums of money, variances, or obligations of any kind or nature whatsoever, whether or not now known, matured or unmatured, liquidated or unliquidated, absolute or contingent, suspected or unsuspected, that it may have, hold, or own, or might have had, held, or owned against the SF Recology Companies or their parents, affiliates, and subsidiaries, and all their respective agents, assignees, attorneys, directors, employees, insurers, officers, predecessors, representatives, servants, subrogees, and successors up to and including the date this Agreement is executed, arising out of or relating to the 2017 Rate Application and gifts to City employees that were alleged in the Lawsuit against the SF Recology Companies, or could have been asserted based on the alleged conduct by SF Recology Companies, including any claims for overcharging for refuse collection, any administrative orders of suspension or debarment proceedings, or claims arising out of or related to the California False Claims Act, excluding, the following claims that the San Francisco City Attorney's Office, acting on behalf of the City and County of San Francisco or the People of the State of California under the UCL, lacks the authority or jurisdiction under local or state law to bring: municipal or state tax claims or liabilities; and claims for violation of criminal law.

Notwithstanding the preceding sentence, the City does not release enforcement of the Stipulated Injunction and Judgment or this Agreement.

**3.2**     **Release of Claims by SF Recology Companies against the City**

In consideration of the promises, conditions and covenants contained in this Agreement, and except for any claims relating to a breach of any obligation by the City or the People under this Agreement or the related Stipulated Injunction and Judgment, SF Recology Companies, on behalf of themselves, their officials (including but not limited to their agents, employees, attorneys, consultants, representatives, affiliates, predecessors, successors, and assigns) shall and do release abandon, and waive any and all claims, causes of action, damages, debts, demands, dues, rights of action, suits, sums of money, variances, or obligations of any kind or nature whatsoever, whether or not now known, matured or unmatured, liquidated or unliquidated, absolute or contingent, suspected or unsuspected, that it may have, hold, or own, or might have had, held, or owned against the City or the People or their parents, affiliates, and subsidiaries, and all their respective agents, assignees, attorneys, directors, employees, insurers, officers, predecessors, representatives, servants, subrogees, and successors up to and including the date this Agreement is executed, relating to the 2017 Rate Application and gifts to City employees

6

that were alleged in the Lawsuit against the SF Recology Companies or any other violation of state or local law that could have been asserted based on the conduct alleged in the Lawsuit, including all enforcement actions and prosecution of the Lawsuit by the City and People.

### Waiver of Civil Code Section 1542

The Parties expressly agree that the mutual release of claims are intended to and do extend to any and all claims the Parties may have against one another arising out of or related in any way to the Lawsuit, now or in the future, whether known or unknown, that are the subject of the releases described in Section 3.2 above. As a further inducement and consideration in resolution of the disputes, the Parties expressly and specifically waive any rights or benefits available to them under California Civil Code Section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Initials:

_____
Recology San Francisco

_____
Sunset Scavenger Company

_____
Golden Gate Disposal & Recycling Company

_____DJH_____
City and County of San Francisco

_____DJH_____
People of the State of California

7

DocuSign Envelope ID: 346757E4-1DE7-434F-89AA-6B36BBD14610

that were alleged in the Lawsuit against the SF Recology Companies or any other violation of state or local law that could have been asserted based on the conduct alleged in the Lawsuit, including all enforcement actions and prosecution of the Lawsuit by the City and People.

**Waiver of Civil Code Section 1542**

The Parties expressly agree that the mutual release of claims are intended to and do extend to any and all claims the Parties may have against one another arising out of or related in any way to the Lawsuit, now or in the future, whether known or unknown, that are the subject of the releases described in Section 3.2 above. As a further inducement and consideration in resolution of the disputes, the Parties expressly and specifically waive any rights or benefits available to them under California Civil Code Section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Initials:

_____
Recology San Francisco

_____
Sunset Scavenger Company

_____
Golden Gate Disposal & Recycling Company

_____
City and County of San Francisco

_____
People of the State of California

**3.3     Survivability of Releases**

As of the Effective Date, the releases described in Section 3.1 and 3.2 above shall survive any termination of this Agreement except as expressly provided in Section 3.6 below.

**3.4     Negotiated Settlement**

The discussions that have produced this Agreement have been conducted with the explicit understanding that they are privileged under California Evidence Code Section 1152 and Federal Rule of Evidence 408, and that such discussions shall be without prejudice to the position of either Party and may not be used in any manner in any proceeding or otherwise, except as may be necessary to enforce or interpret this Agreement or as otherwise required by law.

**3.5     Voluntary Release**

Each Party has carefully read this Agreement, and signs it freely and voluntarily upon the advice of its own attorneys.  Each such Party affirms that the only consideration for its execution of this Agreement are the terms stated in the body of this Agreement; that no other promise or agreement of any kind has been made to it, or with it, by any Person to cause them to execute this Agreement; that it is competent to execute this Agreement; that its agreement to execute this Agreement has not been obtained by any duress or undue influence; and that it fully understands and voluntarily executes this Agreement knowing it constitutes a complete release of claims as provided in this Article 3.1 and Article 3.2.

**3.6     Enforcement**

**(a)**     Agreement and Stipulated Injunction and Judgment.  The Court has reserved jurisdiction to enforce certain provisions of the Stipulated Injunction and Judgment.  This Agreement is subject to enforcement pursuant to California Code of Civil Procedure section 664.6.

**(b)**     Default.  Subject to subsection (d) below, any material breach by either Party of any covenant, agreement, provision or warranty contained in this Agreement (a "Default") that remains uncured upon the expiration of any applicable notice and cure periods will constitute a "Matured Event of Default," including failure by the SF Recology Companies to make any payment of the Restitution Payment or Settlement Payment required under this Agreement within 10 days of the deadlines provided herein, except that an inability to locate a Ratepayer with an inactive account shall not be deemed an event of Default.

**(c)**     Remedies.  Without limiting the remedies available under the Stipulated Injunction and Judgment, the remedies available to a Party for Matured Event of Default shall include specific performance of this Agreement in addition to any other remedy available at law or in equity.

8

**(d)** <u>Cure Period</u>. Except for failure by the SF Recology Companies to make any payment of the Restitution Payment or Settlement Payment required under this Agreement in accordance with Section 2.2 (which is subject to a 10-day cure period as provided in subsection b above), in the event of an alleged Default by either Party, the allegedly defaulting Party shall be given a forty-five-day period from the date of receipt of the Notice of Default in which to correct or cure the breach.

**(e)** <u>Time Limits; Waiver; Remedies Cumulative</u>. Failure by a Party to insist upon the strict or timely performance of any of the provisions of this Agreement by the other Party, irrespective of the length of time for which such failure continues, shall not constitute a waiver. No waiver of any condition or failure of performance, including a Default, shall be effective or binding unless made in writing by the waiving Party, and no such waiver shall be implied from any omission to take any action with respect to such failure. No express written waiver shall affect any other condition, action or inaction, or cover any other period of time, other than any condition, action or inaction and/or period of time specified in such express waiver. One or more written waivers under any provision of this Agreement shall not be deemed to be a waiver of any subsequent condition, action or inaction, and the performance of the same or any other term or provision contained in this Agreement. Nothing in this Agreement shall limit or waive any other right or remedy available to the City or the SF Recology Companies to seek injunctive relief or other expedited judicial and/or administrative relief to prevent irreparable harm.

**(f)** <u>Attorneys' Fees</u>. Should legal action be brought by either Party against the other for a Default under this Agreement or to enforce any provision herein, the prevailing Party in such action shall be entitled to recover its reasonable attorneys' fees and costs. For purposes of this Agreement, "reasonable attorneys' fees and costs" means the reasonable fees and expenses of counsel to the Party, which may include printing, duplicating and other expenses, air freight charges, hiring of experts and consultants, and fees billed for law clerks, paralegals, librarians, and others not admitted to the California bar but performing services under the supervision of an attorney as provided by law. The term "reasonable attorneys' fees and costs" shall also include, without limitation, all such reasonable fees and expenses incurred with respect to appeals, mediation, arbitrations, and bankruptcy proceedings, and whether or not any action is brought with respect to the matter for which such fees and costs were incurred. For the purposes of this Agreement, the reasonable fees of attorneys of City Attorney's Office shall be based on the fees regularly charged by private attorneys with the equivalent number of years of experience in the subject matter area of the Law for which the City Attorney's Office's services were rendered who practice in the City of San Francisco in law firms with approximately the same number of attorneys as employed by the Office of the City Attorney.

**ARTICLE 4**
**GENERAL**

**4.1   Notices**

Except as otherwise expressly provided in this Agreement, all notices, demands, approvals, consents and other formal communications between the Parties required or permitted under this Agreement shall be in writing and shall be deemed given and effective upon the date of receipt (i) if given by personal delivery or electronic mail on a business day (or the next business day if

delivered on a day that is not a business day), (ii) if sent for next-business-day delivery (with all expenses prepaid) by a reliable overnight delivery service, with receipt of delivery, or (iii) if mailed by United States registered or certified mail, first class postage prepaid, to the Party at their respective addresses for notice designated below and may include courtesy copies by email to the addresses designated below.  The effective time of a notice shall not be affected by the receipt, before receipt of the original.

In the case of a notice or communication to the City:

<u>US Mail or other Hard Copy Delivery</u>
Yvonne R. Meré
San Francisco City Attorney's Office
1390 Market Street, 7th Floor
San Francisco, CA 94102

<u>Email</u>
yvonne.mere@sfcityatty.org
keslie.stewart @sfcityatty.org

And in the case of a notice or communication to the SF Recology Companies:

<u>US Mail or other Hard Copy Delivery</u>
SF Recology Companies
50 California Street, 24th Floor
San Francisco, CA 94111
Attn: Legal Department

Jackie Liu
Joshua Hill
Christine Wong
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105

<u>Email</u>
jliu@mofo.com
jhill@mofo.com
christinewong@mofo.com

Every notice given to a Party under the terms of this Agreement, must state (or must be accompanied by a cover letter that states) substantially the following:

    **(i)**    the Section of this Agreement under which the notice is given and the action or response required, if any; and

      **(ii)**    if applicable, the period of time within which the recipient of the notice must respond.

Any mailing or email address may be changed at any time by giving written notice of such change in the manner provided above at least 10 days before the effective date of the change.

**4.2    Time of Performance**

    **(a)    Expiration.** All performance dates (including cure dates) expire at 5:00 p.m., San Francisco, California time, on the performance or cure date, unless otherwise provided in this Agreement.

