STEPHANIE M. HINDS (CABN 154284)
Attorney for the United States

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

DAVID J. WARD (CABN 239504)
ILHAM A. HOSSEINI (CABN 256274)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7230
    david.ward@usdoj.gov
    ilham.hosseini@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 22-00270 WHO |
| Plaintiff, | |
| v. | **UNITED STATES' WITNESS LIST** |
| JOHN FRANCIS PORTER, | |
| Defendant. | |

Pursuant to the Amended Stipulation and Pretrial Order in this case, the United States identifies the following witnesses it may call in its case-in-chief. The government reserves the right to call additional witnesses or question any witness based on additional topics.

The government further reserves the right to call witnesses identified in defendant's witness list (with the exception of the defendant).

    1. Maurice Quillen. Mr. Quillen may testify to his work at Recology, including his interactions with defendant Porter, Recology's 2017 rate increase application, and the role of Nuru and

DPW in approving that application, other rate and fee increases Recology sought, Recology's interactions with Mohammed Nuru, DPW, and other public officials, Nuru's influence over Recology's business, as well as holiday parties hosted by Nuru.

2. Dan Negron.  Mr. Negron may testify to his work at Recology, including his interactions with defendant Porter, Recology's 2017 rate increase application, and the role of Nuru and DPW in approving that application, other rate and fee increases Recology sought, Recology's interactions with Mohammed Nuru, DPW, and other public officials, Nuru's influence over Recology's business, as well as holiday parties hosted by Nuru.

3. Paul Giusti.  Mr. Giusti may testify has to his work at Recology, and his interactions with defendant Porter. Mr. Giusti may also testify to payments he made and sought approval for at the request of Mohammed Nuru, as well as meals, drinks, hotel payments made for the benefit of Mr. Nuru and other city officials, as well as the internship Recology provided for Nuru's son, and Porter's knowledge of an approval of these payments.  Mr. Giusti may also testify to Recology's 2017 rate increase application, and the role of Nuru and DPW in approving that application, as well as Nuru's influence over Recology's business.

4. Nick Bovis.  Mr. Bovis may testify to the Lefty O'Doul's Foundation for Kids and Mohammed Nuru's efforts to use that as a vehicle to collect payments for his holiday parties. Mr. Bovis may also testify to his work planning and organizing holiday parties hosted by Nuru, as well as his efforts to obtain official actions by Nuru to help his restaurant business and other ventures in return for providing the use of his non-profit to Nuru to collect payments for his holiday parties.

5. Joela MacDula.  Ms. MacDula may testify as to her work at Recology, including her work as an administrative assistant to defendant Porter.  Ms. MacDula may testify to the processes and procedures for approval of expense reports and other requests for Recology funding.

6. Minna Tao.  Ms. Tao may testify to her work at Recology, including her interactions with defendant Porter, Recology's efforts to seek a rate increase in 2016 and 2017 in the rates it charged the City of San Francisco, and the role of Nuru and DPW in approving that

application, as well as Recology's interactions with Mohammed Nuru and DPW and other city officials. Ms. Tao may also testify to Nuru's influence over Recology's business.

7. Nick Roberts. Mr. Roberts may testify as to his work at Recology and his interactions and communications with defendant Porter. Mr. Roberts may also testify to Recology's 2017 rate application and the role of Nuru and DPW in approving that application.

8. Robert Yu. Mr. Yu may testify as to Recology's 2017 rate application, and his interactions with defendant Porter.

9. Jessica Ernst. Ms. Ernst may testify to Recology's business conduct policies and practices, as well as Recology's business conduct and ethics trainings, including trainings attended by defendant Porter.

10. Bill Lyons. Mr. Lyons may testify to Recology's Enterprise Resource Management program, including business conduct trainings, as well as Recology's business contact procedures and requirements.

11. Eric Potashner. Mr. Potashner may testify as to his work at Recology and his interactions with defendant Porter, his communications with defendant Porter, his communications with Recology executives and others regarding the internship for Nuru's son, as well as his interactions with Nuru and other city officials. Mr. Potashner may also testify to Recology's business practices and policies as they relate to gifts to public officials.

12. Bryan Dahl. Mr. Dahl may testify to his work at the San Francisco Department of Public Works and his role in planning and organizing holiday parties at the direction of Nuru.

13. Sandra Zuniga. Ms. Zuniga may testify as to her interactions with Nuru, his relationship with Recology, and the holiday parties Nuru organized for friends, political supporters, and select DPW employees.

14. Darlene Frohm. Ms. Frohm may testify as to her work at DPW, and her interactions with defendant Porter and other Recology executives, including efforts by defendant Porter and others at Recology to pressure her to raise the "tipping fees" that Recology charged DPW to recycle DPW concrete and asphalt.

15. Devin Macauley. Mr. Macauley may testify as to his work at DPW, his interactions with Nuru, and the manner in which funds were used to pay for Nuru's holiday parties.

16. Julie Bertani-Kiser. Ms. Bertani-Kiser may testify as to Porter's knowledge of the error in Recology's 2017 rate application and Porter's termination from Recology for misconduct.

17. Patrick Ford. Mr. Ford may testify as a rebuttal expert witness, if permitted by the Court, to rebut the expert testimony of defendant's proposed expert, Ann Ravel, regarding behested payments generally and the payments alleged as bribes made by Porter to Nuru through the Lefty O'Doul's Foundation for Kids.

18. FBI Analyst Theresa Chiu. Ms. Chiu may testify as to defendant Porter's approval of expenses, donations, other payments to non-profits, as well as Porter's approval of payments to the Lefty O'Doul's Foundation for Kids for Nuru's holiday parties.

19. FBI Summary Agent. The government expects to call an FBI summary agent to discuss admissible business records, communications, and other documents related to defendant Porter and the charged conduct.

Dated: April 25, 2023

STEPHANIE M. HINDS
Attorney for the United States

 /s/ David J. Ward
DAVID J. WARD
ILHAM A. HOSSEINI
Assistant United States Attorneys