1  STEPHANIE M. HINDS (CABN 154284)
   Attorney for the United States
2
   THOMAS A. COLTHURST (CABN 99493)
3  Chief, Criminal Division

4  DAVID J. WARD (CABN 239504)
   ILHAM A. HOSSEINI (CABN 256274)
5  Assistant United States Attorney

6      450 Golden Gate Avenue, Box 36055
       San Francisco, California 94102-3495
7      Telephone: (415) 436-7200
       FAX: (415) 436-7230
8      david.ward@usdoj.gov
       ilham.hosseini@usdoj.gov
9
   Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 22-00270 WHO |
| Plaintiff, | |
| v. | **TRIAL MEMORANDUM** |
| JOHN FRANCIS PORTER, | |
| Defendant. | |

Pursuant to the Amended Stipulation and Pretrial Order in this Case, the government files this Trial Memorandum. *See Dkt. 93.*

I. Legal Bases for Charges

The government has charged defendant Porter in a Superseding Indictment with six counts: one count of conspiracy to commit honest services wire and mail fraud in violation of 18 U.S.C. § 1349; two counts of honest services wire fraud in violation of 18 U.S.C. §§ 1343, 1346 and aiding and abetting in violation of 18 U.S.C. §; one count of honest services mail fraud in violation of 18 U.S.C. §§ 1341, 1346 and aiding and abetting in violation of 18 U.S.C. § 2; one count conspiracy to commit bribery

concerning programs receiving federal funds, in violation of 18 U.S.C. § 371; and one count of bribery concerning programs receiving federal funds, in violation of 18 U.S.C. § 666 and aiding and abetting in violation of 18 U.S.C. § 2. *Dkt. 67* (Superseding Indictment).

The government alleges that the defendant engaged in a scheme and conspiracy to defraud the residents of the City and County of San Francisco of the right to the honest services of a public official, then Director of the San Francisco Public Works, Mohammed Nuru, through bribes and kickbacks, to Nuru and for his benefit. As part of this scheme and conspiracy, the government alleges that Mr. Porter and others helped direct a stream of benefits from Recology to Mr. Nuru, including payments for lavish holiday parties Nuru hosted for his friends, political supporters and select DPW employees, an internship for Nuru's son at Recology, payment to a non-profit to fund another internship for Nuru's son, payments for a hotel stay in New York for Nuru and another public official, as well as, meals, drinks, and other things of value, all to improperly influence Mr. Nuru to act in Recology's favor as opportunities arose. Among other things, the government alleges that defendant Porter and his co-conspirators sought to influence Nuru to increase the fees that DPW was paying to Recology to recycle concrete and asphalt waste, a payment known as a "tipping fee."

The government has separately charged Mr. Porter with bribery in connection with the $20,000 payment the defendant approved for Nuru's 2018 holiday party, alleging that he did so in order to influence Nuru to increase the rates that DPW paid to Recology in "tipping fees," fees that it paid to Recology for it to accept concrete and asphalt waste shipments from DPW. At the time of the payment, Porter and others at Recology were pressing Nuru to approve an increase in the "tipping fees" that DPW were paying to Recology.

II.     Anticipated Evidence

The evidence in this case includes documents, email and text communications, intercepted phone communications between Nuru and co-conspirator Paul Giusti and Nuru and co-conspirator Nick Bovis, as well as the anticipated testimony of co-conspirators, including Giusti, Bovis, and Nuru's former girlfriend, Sandra Zuniga. The government also expects to call to testify current and former Recology employees and executives, DPW employees, and others.

In 2018, the government sought and was granted authority for an electronic intercept of phone conversations of Mohammed Nuru until Title III (18 U.S.C. § 2510 *et seq*). The government anticipates introducing at least seven of these recorded conversations, all between Nuru and co-conspirator Bovis, or Nuru and co-conspirator Giusti. Bovis was at the time a restauranter and the founder of the Lefty O'Doul's Foundation for Kids. Bovis has pled guilty and is cooperating with the government, and will testify to his conversations with Nuru captured on the TIII recordings. Paul Giusti was the head of Government Affairs at Recology's San Francisco subsidiary. He has also pled guilty and will testify as to his recorded conversations with Nuru and the corrupt relationship between Nuru and Recology.