    **(b)    Weekends and Holidays.** A performance date that falls on a Saturday, Sunday or City holiday (or official City furlough day) is deemed extended to the next City working day.

    **(c)    Days for Performance.** All periods for performance specified in this Agreement in terms of days shall be calendar days, and not business days, unless otherwise expressly provided in this Agreement.

    **(d)    Time of the Essence.** Time is of the essence for each and every provision of this Agreement, including, without limitation, the due dates for each payment.

**4.3    Interpretation of Agreement**

    **(a)    Words of Inclusion.** The use of the terms "including," "such as" or words of similar import when following any general term, statement or matter shall not be construed to limit such term, statement or matter to the specific items or matters set forth, whether or not language of non-limitation is used with reference to such items or matters. Rather, such terms shall be deemed to refer to all other items or matters that could reasonably fall within the broadest possible scope of such statement, term or matter.

    **(b)    No Presumption Against Drafter.** This Agreement has been negotiated at arm's length and between Persons sophisticated and knowledgeable in the matters dealt with in this Agreement. In addition, experienced and knowledgeable legal counsel has represented each Party. Accordingly, this Agreement shall be interpreted to achieve the intents and purposes of the Parties, without any presumption against the Party responsible for drafting any part of this Agreement.

    **(c)    Costs and Expenses.** The Party on which any obligation is imposed in this Agreement shall be solely responsible for paying all costs and expenses incurred in the performance of such obligation, unless the provision imposing such obligation specifically provides to the contrary.

    **(d)    Agreement References.** A reference to any provision, term or matter "in this Agreement," shall be deemed to refer to any and all provisions of this Agreement reasonably related in the context of such reference, unless such reference refers solely to a specific numbered

or lettered Article, Section or paragraph of this Agreement or any specific subdivision of this Agreement.

(e)     **Exhibits.**  Whenever an "Exhibit" is referenced, it means an attachment to this Agreement unless otherwise specifically identified.  All such Exhibits are incorporated in this Agreement by reference.

## 4.4     Successors and Assigns

This Agreement is binding upon and will inure to the benefit of the successors and assigns of the Parties.

## 4.5     No Third-Party Beneficiaries

This Agreement is made and entered into for the sole protection and benefit of the Parties and their successors and assigns.

## 4.6     Counterparts

This Agreement may be executed in counterparts and by e-mailed signatures, each of which is deemed to be an original, and all such counterparts shall constitute one and the same instrument.

## 4.7     Entire Agreement

This Agreement, including the Stipulated Injunction and Judgment attached as an exhibit, constitutes the entire agreement between the Parties with respect to the subject matter of this Agreement and supersedes all negotiations or previous conditions mentioned in or incidental to this Agreement.  No parol evidence of any prior draft of this Agreement or any other agreement shall be permitted to contradict or vary the terms of this Agreement.

## 4.8     Governing Law

The laws of the State of California shall govern the interpretation and enforcement of this Agreement.

## 4.9     Further Assurances

The Parties agree to execute and acknowledge such other and further documents as may be necessary or reasonably required to effectuate the terms of this Agreement.  The City Attorney is authorized to execute on behalf of the City any notices, dismissals, or similar documents and any agreements, memoranda or similar documents that are necessary or proper to achieve the purposes and objectives of this Agreement and that do not materially increase the obligations of the City under this Agreement, if the City Attorney determines that the document is necessary or proper, consistent with the purposes of this Agreement and in the City's best interests.  The City Attorney's signature on any such document shall conclusively evidence such a determination.

**4.10    Severability**

If any provision of this Agreement, or its application to any Person or circumstance, is held invalid by any court, the invalidity or inapplicability of such provision shall not affect any other provision of this Agreement or the application of such provision to any other Person or circumstance, and the remaining portions of this Agreement shall continue in full force and effect, unless enforcement of this Agreement as so modified by and in response to such invalidation would be grossly inequitable under all of the circumstances, or would frustrate the fundamental purposes of this Agreement.

**4.11    Amendments; Corrections of Technical Errors**

Neither this Agreement nor any of its terms may be terminated, amended or modified except by a written instrument executed by the Parties.  Any amendment of this Agreement shall be subject to approval of the Board of Supervisors as provided in the ordinance approving this Agreement.  If by reason of inadvertence, and contrary to the intention of the Parties, errors are made in this Agreement or any of its Exhibits, the Parties by mutual agreement may correct such error by written memorandum executed by them without the necessity of amendment of this Agreement.  The City Attorney may execute any such written memorandum on behalf of the City.

**4.12    Representations, Warranties and Covenants**

(a)  **SF Recology Companies' Representations, Warranties and Covenants**. SF Recology Companies represent, warrant, and covenant to the City that as of the Effective Date, each of the following statements is accurate and complete:

(i)    **Valid Existence; Good Standing.**  SF Recology Companies are duly organized, validly existing and in good standing under the laws of the State of California.

(ii)    **Authority.**  The SF Recology Companies have all requisite power and authority to execute and deliver this Agreement and to carry out and perform all of its duties and obligations under this Agreement.

(iii)    **No Limitation on Ability to Perform.**  Neither the SF Recology Companies ' articles of incorporation, organization and/or bylaws, nor any other agreement, court decision, or law regarding the SF Recology Companies prohibits or materially limits or otherwise affects the right or power of the SF Recology Companies to enter into and perform all of the terms and covenants of this Agreement.

(iv)    **Valid Execution.**  The execution and delivery of this Agreement (and the agreements contemplated in this Agreement) by the SF Recology Companies have been duly and validly authorized by all necessary action on the part of the SF Recology Companies.  Upon its execution and delivery by all Parties and on the Effective Date, this Agreement will be a legal, valid, binding and enforceable obligation of the SF Recology Companies.

**(v)   Financial Matters.**  SF Recology Companies warrant that they have not filed a petition for relief under any chapter of the U.S. Bankruptcy Code and have no present intention to petition for relief under any chapter of the U.S. Bankruptcy Code and to the SF Recology Companies knowledge, no involuntary petition naming the SF Recology Companies has been filed under any chapter of the U.S. Bankruptcy Code.

**(b)  City Representations, Warranties, and Covenants**.  The City represents, warrants, and covenants to the other Parties that as of the Effective Date, each of the following statements is accurate and complete:

**(i)   Authority.**  The City has all requisite power and authority to execute and deliver this Agreement and to carry out and perform all of its duties and obligations under this Agreement.

**(ii)   Valid Execution.**  The execution and delivery of this Agreement (and the agreements contemplated in this Agreement) by the City have been duly and validly authorized by all necessary action on the part of the City.  Upon its execution and delivery by all Parties and as of the Effective Date, this Agreement will be a legal, valid, binding and enforceable obligation of the City.

**(iii)  Defaults.**  The execution, delivery and performance of this Agreement do not and will not violate or result in a violation of, contravene or conflict with, or constitute a default under (A) any agreement, document or instrument to which the City is a party or (B) any applicable law, statute, ordinance or regulation.

## 4.13   Cooperation and Non-Interference

In connection with this Agreement, the Parties shall reasonably cooperate with one another to achieve the objectives and purposes of this Agreement.  In so doing, the Parties shall each refrain from doing anything that would render its performance under this Agreement impossible and each must do everything that this Agreement contemplates that the Party shall do to accomplish the objectives and purposes of this Agreement.  In all situations arising out of this Agreement, the Parties must each attempt to avoid and minimize the damages resulting from the conduct of the other and must take all reasonably necessary measures to achieve the provisions of this Agreement.

## 4.14   Joint and Several Liability.

The Parties agree that the obligations arising out of this Agreement shall rest with SF Recology Companies, jointly and severally, except as otherwise specifically provided.

## 4.15   Exhibits

The attached exhibits are made a part of this Agreement

Dated: _____          _____
                                                    Salvatore Coniglio
                                                    Chief Executive Officer
                                                    RECOLOGY SAN FRANCISCO


Dated: _____          _____
                                                    Salvatore Coniglio
                                                    Chief Executive Officer
                                                    SUNSET SCAVENGER COMPANY


Dated: _____          _____
                                                    Salvatore Coniglio
                                                    Chief Executive Officer
                                                    GOLDEN GATE DISPOSAL &
                                                    RECYCLING COMPANY


Dated: March 3, 2021                     _____
                                                    Dennis J. Herrera
                                                    City Attorney
                                                    CITY AND COUNTY OF SAN
                                                    FRANCISCO


Dated: March 3, 2021                     _____
                                                    Dennis J. Herrera
                                                    City Attorney
                                                    PEOPLE OF THE STATE OF CALIFORNIA
                                                    ex rel. Dennis J. Herrera

DocuSign Envelope ID: 346757E4-1DE7-434F-89AA-6B36BBD14610

Dated: 3/3/2021 | 7:43 PM PST

DocuSigned by:

*Salvatore M. Coniglio*
444C41D60A26433...

Salvatore M. Coniglio
Chief Executive Officer
RECOLOGY SAN FRANCISCO

Dated: 3/3/2021 | 7:43 PM PST

DocuSigned by:

*Salvatore M. Coniglio*
444C41D60A26433...

Salvatore M. Coniglio
Chief Executive Officer
SUNSET SCAVENGER COMPANY

Dated: 3/3/2021 | 7:43 PM PST

DocuSigned by:

*Salvatore M. Coniglio*
444C41D60A26433...