The government further anticipates introducing documents, as well as text, SMS, and email messages at trial. The government is submitting an Exhibit List as part of its pretrial filings, and has reached stipulations with the defendant on the authenticity and threshold admissibility of many of the documents both parties will seek to introduce at trial.

The defendant filed a notice of intent to call an expert. The government has filed a *Daubert* motion to exclude that testimony, and defendant Porter has filed an Opposition. The government has filed a reply, and has noticed a rebuttal expert who the government may call if the Court allows defendant's expert to testify.

III. Stipulations

The government has reached the following stipulations with defendant Porter.

*a. Business Records*

The government and defendant Porter stipulate that all exhibits offered by either party from Recology, the City of San Francisco or any agency or department thereof, Nick Bovis or Lefty O'Doul's, the San Francisco Parks Alliance, and the Asian Pacific American Community Center (APACC) are authentic and admissible as business records. The parties further stipulate that any bank or phone records either party seeks to admit are also authentic and admissible as business records. The parties preserve their right to object at trial to the admission of specific documents on relevance and prejudice grounds under Fed. R. Evid 401 or 403.

*b. Wirings*

1     The parties stipulate and agree that the two wirings charged in Counts Two and Three of the Superseding Indictment traveled in interstate commerce, thus meeting the interstate wiring element of honest services wire fraud for each count.

    c. *$10,000 in Federal Funding*

    The parties agree and stipulate that, in both the twelve months prior to and the twelve months after the offense charged in Count Six (Bribery), the City and County of San Francisco received more than $10,000 in federal funds, meeting the element of Count Six that "the organization, state, or local government or agency received federal assistance in excess of $10,000 in a one-year period."

    d. *TIII Calls and Transcripts*

    The parties stipulate that the TIII recordings the government seeks to introduce are authentic. The parties further stipulate that official transcripts may be shown to the jury and used as aids to the jury, but will not be admitted into evidence. The defendant reserves his right to object to admissions of portions of the recorded conversations, or entire recorded conversations, based on relevance and prejudice objections under Fed. R. Evid. 401 and 403.

    e. *Lefty O'Doul's Foundation for Kids Board of Directors*

    The defendant seeks to introduce a web page listing the Board of Directors of the Lefty O'Doul's Foundation for Kids in August 2018. The government does not object to admission of this web page as a business record.

    f. *Holiday Party Images*

    The government seeks to introduce three images – two of the Green Room where the holiday parties hosted by Nuru were held in 2017 and 2018, and one image of the Transbay Terminal, where the 2019 holiday party was held. The defendant does not object to the admission of these images through a witness who was present at those parties.

    The defendant seeks to introduce in Instagram post showing an image of Mayor London Breed at the 2018 holiday party. The government does not object to the admission of this image through a witness with knowledge of Mayor Breed's attendance at this party.

//

    *g. Other Document Stipulations*

    Both the government and defendant Porter seek to streamline this trial and to avoid the time and expense of calling unnecessary witnesses. The parties will seek to resolve any other admissibility issues before trial, and will promptly bring to the Court's attention disputes over admissibility that may arise.

IV.    <u>Schedule</u>

    The government expects to present its case in chief in about one week of testimony. The length of the defense case will depend on the Court's ruling as to the admissibility of the defendant's expert witness, and whether the defendant testifies and then number of witnesses defendant calls. Defendant's Witness List includes 27 individuals, including at least 10 witnesses that are on the government's witness list. *See Dkt. 95* (Def. Exhibit List). If the Court allows defendant's expert to testify, the government anticipates that it will call a rebuttal expert witness. The government further reserves the right to call additional rebuttal witnesses if necessary, particularly if the defendant chooses to testify.

DATED: April 25, 2023                                       Respectfully submitted,

                                                                                     STEPHANIE M. HINDS
                                                                                      Attorney for the United States

                                                                                      _____/s/_____
                                                                                    DAVID J. WARD
                                                                                    ILHAM A. HOSSEINI
                                                                                   Assistant United States Attorneys