Salvatore M. Coniglio
Chief Executive Officer
GOLDEN GATE DISPOSAL &
RECYCLING COMPANY

Dated: _____

_____

Dennis J. Herrera
City Attorney
CITY AND COUNTY OF SAN
FRANCISCO

Dated: _____

_____

Dennis J. Herrera
City Attorney
PEOPLE OF THE STATE OF CALIFORNIA
ex rel. Dennis J. Herrera

15

APPROVED AS TO FORM:                                    **MORRISON & FOERSTER LLP**

Dated: _____         _____
                                                            JOSHUA HILL, JR.
                                                         CHRISTINE Y. WONG
                                           Attorney Recology San Francisco, Sunset
                                        Scavenger Company, Golden Gate Disposal &
                                                        Recycling Company


                                                          **DENNIS J. HERRERA**
                                                          **CITY ATTORNEY**

Dated:   March 3, 2021             _____
                                                            YVONNE R. MERÉ
                                                          Deputy City Attorney
                                             Attorney for City and County of San
                                           Francisco and the People of the State of
                                                              California

DocuSign Envelope ID: 346757E4-1DE7-434F-89AA-6B36BBD14610

APPROVED AS TO FORM:

Dated:   3/3/2021 | 7:42 PM PST

MORRISON & FOERSTER LLP

DocuSigned by:

_____
B71DA32C3C1141C...

JOSHUA HILL, JR.
CHRISTINE Y. WONG
Attorneys for Recology San Francisco, Sunset
Scavenger Company, Golden Gate Disposal &
Recycling Company


DENNIS J. HERRERA
CITY ATTORNEY

Dated:   _____

_____
YVONNE R. MERÉ
Deputy City Attorney
Attorney for City and County of San
Francisco and the People of the State of
California

16

EXHIBIT A

**Recology Sunset Scavenger & Recology Golden Gate**
**Schedule A**
**Residential and Apartment Refuse Rates**
**Effective July 1, 2021**
**(Note:  COLA calculations will be added once US Bureau of Labor Statistics data is available)**

| Description of Monthly Charge | Charge |
|---|---|
| **Rates for 1-5 Unit Residential Buildings** | |
| **Base Charge for Service** | |
| Per dwelling unit | $15.88 |
| **Trash Volume Charge for Weekly Collection** | |
| 16-gallon bin | $6.63 |
| 20-gallon bin (current customers only) | $6.63 |
| Premium for service above 32-gallons per dwelling unit | $10.59 |
| **Recycling or Composting Volume Charge for Weekly Collection** | |
| 32-gallon bin | $6.63 |
| | |
| **Distance, Elevation and Key Charges** | |
| No extra charge for collection less than 25 feet from curb. Distance charge  per bin for collection each 25-foot increment thereafter. | $11.34 |
| No extra charge for collection less than 4 feet elevation change from street level. Elevation charge per bin for collection from each 8 foot increment thereafter. | $12.30 |
| Weekly access charge per bin | $7.13 |
| | |
| **Rates for 6 Unit and Larger Apartment Buildings** | |
| **Base Charge for Service** | |
| Per dwelling unit | $5.28 |
| **Volume Charges for Weekly Collection** | |
| Collection volume is charged equally for trash, recycling and composting. A landfill diversion discount equal to the diversion volume percentage less 25%  is then subtracted. Diversion volume percentage equals recycling and  composting volume divided by total volume. | |
| Volume charges are linear and based on the 32-gallon bin and 1-cubic yard container rates | |
| 32-gallon bin | $25.43 |
| 1-cubic yard container | $160.48 |
| **Distance, Elevation, Key and Special Service Charges** | |
| No extra charge for collection less than 50 feet from curb. Distance charge is  12.5% times volume charge (before diversion discount) for weekly collection from within each 50-foot increment thereafter.  Distance is from curb to  farthest bin. | |
| No extra charge for collection less than 4 feet elevation change from street level. Elevation charge is  25% times volume charge (before diversion discount) for weekly collection from elevation changes within each 8-foot increment thereafter.  Elevation is from street level to farthest bin. | |

| Description of Monthly Charge | Charge |
|---|---|
| Weekly access charge per bin | $7.13 |
| An extra charge of 50% times volume charge (before diversion discount) applies for each trap door (collector must lift a cover and pull bins up to street level), clearing of a disposal chute, rake-out (disposal chute without a bin) or bin located on a ledge one foot or more above floor. | |

| Additional Provisions and Requirements for all Customers |
|---|
| Households with income less than or equal to 200% of the poverty level may qualify for 25% base and volume discounts. Nonprofit housing organizations may qualify for 10% discounts. |
| Distance, elevation and access charges are waived for customers with a permanent disability that pay for individual service and certify they are physically unable to place bins at the curb and no able-bodied persons live in their building. Customer must place bins in a location as accessible as possible for collection. |
| Residential and apartment rates apply to single and multi-family homes, flats, apartments, condominiums, tenancies in common, in-law units, lofts, live/work spaces (unless clearly commercial), single room occupancy hotels (with an apartment license) and low income housing. Buildings with more than 600 rooms (not counting kitchens and bathrooms) or with bins 3-yards or larger or compacted service, mixed use buildings without dedicated residential bins and all other buildings are charged commercial rates. Customer must provide accurate unit and room counts, subject to verification by Recology. |
| City law mandates everyone must have adequate refuse service, pay for service on time and properly separate recyclables, compostables and trash. Minimum weekly service per unit is 16 gallons for trash, 16 gallons for recycling and 8 gallons for composting, unless there is no contamination in any bin. Bins may be shared by dwelling units within one building if refuse service minimums are met. Apartment rates are for shared bins only. |
| Recycling, composting and trash bins should be at the same location. Bins shall be unobstructed and placed for easy access so they can be used and serviced in a normal and safe manner, as determined by Recology. |
| Refuse is to be in standard bins. Loose material, overflow (lid must be closed), overweight (more than 2 pounds per gallon) or non-standard bins may be charged the next highest standard bin rate. Cardboard must be placed in a recycling bin, cardboard box or paper bags not exceeding 2 feet in any dimension (8 cubic feet). Customers with excess cardboard not in a bin on service day may be charged $5 per 8 cubic feet. |
| Additional frequency charges are linear (weekly service charges are multiplied by the number of collections per week). 16 and 20-gallon bins are not serviced more frequently than once per week. Customers must exceed minimums for more than once weekly service. |
| Saturday service is 75% more than the applicable rate (including volume, distance, elevation, access and other special service charges) for weekday service. For Saturday collection, at least 3 days per week service is required. |
| Sunday service is 175% more than the applicable rate (including volume, distance, elevation, access and other special service charges) for weekday service. For Sunday collection, daily service is required. |

| Additional Provisions and Requirements for all Customers |
| --- |
| Street level and curb is where vehicle must park to service customer's bins. Distance is measured from vehicle along service path to bins. Elevation is determined by adding all distances up and down along service path. |
| Volume, distance, elevation, access and other charges are per location. Charges may be split among customers at the same location at 150% of the otherwise applicable rate. If two or more customers split service charges, they will be applied to each bill payer equally or as designated by the customers, subject to approval by Recology. |
| An access charge will be applied for each bin at a location when a key, padlock, combination lock, key pad, entry code, electronic door opener, transmitter or other similar entry mechanism is required to enter or leave/secure premises. An access charge will be applied for each occurrence of unlocking a bin. An additional access charge will be applied for relocking each bin serviced should a front-loader driver be required to get out of the vehicle again. A charge will not be applied for re-securing rear load or side load bins at the curb. |
| Contaminated recycling, composting and trash bins may have diversion discount removed and be assessed a 100% contamination charge. |
| It is the customer's responsibility to monitor all services and charges and notify Recology of any possible discrepancies. Service credits will not exceed 30 days or one billing cycle, whichever is greater, from the time of notification by the customer. Recology performs periodic audits and will correct charges and recommend service changes. |
| Recology is responsible for normal wear of bins provided to customers. Customers are responsible for damaged bins beyond normal wear, reporting missing bins, excessive missing bins, and may be responsible for replacement cost. Bin cleaning service is available at an extra charge. |
| $20 will be charged to open a service account. Closing an account is only allowed for residency changes. Credit will be given for suspension of service (e.g., vacations) for one to three months. Customers must notify Recology of the suspension and restart dates before start of suspension. Base charges are not credited and an administrative charge of $10 is charged to restart service after suspension. |
| Electronic bill payers receive a $1 credit on each bill. |
| $25 will be charged for each check returned for insufficient funds. |

# Apartment Rates

## Uniform Apartment Rates

Effective July 1, 2021 (Note:  COLA calculations will be added once US Bureau of Labor Statistics data is available)

| Size \ Frequency | Collections per week | | | | | | |
|---|---|---|---|---|---|---|---|
| | 1 per week | 2 per week | 3 per week | 4 per week* | 5 per week* | 6 per week* | 7 per week |
| 32 - gal cart | $ 25.43 | $ 50.85 | $ 76.28 | $ 120.77 | $ 127.13 | $ 171.63 | $ 241.55 |
| 64 - gal cart | $ 50.85 | $ 101.70 | $ 152.56 | $ 241.55 | $ 254.26 | $ 343.25 | $ 483.09 |
| 96 - gal cart | $ 76.28 | $ 152.56 | $ 228.83 | $ 362.32 | $ 381.39 | $ 514.88 | $ 724.64 |
| 1.0 - yd bin | $ 160.48 | $ 320.96 | $ 481.44 | $ 762.27 | $ 802.39 | $ 1,083.23 | $ 1,524.54 |
| 1.5 - yd bin | $ 240.72 | $ 481.45 | $ 722.16 | $ 1,143.43 | $ 1,203.61 | $ 1,624.87 | $ 2,286.85 |
| 2.0 - yd bin | $ 320.96 | $ 641.91 | $ 962.87 | $ 1,524.54 | $ 1,604.78 | $ 2,166.45 | $ 3,049.08 |
| 2.5 - yd bin | $ 401.20 | $ 802.40 | $ 1,203.60 | $ 1,905.70 | $ 2,005.99 | $ 2,708.10 | $ 3,811.39 |

* Includes Saturday service.

## Provisions and Requirements

● Accounts subject to a $5.28 per dwelling unit charge.
● The below rates apply to carts located outside.
● No extra charge for collection less than 50 feet from curb. Distance charge is 12.5% times volume charge (before diversion discount) for weekly collection from within each 50-foot increment thereafter. Distance is from curb to farthest bin.
● No extra charge for collection less than 4 feet elevation change from street level. Elevation charge is 25% times volume charge (before diversion discount) for weekly collection from elevation changes within each 8-foot increment thereafter. Elevation is from street level to farthest bin.
● The Apartment Rates are effective July 1, 2021 through June 30, 2022.  Actual rates charged to any individual customer is a function of the specific composition of services.
● A Key Charge in the amount of $7.13 will be applied to each bin for every pickup in a week.
● Apartments rates include the following components:
   - Discount equals volumetric diversion rate ([Recycling + Composting]/Total Volume) less 25% (75% Diversion - 25% = 50% Discount)
   - Charges for premium services, such as key, distance and elevation charges are not subject to discounts

Recology Golden Gate
Recology Sunset Scavenger

Page 1 of 1

Effective July 1, 2021

**Commercial Rates**
**Uniform Commercial Rates**
**Effective July 1, 2021 (Note:  COLA calculations will be added once US Bureau of Labor Statistics data is available)**

| Size \ Frequency | Collections per week | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | 1 per week | 2 per week | 3 per week | 4 per week | 5 per week | 6 per week | 7 per week | Saturday | Sunday |
| 32 - gal cart | $ 47.58 | $ 95.16 | $ 142.74 | $ 190.32 | $ 237.90 | $ 292.62 | $ 354.48 | $ 54.72 | $ 61.86 |
| 64 - gal cart | $ 95.16 | $ 190.32 | $ 285.48 | $ 380.65 | $ 475.81 | $ 585.25 | $ 708.96 | $ 109.44 | $ 123.71 |
| 96 - gal cart | $ 142.74 | $ 285.48 | $ 428.23 | $ 570.97 | $ 713.71 | $ 877.86 | $ 1,063.43 | $ 164.15 | $ 185.57 |
| 1.0 - yd bin | $ 278.29 | $ 556.58 | $ 834.87 | $ 1,113.15 | $ 1,391.44 | $ 1,767.13 | $ 2,268.05 | $ 375.69 | $ 500.92 |
| 1.5 - yd bin | $ 417.43 | $ 834.87 | $ 1,252.30 | $ 1,669.73 | $ 2,087.16 | $ 2,650.69 | $ 3,402.08 | $ 563.53 | $ 751.38 |
| 2.0 - yd bin | $ 495.51 | $ 991.02 | $ 1,486.53 | $ 1,982.04 | $ 2,477.55 | $ 3,146.48 | $ 4,038.41 | $ 668.93 | $ 891.92 |
| 2.5 - yd bin | $ 619.69 | $ 1,239.39 | $ 1,859.08 | $ 2,478.78 | $ 3,098.47 | $ 3,935.06 | $ 5,050.51 | $ 836.59 | $ 1,115.45 |
| 3.0 - yd bin | $ 691.13 | $ 1,382.25 | $ 2,073.38 | $ 2,764.51 | $ 3,455.63 | $ 4,388.65 | $ 5,632.68 | $ 933.02 | $ 1,244.03 |
| 4.0 - yd bin | $ 864.02 | $ 1,728.04 | $ 2,592.06 | $ 3,456.08 | $ 4,320.10 | $ 5,486.53 | $ 7,041.76 | $ 1,166.43 | $ 1,555.24 |
| 6.0 - yd bin | $ 1,227.07 | $ 2,454.14 | $ 3,681.20 | $ 4,908.27 | $ 6,135.34 | $ 7,791.88 | $ 10,000.60 | $ 1,656.54 | $ 2,208.72 |
| 7.0 - yd bin | $ 1,431.32 | $ 2,862.65 | $ 4,293.97 | $ 5,725.30 | $ 7,156.62 | $ 9,088.91 | $ 11,665.29 | $ 1,932.29 | $ 2,576.38 |

**Front-Load Compactor**

| Size \ Frequency | Collections per week | | |
|---|---|---|---|
| | Weekday | Saturday | Sunday |
| 0.50 yds | $ 220.54 | $ 242.59 | $ 266.85 |
| 0.75 yds | $ 330.81 | $ 363.89 | $ 400.28 |
| 1.00 yds | $ 441.08 | $ 485.18 | $ 533.70 |
| 1.50 yds | $ 661.62 | $ 727.77 | $ 800.56 |
| 2.00 yds | $ 882.16 | $ 970.37 | $ 1,067.41 |
| 2.50 yds | $ 1,102.70 | $ 1,212.96 | $ 1,334.26 |
| 3.00 yds | $ 1,323.24 | $ 1,455.55 | $ 1,601.11 |
| 4.00 yds | $ 1,764.31 | $ 1,940.73 | $ 2,134.82 |
| 4.50 yds | $ 1,984.85 | $ 2,183.32 | $ 2,401.67 |
| 5.00 yds | $ 2,205.39 | $ 2,425.91 | $ 2,668.52 |
| 6.00 yds | $ 2,646.47 | $ 2,911.10 | $ 3,202.23 |

**Cardboard**
Based on the below requirements, the charge for cardboard pickup is $14.83 per pickup.
This charge only applies to materials not complying with setout requirements for the cardboard collection program.
**Cardboard Setout Requirements**
● You must have an active refuse collection account to receive cardboard or any other recycling service.
● Cardboard must be placed in a recycling bin (with the lid closed), cardboard box, or paper bags not exceeding 2 feet in any dimension (8 cubic feet) on your service day.
● Customers with excess cardboard placed beside a bin will be charged $14.83 per 8 cubic feet of materials.

**Provisions and Requirements**
● The Commercial rates are effective July 1, 2021 through June 30, 2022.  Actual rates charged to any individual customer is a function of the specific composition of services.
● The below rates apply to carts located outside.
● For carts located inside:
   - Less than 100 feet from the curb will be charged 10% more.
   - More than 100 feet from the curb will be charged 25% more.
● Carts located 4 feet or more above or below ground level will be charged 25% more.
● An access charge in the amount of $13.97 will be applied for every pickup in a week, except for Front Loader Compactors.
● Commercial rates include the following components:
   - Discount equals volumetric diversion rate ([Recycling + Composting]/Total Volume) less 25% (75% Diversion - 25% = 50% Discount)
   - Charges for premium services, such as key, distance and elevation charges are not subject to discounts
● Rates listed above are for 32 gallon carts up to 45 pounds. Any weight exceeding 45 pounds will be charged an additional $0.1002 per pound.
● Rates listed above are for 64 gallon carts up to 90 pounds. Any weight exceeding 90 pounds will be charged an additional $0.1002 per pound.
● Rates listed above are for 96 gallon carts up to 135 pounds. Any weight exceeding 135 pounds will be charged an additional $0.1002 per pound.
● Uncompacted weight: 300 pounds per yard, plus $9.73 per 100 pounds ($0.1002 per pound) over 300 pounds.
● Compacted weight: 450 pounds per yard, plus $9.73 per 100 pounds ($0.1002 per pound) over 450 pounds.

# Compactor Rates
### Uniform Compactor Rates
**Effective July 1, 2021 (Note:  COLA calculations will be added once US Bureau of Labor Statistics data is available)**

**Notes**
● The Compactor Rates are effective July 1, 2021 through June 30, 2022.  Actual rates charged to any individual customer is a function of the specific composition of services.

**Disposal Charges**
$200.51 per ton
$0.10 per pound
$200.51 per ton overweight charge
$0.10 per pound overweight charge

**Transportation Charges**

| Zone 1 | $ | 481.70 | | Zone 3 | $ | 842.98 | |
|---|---|---|---|---|---|---|---|
| Communities | | | Zip Codes | Communities | | | Zip Codes |
| Hunters Pt. & Bayview | | | 94124 | Marina/Cow Hollow | | | 94123 |
| Mission District/Bernal Heights | | | 94110 | Fishermans Wharf/North Beach/Russian Hill | | | 94109 & 94133 |
| Potrero Hill (South of 20th St.) | | | 94107 | Financial District/SOMA | | | 94103, 94104, 94105 & 94111 |
| Visitacion Valley/Portola | | | 94134 | Downtown/Civic Center | | | 94102 & 94108 |
| Ingleside/Excelsior | | | 94112 | | | | |

| Zone 2 | $ | 722.55 | | Zone 4 | $ | 963.40 | |
|---|---|---|---|---|---|---|---|
| Communities | | | Zip Codes | Communities | | | Zip Codes |
| Noe Valley/Eureka Valley | | | 94114 & 94115 | Haight Ashbury | | | 94117 |
| Sunset Dist. (East of Sunset Blvd.) | | | 94122 | UC Med. Center | | | 94143 |
| Diamond Heights/Glen Park | | | 94131 | Presidio/Laurel Heights | | | 94118 & 94129 |
| Parkside/Forest Hill | | | 94416 & 94118 | Richmond/Seacliff | | | 94121 |
| West Portal/Westwood Park | | | 94127 | Sunset Dist. (West of Sunset Blvd.) | | | 94122 |
| Lakeside/Stonestown | | | 94132 | Treasure Island | | | 94130 |
| Potrero Hill (North of 20th St.) | | | 94107 | | | | |

^ additional fees may be applied for excess wait time, etc.

**Container Rotation Charge**
279.31

**Rate Calculation**
Transportation Chg. + Avg. Disposal Chg. + Rotation Chg.* =  Compactor Rate
* If applicable

# Recology Golden Gate
# Recology Sunset Scavenger

### Extra Services Price Sheet July 1, 2021

(Note:  COLA calculations will be added once US Bureau of Labor Statistics data is available)

| Description | | | | Price | |
|---|---|---|---|---|---|

| Cardboard | | | | Commercial cardboard | |
|---|---|---|---|---|---|
| | | | Mon-Fri | Saturday | Sunday |
| Resi $4.93 | Apt | $4.93 | $14.83 | $16.70 | $18.88 |

**Residential - extra bag/cart**
**Garbage**

| | Mon-Fri | Saturday | Sunday |
|---|---|---|---|
| Less than 32-gallons | $2.21 | n/a | n/a |
| 32-gallons | $4.42 | n/a | n/a |
| 64-gallons | $8.84 | n/a | n/a |
| 96-gallons | $13.25 | n/a | n/a |

**Apartment - extra bag/cart**
**All commodities**

| | | | |
|---|---|---|---|
| Less than 32-gallons | $4.24 | $7.42 | $11.65 |
| 32-gallons | $8.47 | $14.83 | $23.31 |
| 64-gallons | $16.95 | $29.67 | $46.61 |
| 96-gallons | $25.43 | $44.50 | $69.92 |
| per yard | $160.48 | $120.36 | $280.84 |

**Commercial -  extra bag or cart**
**All commodities**

| | | | |
|---|---|---|---|
| 32-gallons | $15.61 | $21.07 | $28.10 |
| 64-gallons | $29.77 | $40.19 | $53.58 |
| 96-gallons | $41.96 | $56.65 | $75.53 |
| per yard | $64.27 | $86.77 | $115.69 |
| per compacted yard | $101.86 | $112.05 | $123.25 |

**Maintenance/cart replacement**

| | | | |
|---|---|---|---|
| Cart replacement | $112.78 | n/a | n/a |
| Container exchange | $231.15 | n/a | n/a |
| Compactor wash out | $344.85 | n/a | n/a |
| | $137.94 | per hour with 2.5 hour minimum | |

**EXHIBIT B**

DocuSign Envelope ID: DA41923C-C07B-4CE1-B9F1-713E9E3E882A

1  DENNIS J. HERRERA, State Bar No. 139669
   City Attorney
2  RONALD P. FLYNN, State Bar No. 184186
   Chief Deputy City Attorney
3  YVONNE R. MERE, State Bar No. 173594
   Chief of Complex and Affirmative Litigation
4  KESLIE STEWART, State Bar No. 184090
   Head Attorney for Public Integrity
5  ANDREW SHEN, State Bar No. 232499
   Head Attorney, Ethics and Elections
6  1390 Market Street, 7th Floor
   San Francisco, California 94102-5408
7  Telephone:    (415) 554-3874
   Facsimile:    (415) 437-4644
8  Email:        yvonne.mere@sfcityatty.org

9  Attorneys for Plaintiffs
   PEOPLE OF THE STATE OF CALIFORNIA,
10 acting by and through DENNIS J. HERRERA
   AS CITY ATTORNEY OF SAN FRANCISCO
11 and the CITY AND COUNTY OF SAN FRANCISCO

12                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                          COUNTY OF SAN FRANCISCO

14                          UNLIMITED JURISDICTION

15

16  PEOPLE OF THE STATE OF CALIFORNIA,      Case No. CGC-21-590091
    acting by and through DENNIS J. HERRERA
17  AS CITY ATTORNEY OF SAN
    FRANCISCO; and CITY AND COUNTY OF       [PROPOSED]
18  SAN FRANCISCO, a municipal corporation;
                                            STIPULATED INJUNCTION
19          Plaintiffs,

20          vs.

21  RECOLOGY SAN FRANCISCO; SUNSET          Date Action Filed:    March 4, 2021
    SCAVENGER COMPANY; GOLDEN GATE          Trial Date:           Not set
22  DISPOSAL & RECYCLING COMPANY; and
    DOES 1 THROUGH 20,

23          Defendants.

24

25

26

27

28

DocuSign Envelope ID: DA41923C-C07B-4CE1-B9F1-713E9E3E882A

1 This Stipulated Injunction ("Injunction" or "Order") was presented before the above-captioned

2 Court, the Honorable Ethan P. Schulman, presiding. Plaintiffs the PEOPLE OF THE STATE OF

3 CALIFORNIA, acting by and through San Francisco City Attorney Dennis J. Herrera, and the CITY

4 AND COUNTY OF SAN FRANCISCO, a municipal corporation, ("City") (collectively "Plaintiffs"),

5 were represented by their attorneys RONALD P. FLYNN, KESLIE STEWART, ANDREW SHEN

6 and YVONNE R. MERÉ.  Defendants RECOLOGY SAN FRANCISCO, SUNSET SCAVENGER

7 COMPANY, GOLDEN GATE DISPOSAL & RECYCLING COMPANY (collectively, "SF Recology

8 Companies" or "Defendants") are represented by their attorneys JOSHUA HILL, JR. and CHRISTINE

9 Y. WONG.

10 Plaintiffs and Defendants (collectively the "Parties"), consent to entry of this Stipulated

11 Injunction by the Court, and waive their respective rights to a noticed motion, hearing, or trial.

12 The Parties having stipulated to the provisions set forth herein, the Court having reviewed the

13 provisions, the Parties having agreed to the issuance of this Order, and good cause appearing therefore,

14 **IT IS HEREBY ORDERED:**

15 **GENERAL PROVISIONS**

16 Plaintiffs brought this action pursuant to California Business and Professions Code Sections

17 17200-17210 and San Francisco Campaign and Governmental Conduct Code Sections 3.200-3.244.

18

19 **I.** **JURISDICTION**

20 This Court has jurisdiction over the subject matter and each of the Parties in this action.  The

21 Court issues this Order pursuant to its authority under California Business and Professions Code

22 Section 17203 and San Francisco Campaign and Governmental Conduct Code Section 3.242(c).  The

23 Court expressly retains jurisdiction to interpret and enforce this Injunction. The Court may hear and

24 decide issues regarding the scope and effect of the injunctive provisions. Any party to this Injunction

25 may apply to the Court at any time, after making a reasonable effort to meet and confer with the other

26 Parties, for further orders and directions as may be necessary or appropriate for the construction,

27 application, carrying out or enforcement of the injunctive provisions. The Court may modify any of

28 the injunctive provisions and take such further action as may be necessary or appropriate to enforce

2

STIPULATED INJUNCTION - Case No. CGC-21-590091

DocuSign Envelope ID: DA41923C-C07B-4CE1-B9F1-713E9E3E882A

1   the injunctive provisions, and to punish any violations. The Parties agree that the obligations arising

2   out of this Injunction shall rest with all Defendants, jointly and severally, except as otherwise

3   specifically provided.

4         The Parties agree that this Injunction shall be entered and become final for all purposes upon

5   entry thereof, and each party to this Injunction waives any right to appeal therefrom.

6

7   **II.    AUTHORITY**

8         Plaintiffs have the authority under California law to maintain this action to protect the People

9   of the State of California and the City and County of San Francisco.

10

11  **III.   PARTIES AND ENTITIES BOUND BY THIS INJUNCTION**

12        The Parties agree to submit to this Court's jurisdiction, and agree, in writing, to be bound by

13  the terms of this Injunction's terms, without limitation or restriction. The provisions of this Injunction

14  will apply to all of the following: SF Recology Companies, including their agents, assignees, board

15  members, officers, employees, successors in interest, and all persons who are acting in concert, on

16  behalf of, or in participation with any of them in connection with refuse collection and refuse rate-

17  making.

18        Although the Parties stipulate to the entry of this Injunction, SF Recology Companies'

19  stipulation does not constitute, nor shall it be construed as, an admission of liability by the SF

20  Recology Companies that they have engaged in any unlawful act or overcharged for refuse collection;

21  or constitute an admission that the filed-rate doctrine and general prohibition on retroactive rate-

22  making are not lawful defenses to the City's alleged claims. The SF Recology Companies expressly

23  deny that they have engaged in any unlawful act and deny liability for all claims any other Party had,

24  has, or may have against them.

25  ///

26  ///

27  ///

28  ///

                                        3

DocuSign Envelope ID: DA41923C-C07B-4CE1-B9F1-713E9E3E882A

## IV.    DEFINITIONS

1.      "Behested Payment" shall mean any payment made at the behest of a City employee or Officer, or an agent thereof, for any governmental or charitable purpose.  "At the behest of" shall mean under the control or at the direction of, in cooperation, consultation, coordination, or concert with, at the request or suggestion of, or with the express, prior consent of.

2.      "City" or "Plaintiff" shall mean the City and County of San Francisco.

3.      "City Government Official" shall mean (a) any Officer of the City and County of San Francisco, or (b) any employee of the City and County of San Francisco who has decision-making authority concerning the refuse rate-making process or who participates in the City's decision-making concerning the refuse rate-making process.

4.      "Compliance Period" shall mean the time period beginning as of the effective date of this Injunction and ending four years later.

5.      "Confirmed" shall mean a belief or fact established by objectively reasonable facts or information.

6.      "Contact" shall be defined as set forth in San Francisco Campaign and Governmental Conduct Section 2.106; however, the Parties acknowledge and agree that the definition of Contact does not include any communication, oral or written, made for the purpose of discussing SF Recology Companies' day-to-day operations, such as customer collection and processing services, customer payments, and customer invoicing.

7.      "Contact Lobbyist" shall be defined as set forth in San Francisco Campaign and Governmental Conduct Code Section 2.105.

8.      "Gift" shall be defined as set forth in the Political Reform Act (California Government Code Section 82028), including the exceptions set forth in Fair Political Practices Commission Regulation 18942.

9.      "Material Difference" is a difference of more than five percentage points between the actual operating ratio and the allowed operating ratio as memorialized in the applicable Rate Order.

10.      "Material Mistake or Error" is a mistake or error in Rate Reporting for which the correction of said mistake or error would change the estimated total revenue or total expenses.

4

STIPULATED INJUNCTION - Case No. CGC-21-590091

DocuSign Envelope ID: DA41923C-C07B-4CE1-B9F1-713E9E3E882A

1  Assumptions and projections in a Rate Application that are forecasts of future events are not Material

2  Mistakes or Errors to the extent such events do not occur as forecast.  An omission of data in a Rate

3  Application that should have been reported would be a Material Mistake or Error.

4        11.    "Non-profit Entity" shall mean an organization with tax exempt status under 26 United

5  States Code Section 501(c)(3).

6        12.    "Officer" shall be defined as set forth in San Francisco Campaign and Governmental

7  Conduct Code Section 3.203.

8        13.    "Parties" shall mean the City and County of San Francisco, the People of the State of

9  California and SF Recology Companies, collectively.

10        14.    "Rate Application" means any application submitted by the SF Recology Companies to

11  adjust the maximum rates it may charge San Francisco residents for the collection and disposal of

12  refuse pursuant to the Refuse Ordinance, including any supporting documentation and amendments

13  submitted by the SF Recology Companies before the Rate Board issues its Rate Order.

14        15.    "Rate Board" means the board established by the Refuse Ordinance for the

15  determination of rates that may be charged to San Francisco residents for the collection and disposal of

16  refuse.

17        16.    "Rate Order" means an order issued or deemed effective by the Rate Board in response

18  to a Rate Application.

19        17.    "Rate Reporting" shall mean any rate-making calculations, information, figures, or data

20  communicated to the City by the SF Recology Companies in connection with a Rate Application

21  process per the Refuse Ordinance, quarterly reports to the City, as required by the rate-making

22  process, or annual reports to the City, as required by the rate-making process.

23        18.    "Refuse Ordinance" shall mean the 1932 Refuse Collection and Disposal Ordinance.

24        19.    "Suspected" shall mean a belief or opinion based on objectively reasonable facts or

25  information that may be true, but is subject to confirmation.

26  ///

27  ///

28  ///

STIPULATED INJUNCTION - Case No. CGC-21-590091

DocuSign Envelope ID: DA41923C-C07B-4CE1-B9F1-713E9E3E882A

V.      **INJUNCTION**

A.      IT IS HEREBY ORDERED that the SF Recology Companies, for the duration of the Compliance Period, are hereby enjoined and restrained from:

1.      Making any Gift of any value to any City employee or Officer.

2.      Making any Behested Payment; provided that the SF Recology Companies may continue to make charitable contributions to any Non-profit Entity, if such charitable contributions are not made at the behest of any City employee or Officer.

B.      IT IS HEREBY ORDERED that the SF Recology Companies, for the duration of the Compliance Period, shall comply with all of the following:

1.      Disclose all contributions of money or goods valued at $1,000 or more to Non-profit Entities based in the City and County of San Francisco ("Non-profit Disclosures"). These Non-profit Disclosures shall be made quarterly and are due on April 15, July 15, October 15, and January 15, reporting contributions from the preceding quarter. The Non-profit Disclosures shall be signed under penalty of perjury, visibly posted on SF Recology Companies' websites, and uploaded to the San Francisco Public Works' website at https://www.sfpublicworks.org/refuserates. Complete copies of each Non-profit Disclosure shall be sent electronically to all members of the Rate Board. If SF Recology Companies discover any good faith errors in previously disclosed Non-profit Disclosures, SF Recology Companies shall have 30 days from the date of submission to cure the errors by the submission of amended Non-profit Disclosures.

2.      Disclose all Contacts with City Government Officials ("Contact Disclosures"). The Contact Disclosures shall be made monthly and due on the 15th of each month, reporting communications and contacts for the preceding month. The Contact Disclosures shall be signed under penalty of perjury, visibly posted on SF Recology Companies' websites, and uploaded to the San Francisco Public Works' website at https://www.sfpublicworks.org/refuserates. Complete copies of the Contact Disclosures shall be sent electronically to all members of the Rate Board. If SF Recology Companies discover any good faith errors in previously disclosed Contact Disclosures, SF Recology

///

///

STIPULATED INJUNCTION - Case No. CGC-21-590091

DocuSign Envelope ID: DA41923C-C07B-4CE1-B9F1-713E9E3E882A

1    Companies shall have 30 days from the date of submission to cure the errors by the submission of

2    amended Contact Disclosures.

3              3.      Ensure that all SF Recology Companies' employees that qualify as Contact

4    Lobbyists register with the San Francisco Ethics Commission as required by San Francisco Campaign

5    and Governmental Conduct Code Section 2.110 within 30 days of the effective date of this Injunction.

6              4.      Ensure that all SF Recology Companies' employees that qualify as Contact

7    Lobbyists comply with the gift, disclosure, reporting, training and record-keeping requirements set

8    forth in San Francisco Campaign and Governmental Conduct Code Section 2.110 *et seq.*  Specifically,

9    SF Recology Companies shall ensure that any SF Recology Companies' employees who qualify as

10   Contact Lobbyists comply with the Gift restrictions set forth in San Francisco Campaign and

11   Governmental Conduct Code Section 2.115.  A violation of San Francisco Campaign and

12   Governmental Conduct Code Section 2.100 *et seq.* by any of the SF Recology Companies' employees

13   shall constitute a violation of this Injunction and subject SF Recology Companies to the penalties and

14   enforcement described in Section VI below, in addition to any other penalties or fines outlined in San

15   Francisco Campaign and Governmental Conduct Code Section 2.145.

16             5.      Disclose any Material Mistake or Error, Suspected or Confirmed, as set forth

17   below:

18                    a.      Within thirty days of any discovery by SF Recology Companies of a

19                            Suspected Material Mistake or Error, SF Recology Companies shall

20                            disclose a description of the Suspected Material Mistake or Error

21                            ("Suspected Mistake Disclosure").  Within 30 days of the Suspected

22                            Mistake Disclosure, SF Recology Companies shall disclose whether the

23                            Suspected Material Mistake or Error has been Confirmed or not

24                            Confirmed.  If Confirmed, SF Recology Companies shall follow the

25                            procedures set forth in this Section V.B.5.

26                    b.      Within thirty days of any discovery of a Confirmed Material Mistake or

27                            Error, SF Recology Companies shall report and explain the following:

28

7

DocuSign Envelope ID: DA41923C-C07B-4CE1-B9F1-713E9E3E882A

1                         (1) the scope of the Material Mistake or Error, and (2) the cause of the

2                         Material Mistake or Error.

3          c.     Within sixty days of the discovery of a Confirmed Material Mistake or

4                         Error, SF Recology Companies shall report and explain the following:

5                         (1) the plan to address the Material Mistake or Error; and (2) the

6                         proposed timeline to cure the Material Mistake or Error.

7          d.     All disclosures required by this Section V.B.5 shall be signed under

8                         penalty of perjury and visibly posted on SF Recology Companies'

9                         websites, and uploaded to the San Francisco Public Works' website at

10                       https://www.sfpublicworks.org/refuserates.  Complete copies of these

11                       disclosures shall be sent electronically to all members of the Rate Board.

12                       The deadlines set forth in this section may be extended by mutual

13                       agreement of the Parties.

14    6.     As an addendum to quarterly and annual reporting requirements to the City,

15 disclose any Material Difference between actual operating ratio and the projected operating ratio,

16 projected as of the most recent Rate Application process.  Disclosures shall include descriptions of (a)

17 the scope of the Material Difference; and the (b) cause of the Material Difference.  Disclosures

18 governed by this paragraph shall be signed under penalty of perjury and visibly posted on SF

19 Recology Companies' websites, and uploaded to the San Francisco Public Works' website at

20 https://www.sfpublicworks.org/refuserates.  Complete copies of these disclosures shall be sent

21 electronically to all members of the Rate Board.

22    7.     Utilize the revised refuse rates as published on the San Francisco Public Works'

23 website and attached to this Agreement as Exhibit A beginning no later than July 1, 2021 and going

24 forward until such time as a new refuse rate-making process is completed and new rates are

25 established, including any applicable cost of living adjustments provided by the operative Rate Order

26 and/or any revised refuse rates.

27 ///

28 ///

8

STIPULATED INJUNCTION - Case No. CGC-21-590091

DocuSign Envelope ID: DA41923C-C07B-4CE1-B9F1-713E9E3E882A

1          8.    Cooperate with and provide full, accurate, and audited financial statements in

2   response to any reasonable requests for information from San Francisco Public Works, or successor

3   agencies, as part of any future rate-making process.

4

5   **VI.   ENFORCEMENT**

6        This Injunction is subject to enforcement pursuant to Business and Professions Code Section

7   17207 and Code of Civil Procedure §1218, *et seq.*

8        If the Court finds after noticed motion and hearing that the SF Recology Companies have

9   violated the terms of this Injunction, the SF Recology Companies shall be liable for civil penalties of

10   no less than $2,500 and no more than $6,000 for each violation of this Injunction pursuant to Business

11   and Professions Code Sections 17206 and 17207.  Plaintiffs shall also be entitled to reasonable

12   attorney's fees and costs incurred in enforcing this Injunction and/or monitoring disclosures and

13   reports made by the SF Recology Companies', as required by this Injunction.

14        Any fines, penalties, or other monetary relief for future violations of this Injunction shall be in

15   addition to any other relief or sanctions that the Court may order as a matter of law or equity. Any

16   fines, penalties, or other monetary relief for future violations of this Injunction shall not preclude

17   Plaintiffs from obtaining other penalties or relief prescribed by law.

18

19   **VII.  NO WAIVER OF RIGHTS TO ENFORCE**

20        The failure of Plaintiffs to enforce any provision of this Injunction shall in no way be deemed a

21   waiver of such provision or in any way affect the validity of the Injunction.  The failure of Plaintiffs to

22   enforce any such provision shall not preclude Plaintiffs from later enforcing the same or any other

23   provision of this Injunction.  No oral advice, guidance, suggestion, or comments by Plaintiffs'

24   employees or officials regarding matters covered by this Injunction shall be construed to relieve

25   Defendants of their obligations.

26   ///

27   ///

28   ///

STIPULATED INJUNCTION - Case No. CGC-21-590091

DocuSign Envelope ID: DA41923C-C07B-4CE1-B9F1-713E9E3E882A

## VIII.   EFFECTIVE DATE AND TERM OF INJUNCTION

The terms of this Injunction shall take effect on the date of entry of this Injunction by this Court and continue for a period of forty-eight (48) months, provided that its terms have been complied with during this period.  If the Court finds after noticed motion and hearing that SF Recology Companies violated the terms of this Injunction, then the City may move the Court to extend and modify this injunction to extend its terms.

## IX.   JOINT AND SEVERAL LIABILITY

The Parties agree that the obligations arising out of this Injunction shall rest with all Defendants, as defined herein, jointly and severally, except as otherwise specifically provided.  The provisions of this Injunction are applicable to all Defendants as well as their agents, servants, employees, representatives, and others acting in concert or participation with any Defendant.

## X.   RETENTION OF JURISDICTION

Pursuant to the request of Plaintiffs and Defendants, this Court shall retain continuing jurisdiction to enforce this Injunction.  The Court expressly reserves jurisdiction to take such further action as may be necessary or appropriate to carry into effect the provisions of this Injunction.

SO STIPULATED:

Dated:   6/7/2021 | 11:01 AM PDT

Salvatore M. Coniglio
Salvatore M. Coniglio
Chief Executive Officer
RECOLOGY SAN FRANCISCO

Dated:   6/7/2021 | 11:01 AM PDT

Salvatore M. Coniglio
Salvatore M. Coniglio
Chief Executive Officer
SUNSET SCAVENGER COMPANY

Dated:   6/7/2021 | 11:01 AM PDT

Salvatore M. Coniglio
Salvatore M. Coniglio
Chief Executive Officer

10

STIPULATED INJUNCTION - Case No. CGC-21-590091

GOLDEN GATE DISPOSAL &
RECYCLING COMPANY

Dated:   6/7/2021

Dennis J. Herrera
City Attorney
CITY AND COUNTY OF SAN
FRANCISCO

Dated:   6/7/2021

Dennis J. Herrera
City Attorney
PEOPLE OF THE STATE OF CALIFORNIA
ex rel. Dennis J. Herrera

APPROVED AS TO FORM:

MORRISON & FOERSTER LLP

Dated:   6/7/21

JOSHUA HILL, JR.
CHRISTINE Y. WONG
Attorneys for Recology San Francisco, Sunset
Scavenger Company, Golden Gate Disposal &
Recycling Company

DENNIS J. HERRERA
CITY ATTORNEY

Dated:   June 7th, 2021

YVONNE R. MERE
Deputy City Attorney
Attorney for City and County of San
Francisco and the People of the State of
California

IT IS SO ORDERED:

DATED:

Judge of the Superior Court

STIPULATED INJUNCTION - Case No. CGC-21-590091                    11

# EXHIBIT B

DocuSign Envelope ID: DA41923C-C07B-4CE1-B9F1-713E9E3E882A

1  DENNIS J. HERRERA, State Bar No. 139669
   City Attorney
2  RONALD P. FLYNN, State Bar No. 184186
   Chief Deputy City Attorney
3  YVONNE R. MERE, State Bar No. 173594
   Chief of Complex and Affirmative Litigation
4  KESLIE STEWART, State Bar No. 184090
   Head Attorney for Public Integrity
5  ANDREW SHEN, State Bar No. 232499
   Head Attorney, Ethics and Elections
6  1390 Market Street, 7th Floor
   San Francisco, California 94102-5408
7  Telephone:    (415) 554-3874
   Facsimile:    (415) 437-4644
8  Email:        yvonne.mere@sfcityatty.org

9  Attorneys for Plaintiffs
   PEOPLE OF THE STATE OF CALIFORNIA,
10 acting by and through DENNIS J. HERRERA
   AS CITY ATTORNEY OF SAN FRANCISCO
11 and the CITY AND COUNTY OF SAN FRANCISCO

12                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                         COUNTY OF SAN FRANCISCO

14                           UNLIMITED JURISDICTION

15

16 | PEOPLE OF THE STATE OF CALIFORNIA, | Case No. CGC-21-590091
   | acting by and through DENNIS J. HERRERA |
17 | AS CITY ATTORNEY OF SAN |
   | FRANCISCO; and CITY AND COUNTY OF | [PROPOSED]
18 | SAN FRANCISCO, a municipal corporation; |
   |                                     | STIPULATED INJUNCTION
19 |        Plaintiffs, |

   |        vs. |
20
   | RECOLOGY SAN FRANCISCO; SUNSET | Date Action Filed:   March 4, 2021
21 | SCAVENGER COMPANY; GOLDEN GATE | Trial Date:          Not set
   | DISPOSAL & RECYCLING COMPANY; and |
22 | DOES 1 THROUGH 20, |

23 |        Defendants. |

24

25

26

27

28

DocuSign Envelope ID: DA41923C-C07B-4CE1-B9F1-713E9E3E882A

1    This Stipulated Injunction ("Injunction" or "Order") was presented before the above-captioned

2   Court, the Honorable Ethan P. Schulman, presiding. Plaintiffs the PEOPLE OF THE STATE OF

3   CALIFORNIA, acting by and through San Francisco City Attorney Dennis J. Herrera, and the CITY

4   AND COUNTY OF SAN FRANCISCO, a municipal corporation, ("City") (collectively "Plaintiffs"),

5   were represented by their attorneys RONALD P. FLYNN, KESLIE STEWART, ANDREW SHEN

6   and YVONNE R. MERÉ.  Defendants RECOLOGY SAN FRANCISCO, SUNSET SCAVENGER

7   COMPANY, GOLDEN GATE DISPOSAL & RECYCLING COMPANY (collectively, "SF Recology

8   Companies" or "Defendants") are represented by their attorneys JOSHUA HILL, JR. and CHRISTINE

9   Y. WONG.

10    Plaintiffs and Defendants (collectively the "Parties"), consent to entry of this Stipulated

11   Injunction by the Court, and waive their respective rights to a noticed motion, hearing, or trial.

12    The Parties having stipulated to the provisions set forth herein, the Court having reviewed the

13   provisions, the Parties having agreed to the issuance of this Order, and good cause appearing therefore,

14   **IT IS HEREBY ORDERED:**

15                              **GENERAL PROVISIONS**

16    Plaintiffs brought this action pursuant to California Business and Professions Code Sections

17   17200-17210 and San Francisco Campaign and Governmental Conduct Code Sections 3.200-3.244.

18

19   **I.    JURISDICTION**

20    This Court has jurisdiction over the subject matter and each of the Parties in this action.  The

21   Court issues this Order pursuant to its authority under California Business and Professions Code

22   Section 17203 and San Francisco Campaign and Governmental Conduct Code Section 3.242(c).  The

23   Court expressly retains jurisdiction to interpret and enforce this Injunction. The Court may hear and

24   decide issues regarding the scope and effect of the injunctive provisions. Any party to this Injunction

25   may apply to the Court at any time, after making a reasonable effort to meet and confer with the other

26   Parties, for further orders and directions as may be necessary or appropriate for the construction,

27   application, carrying out or enforcement of the injunctive provisions. The Court may modify any of

28   the injunctive provisions and take such further action as may be necessary or appropriate to enforce

2.

DocuSign Envelope ID: DA41923C-C07B-4CE1-B9F1-713E9E3E882A

1  the injunctive provisions, and to punish any violations. The Parties agree that the obligations arising

2  out of this Injunction shall rest with all Defendants, jointly and severally, except as otherwise

3  specifically provided.

4          The Parties agree that this Injunction shall be entered and become final for all purposes upon

5  entry thereof, and each party to this Injunction waives any right to appeal therefrom.

6

7  **II.     AUTHORITY**

8          Plaintiffs have the authority under California law to maintain this action to protect the People

9  of the State of California and the City and County of San Francisco.

10

11  **III.    PARTIES AND ENTITIES BOUND BY THIS INJUNCTION**

12          The Parties agree to submit to this Court's jurisdiction, and agree, in writing, to be bound by

13  the terms of this Injunction's terms, without limitation or restriction. The provisions of this Injunction

14  will apply to all of the following: SF Recology Companies, including their agents, assignees, board

15  members, officers, employees, successors in interest, and all persons who are acting in concert, on

16  behalf of, or in participation with any of them in connection with refuse collection and refuse rate-

17  making.

18          Although the Parties stipulate to the entry of this Injunction, SF Recology Companies'

19  stipulation does not constitute, nor shall it be construed as, an admission of liability by the SF

20  Recology Companies that they have engaged in any unlawful act or overcharged for refuse collection;

21  or constitute an admission that the filed-rate doctrine and general prohibition on retroactive rate-

22  making are not lawful defenses to the City's alleged claims. The SF Recology Companies expressly

23  deny that they have engaged in any unlawful act and deny liability for all claims any other Party had,

24  has, or may have against them.

25  ///

26  ///

27  ///

28  ///

STIPULATED INJUNCTION - Case No. CGC-21-590091

DocuSign Envelope ID: DA41923C-C07B-4CE1-B9F1-713E9E3E882A

## IV.    DEFINITIONS

1.      "Behested Payment" shall mean any payment made at the behest of a City employee or Officer, or an agent thereof, for any governmental or charitable purpose.  "At the behest of" shall mean under the control or at the direction of, in cooperation, consultation, coordination, or concert with, at the request or suggestion of, or with the express, prior consent of.

2.      "City" or "Plaintiff" shall mean the City and County of San Francisco.

3.      "City Government Official" shall mean (a) any Officer of the City and County of San Francisco, or (b) any employee of the City and County of San Francisco who has decision-making authority concerning the refuse rate-making process or who participates in the City's decision-making concerning the refuse rate-making process.

4.      "Compliance Period" shall mean the time period beginning as of the effective date of this Injunction and ending four years later.

5.      "Confirmed" shall mean a belief or fact established by objectively reasonable facts or information.

6.      "Contact" shall be defined as set forth in San Francisco Campaign and Governmental Conduct Section 2.106; however, the Parties acknowledge and agree that the definition of Contact does not include any communication, oral or written, made for the purpose of discussing SF Recology Companies' day-to-day operations, such as customer collection and processing services, customer payments, and customer invoicing.

7.      "Contact Lobbyist" shall be defined as set forth in San Francisco Campaign and Governmental Conduct Code Section 2.105.

8.      "Gift" shall be defined as set forth in the Political Reform Act (California Government Code Section 82028), including the exceptions set forth in Fair Political Practices Commission Regulation 18942.

9.      "Material Difference" is a difference of more than five percentage points between the actual operating ratio and the allowed operating ratio as memorialized in the applicable Rate Order.

10.      "Material Mistake or Error" is a mistake or error in Rate Reporting for which the correction of said mistake or error would change the estimated total revenue or total expenses.

4

DocuSign Envelope ID: DA41923C-C07B-4CE1-B9F1-713E9E3E882A

1   Assumptions and projections in a Rate Application that are forecasts of future events are not Material

2   Mistakes or Errors to the extent such events do not occur as forecast.  An omission of data in a Rate

3   Application that should have been reported would be a Material Mistake or Error.

4         11.    "Non-profit Entity" shall mean an organization with tax exempt status under 26 United

5   States Code Section 501(c)(3).

6         12.    "Officer" shall be defined as set forth in San Francisco Campaign and Governmental

7   Conduct Code Section 3.203.

8         13.    "Parties" shall mean the City and County of San Francisco, the People of the State of

9   California and SF Recology Companies, collectively.

10        14.    "Rate Application" means any application submitted by the SF Recology Companies to

11   adjust the maximum rates it may charge San Francisco residents for the collection and disposal of

12   refuse pursuant to the Refuse Ordinance, including any supporting documentation and amendments

13   submitted by the SF Recology Companies before the Rate Board issues its Rate Order.

14        15.    "Rate Board" means the board established by the Refuse Ordinance for the

15   determination of rates that may be charged to San Francisco residents for the collection and disposal of

16   refuse.

17        16.    "Rate Order" means an order issued or deemed effective by the Rate Board in response

18   to a Rate Application.

19        17.    "Rate Reporting" shall mean any rate-making calculations, information, figures, or data

20   communicated to the City by the SF Recology Companies in connection with a Rate Application

21   process per the Refuse Ordinance, quarterly reports to the City, as required by the rate-making

22   process, or annual reports to the City, as required by the rate-making process.

23        18.    "Refuse Ordinance" shall mean the 1932 Refuse Collection and Disposal Ordinance.

24        19.    "Suspected" shall mean a belief or opinion based on objectively reasonable facts or

25   information that may be true, but is subject to confirmation.

26   ///

27   ///

28   ///

5

DocuSign Envelope ID: DA41923C-C07B-4CE1-B9F1-713E9E3E882A

## V.     INJUNCTION

 A. IT IS HEREBY ORDERED that the SF Recology Companies, for the duration of the Compliance Period, are hereby enjoined and restrained from:

  1. Making any Gift of any value to any City employee or Officer.

  2. Making any Behested Payment; provided that the SF Recology Companies may continue to make charitable contributions to any Non-profit Entity, if such charitable contributions are not made at the behest of any City employee or Officer.

 B. IT IS HEREBY ORDERED that the SF Recology Companies, for the duration of the Compliance Period, shall comply with all of the following:

  1. Disclose all contributions of money or goods valued at $1,000 or more to Non-profit Entities based in the City and County of San Francisco ("Non-profit Disclosures"). These Non-profit Disclosures shall be made quarterly and are due on April 15, July 15, October 15, and January 15, reporting contributions from the preceding quarter. The Non-profit Disclosures shall be signed under penalty of perjury, visibly posted on SF Recology Companies' websites, and uploaded to the San Francisco Public Works' website at https://www.sfpublicworks.org/refuserates. Complete copies of each Non-profit Disclosure shall be sent electronically to all members of the Rate Board. If SF Recology Companies discover any good faith errors in previously disclosed Non-profit Disclosures, SF Recology Companies shall have 30 days from the date of submission to cure the errors by the submission of amended Non-profit Disclosures.

  2. Disclose all Contacts with City Government Officials ("Contact Disclosures"). The Contact Disclosures shall be made monthly and due on the 15th of each month, reporting communications and contacts for the preceding month. The Contact Disclosures shall be signed under penalty of perjury, visibly posted on SF Recology Companies' websites, and uploaded to the San Francisco Public Works' website at https://www.sfpublicworks.org/refuserates. Complete copies of the Contact Disclosures shall be sent electronically to all members of the Rate Board. If SF Recology Companies discover any good faith errors in previously disclosed Contact Disclosures, SF Recology

///

///

STIPULATED INJUNCTION - Case No. CGC-21-590091

DocuSign Envelope ID: DA41923C-C07B-4CE1-B9F1-713E9E3E882A

1   Companies shall have 30 days from the date of submission to cure the errors by the submission of

2   amended Contact Disclosures.

3           3.      Ensure that all SF Recology Companies' employees that qualify as Contact

4   Lobbyists register with the San Francisco Ethics Commission as required by San Francisco Campaign

5   and Governmental Conduct Code Section 2.110 within 30 days of the effective date of this Injunction.

6           4.      Ensure that all SF Recology Companies' employees that qualify as Contact

7   Lobbyists comply with the gift, disclosure, reporting, training and record-keeping requirements set

8   forth in San Francisco Campaign and Governmental Conduct Code Section 2.110 *et seq.*  Specifically,

9   SF Recology Companies shall ensure that any SF Recology Companies' employees who qualify as

10  Contact Lobbyists comply with the Gift restrictions set forth in San Francisco Campaign and

11  Governmental Conduct Code Section 2.115.  A violation of San Francisco Campaign and

12  Governmental Conduct Code Section 2.100 *et seq.* by any of the SF Recology Companies' employees

13  shall constitute a violation of this Injunction and subject SF Recology Companies to the penalties and

14  enforcement described in Section VI below, in addition to any other penalties or fines outlined in San

15  Francisco Campaign and Governmental Conduct Code Section 2.145.

16          5.      Disclose any Material Mistake or Error, Suspected or Confirmed, as set forth

17  below:

18               a.      Within thirty days of any discovery by SF Recology Companies of a

19                       Suspected Material Mistake or Error, SF Recology Companies shall

20                       disclose a description of the Suspected Material Mistake or Error

21                       ("Suspected Mistake Disclosure").  Within 30 days of the Suspected

22                       Mistake Disclosure, SF Recology Companies shall disclose whether the

23                       Suspected Material Mistake or Error has been Confirmed or not

24                       Confirmed.  If Confirmed, SF Recology Companies shall follow the

25                       procedures set forth in this Section V.B.5.

26               b.      Within thirty days of any discovery of a Confirmed Material Mistake or

27                       Error, SF Recology Companies shall report and explain the following:

28

7

STIPULATED INJUNCTION - Case No. CGC-21-590091

DocuSign Envelope ID: DA41923C-C07B-4CE1-B9F1-713E9E3E882A

1    (1) the scope of the Material Mistake or Error, and (2) the cause of the

2    Material Mistake or Error.

3    c.    Within sixty days of the discovery of a Confirmed Material Mistake or

4    Error, SF Recology Companies shall report and explain the following:

5    (1) the plan to address the Material Mistake or Error; and (2) the

6    proposed timeline to cure the Material Mistake or Error.

7    d.    All disclosures required by this Section V.B.5 shall be signed under

8    penalty of perjury and visibly posted on SF Recology Companies'

9    websites, and uploaded to the San Francisco Public Works' website at

10   https://www.sfpublicworks.org/refuserates.  Complete copies of these

11   disclosures shall be sent electronically to all members of the Rate Board.

12   The deadlines set forth in this section may be extended by mutual

13   agreement of the Parties.

14       6.    As an addendum to quarterly and annual reporting requirements to the City,

15   disclose any Material Difference between actual operating ratio and the projected operating ratio,

16   projected as of the most recent Rate Application process.  Disclosures shall include descriptions of (a)

17   the scope of the Material Difference; and the (b) cause of the Material Difference.  Disclosures

18   governed by this paragraph shall be signed under penalty of perjury and visibly posted on SF

19   Recology Companies' websites, and uploaded to the San Francisco Public Works' website at

20   https://www.sfpublicworks.org/refuserates.  Complete copies of these disclosures shall be sent

21   electronically to all members of the Rate Board.

22       7.    Utilize the revised refuse rates as published on the San Francisco Public Works'

23   website and attached to this Agreement as Exhibit A beginning no later than July 1, 2021 and going

24   forward until such time as a new refuse rate-making process is completed and new rates are

25   established, including any applicable cost of living adjustments provided by the operative Rate Order

26   and/or any revised refuse rates.

27   ///

28   ///

STIPULATED INJUNCTION - Case No. CGC-21-590091

DocuSign Envelope ID: DA41923C-C07B-4CE1-B9F1-713E9E3E862A

1         8.    Cooperate with and provide full, accurate, and audited financial statements in

2 response to any reasonable requests for information from San Francisco Public Works, or successor

3 agencies, as part of any future rate-making process.

4

5 **VI.   ENFORCEMENT**

6     This Injunction is subject to enforcement pursuant to Business and Professions Code Section

7 17207 and Code of Civil Procedure §1218, *et seq.*

8     If the Court finds after noticed motion and hearing that the SF Recology Companies have

9 violated the terms of this Injunction, the SF Recology Companies shall be liable for civil penalties of

10 no less than $2,500 and no more than $6,000 for each violation of this Injunction pursuant to Business

11 and Professions Code Sections 17206 and 17207.  Plaintiffs shall also be entitled to reasonable

12 attorney's fees and costs incurred in enforcing this Injunction and/or monitoring disclosures and

13 reports made by the SF Recology Companies', as required by this Injunction.

14     Any fines, penalties, or other monetary relief for future violations of this Injunction shall be in

15 addition to any other relief or sanctions that the Court may order as a matter of law or equity. Any

16 fines, penalties, or other monetary relief for future violations of this Injunction shall not preclude

17 Plaintiffs from obtaining other penalties or relief prescribed by law.

18

19 **VII.   NO WAIVER OF RIGHTS TO ENFORCE**

20     The failure of Plaintiffs to enforce any provision of this Injunction shall in no way be deemed a

21 waiver of such provision or in any way affect the validity of the Injunction.  The failure of Plaintiffs to

22 enforce any such provision shall not preclude Plaintiffs from later enforcing the same or any other

23 provision of this Injunction.  No oral advice, guidance, suggestion, or comments by Plaintiffs'

24 employees or officials regarding matters covered by this Injunction shall be construed to relieve

25 Defendants of their obligations.

26 ///

27 ///

28 ///

STIPULATED INJUNCTION - Case No. CGC-21-590091

DocuSign Envelope ID: DA41923C-C07B-4CE1-B9F1-713E9E3E882A

## VIII.   EFFECTIVE DATE AND TERM OF INJUNCTION

The terms of this Injunction shall take effect on the date of entry of this Injunction by this Court and continue for a period of forty-eight (48) months, provided that its terms have been complied with during this period.  If the Court finds after noticed motion and hearing that SF Recology Companies violated the terms of this Injunction, then the City may move the Court to extend and modify this injunction to extend its terms.

## IX.   JOINT AND SEVERAL LIABILITY

The Parties agree that the obligations arising out of this Injunction shall rest with all Defendants, as defined herein, jointly and severally, except as otherwise specifically provided.  The provisions of this Injunction are applicable to all Defendants as well as their agents, servants, employees, representatives, and others acting in concert or participation with any Defendant.

## X.   RETENTION OF JURISDICTION

Pursuant to the request of Plaintiffs and Defendants, this Court shall retain continuing jurisdiction to enforce this Injunction.  The Court expressly reserves jurisdiction to take such further action as may be necessary or appropriate to carry into effect the provisions of this Injunction.

SO STIPULATED:

Dated:   6/7/2021 | 11:01 AM PDT

*Salvatore M. Coniglio*
Salvatore M. Coniglio
Chief Executive Officer
RECOLOGY SAN FRANCISCO

Dated:   6/7/2021 | 11:01 AM PDT

*Salvatore M. Coniglio*
Salvatore M. Coniglio
Chief Executive Officer
SUNSET SCAVENGER COMPANY

Dated:   6/7/2021 | 11:01 AM PDT

*Salvatore M. Coniglio*
Salvatore M. Coniglio
Chief Executive Officer

10

GOLDEN GATE DISPOSAL &
RECYCLING COMPANY

Dated:   6/7/2021

Dennis J. Herrera
City Attorney
CITY AND COUNTY OF SAN
FRANCISCO

Dated:   6/7/2021

Dennis J. Herrera
City Attorney
PEOPLE OF THE STATE OF CALIFORNIA
ex rel. Dennis J. Herrera

APPROVED AS TO FORM:

MORRISON & FOERSTER LLP

Dated:   6/7/21

JOSHUA HILL, JR.
CHRISTINE Y. WONG
Attorneys for Recology San Francisco, Sunset
Scavenger Company, Golden Gate Disposal &
Recycling Company

DENNIS J. HERRERA
CITY ATTORNEY

Dated:   June 7th, 2021

YVONNE R. MERE
Deputy City Attorney
Attorney for City and County of San
Francisco and the People of the State of
California

IT IS SO ORDERED:

DATED: _____

Judge of the Superior Court

STIPULATED INJUNCTION - Case No. CGC-21-590091    11