STEPHANIE M. HINDS (CABN 154284)
Attorney for the United States

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

DAVID J. WARD (CABN 239504)
ILHAM A. HOSSEINI (CABN 256274)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-7230
    david.ward@usdoj.gov
    ilham.hosseini@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 22-00270 WHO |
|     Plaintiff, | JOINT PROPOSED JURY INSTRUCTIONS AND DISPUTED JURY INSTRUCTIONS |
|   v. | Pretrial Conference:    May 2, 2023 |
| JOHN PORTER, | Time:    2:00 p.m. |
|     Defendant. | Judge:    Hon. William H. Orrick |
| | Trial Date:    May 30, 2023 |

The parties hereby submit the following set of jury instructions for the trial in the above-captioned case. Modifications or additions to the Ninth Circuit Model Jury Instructions are noted. Bracketed language indicates that the parties are uncertain, at this time, which version of the model language will apply. Instructions that may or may not be applicable are marked "if applicable."

In instances where the parties could not reach agreement on an instruction, the instruction is marked as "Disputed", and each party's argument regarding the disputed instruction is set forth.


DATED: April 25, 2023                      Respectfully submitted,

                                           STEPHANIE M. HINDS
                                           Attorney for the United States


                                           _____/s/_____
                                           DAVID WARD
                                           ILHAM HOSSEINI
                                           Assistant United States Attorneys


                                           _____/s/_____
                                           ROBB ADKINS
                                           CHARDAIE CHARLAMAGNE
                                           SAM CAMARDO
                                           Attorneys for Defendant John Porter

| Stipulated Instruction | Disputed Instruction | Model Instruction No. | DESCRIPTION |
|---|---|---|---|
| 1 | | 1.1. | DUTY OF JURY |
| 2 | | 1.2 | THE CHARGES—PRESUMPTION OF INNOCENCE |
| 3 | | 1.3 | WHAT IS EVIDENCE |
| 4 | | 1.4 | WHAT IS NOT EVIDENCE |
| 5 | | 1.5 | DIRECT AND CIRCUMSTANTIAL EVIDENCE |
| 6 | | 1.6 | RULING ON OBJECTIONS |
| 7 | | 1.7 | CREDIBILITY OF WITNESSES |
| 8 | | 1.8 | CONDUCT OF THE JURY |
| 9 | | 1.9 | NO TRANSCRIPT AVAILABLE TO JURY |
| 10 | | 1.10 | TAKING NOTES |
| 11 | | 1.11 | OUTLINE OF TRIAL |
| 12 | | 1.14 | QUESTIONS TO WITNESSES TO JURORS DURING TRIAL |
| 13 | | 1.16 | BENCH CONFERENCES AND RECESSES |
| 14 | | 2.1 | CAUTIONARY INSTRUCTION |
| 15 | | 2.3 [if applicable] | STIPULATIONS OF FACT |
| 16 | | 2.4 [if applicable] | JUDICIAL NOTICE |
| 17 | | 2.6 | TRANSCRIPT OF RECORDING IN ENGLISH |
| 18 | | 2.10 [if applicable] | OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT |
| 19 | | 2.12 | EVIDENCE FOR A LIMITED PURPOSE |
| | 1 | [Disputed] | GOVERNMENT PROPOSED INSTRUCTION ONLY ONE DEFENDANT |
| 20 | | 3.3 [if applicable] | OTHER CRIMES, WRONGS, OR ACTS OF DEFENDANT |
| 21 | | 3.9 | TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES—IMMUNITY, BENEFITS, ACCOMPLICE, PLEA |
| 22 | | 3.14 | OPINION EVIDENCE, EXPERT WITNESS |
| 23 | | 3.15 [if applicable] | DUAL ROLE TESTIMONY |
| 24 | | 3.16 [if applicable] | CHARTS AND SUMMARIES NOT ADMITTED INTO EVIDENCE |
| 25 | | 3.17 | CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE |
| 26 | | 4.1 | AIDING AND ABETTING |
| 27 | | 6.1 | DUTIES OF THE JURY TO FIND FACTS AND FOLLOW THE LAW |

| | | | |
|---|---|---|---|
| 28 | | 6.2 | CHARGE AGAINST DEFENDANT NOT EVIDENCE - PRESUMPTION OF INNOCENCE – BURDEN OF PROOF |
| 29 | | 6.3 [if applicable] | DEFENDANT'S DECISION NOT TO TESTIFY |
| 30 | | 6.4 | DEFENDANT'S DECISION TO TESTIFY |
| 31 | | 6.5 | REASONABLE DOUBT - DEFINED |
| 32 | | 6.6 | WHAT IS EVIDENCE |
| 33 | | 6.7 | WHAT IS NOT EVIDENCE |
| 34 | | 6.8 | DIRECT AND CIRCUMSTANTIAL EVIDENCE |
| 35 | | 6.9 | CREDIBILITY OF WITNESSES |
| 36 | | 6.10 | ACTIVITIES NOT CHARGED |
| 37 | | 6.11 | SEPARATE CONSIDERATION OF MULTIPLE COUNTS – SINGLE DEFENDANT |
| 38 | | 6.18 | ON OR ABOUT - DEFINED |
| 39 | | 6.19 | DUTY TO DELIBERATE |
| 40 | | 6.20 | CONSIDERATION OF THE EVIDENCE - CONDUCT OF THE JURY |
| 41 | | 6.21 | USE OF NOTES |
| 42 | | 6.22 | JURY CONSIDERATION OF PUNISHMENT |
| 43 | | 6.23 | VERDICT FORM |
| 44 | | 6.24 | COMMUNICATION WITH COURT |
| | 2 | 6.25 [Disputed] | DEADLOCKED JURY |
| 45 | | 6.29 [if applicable] | CONTINUING DELIBERATIONS AFTER JUROR IS DISCHARGED AND NOT REPLACED |
| 46 | | 6.30 [if applicable] | RESUMPTION OF DELIBERATIONS AFTER ALTERNATE JUROR IS ADDED |
| 47 | | 6.31 | POST-DISCHARGE INSTRUCTION |
| 48 | | 11.1 [modified] | COUNT ONE: CONSPIRACY TO COMMIT HONEST SERVICES WIRE AND MAIL FRAUD (18 U.S.C. § 1349) |
| 49 | | 15.34, 15.35 [modified] | COUNTS TWO AND THREE: HONEST SERVICES WIRE FRAUD (18 U.S.C. § 1343, 18 U.S.C. § 1346) |
| 50 | | 15.34 [modified] | COUNT FOUR: HONEST SERVICES MAIL FRAUD (18 U.S.C. § 1341, 18 U.S.C. § 1346) |
| 51 | | 15.33 | VICARIOUS LIABILITY |
| 52 | | 11.1 [modified] | COUNT FIVE: CONSPIRACY TO COMMIT BRIBERY CONCERNING PROGRAMS RECEIVING FEDERAL FUNDS (18 U.S.C. § 371) |
| 53 | | | COUNT SIX: BRIBERY CONCERNING PROGRAMS RECEIVING FEDERAL FUNDS (18 U.S.C. § 666(a)(2)) |
| | 3 | [Disputed] | DEFENDANT PROPOSED INSTRUCTION COUNT SIX: BRIBERY CONCERNING A PROGRAM RECEIVING FEDERAL FUNDS: BONA FIDE SALARY, WAGES, FEES, OR OTHER COMPENSTAION PAID |
| | 4 | [Disputed] | DEFENDANT PROPOSED INSTRUCTION CORRUPTLY |

| | 5 | [Disputed] | DEFENDANT PROPOSED INSTRUCTION INTENT TO DEFRAUD |
|---|---|---|---|
| | 6 | [Disputed] | DEFENDANT PROPOSED INSTRUCTION GOOD FAITH |
| | 7 | [Disputed] | DEFENDANT PROPOSED INSTRUCTION DEFENSE THEORY OF THE CASE |

## STIPULATED JURY INSTRUCTION NO. 1

## DUTY OF JURY

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial I will give you more detailed written instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially. You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identify, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.1.

<u>STIPULATED JURY INSTRUCTION NO. 2</u>

THE CHARGES—PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States government. The government charges the defendant with Conspiracy to Commit Honest Services Wire and Mail Fraud; Honest Services Wire Fraud; Honest Services Mail Fraud; Conspiracy to Commit Bribery of a Local Official; and Bribery of a Local Official. The charges against the defendant are contained in the superseding indictment. The superseding indictment simply describes the charges the government brings against Mr. Porter. The superseding indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendants guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove his innocence or present any evidence.

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes that the government must prove to make its case:

[TO BE PROVIDED UPON RESOLUTION OF DISPUTED INSTRUCTIONS ON THE ELEMENTS OF THE SUBSTANTIVE CHARGES BELOW]

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.2

<u>STIPULATED JURY INSTRUCTION NO. 3</u>

WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received in evidence; and

(3) any facts to which the parties have stipulated.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) No. 1.3.

## STIPULATED JURY INSTRUCTION NO. 4

## WHAT IS NOT EVIDENCE

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys:

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session, even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) No. 1.4

1  <u>STIPULATED JURY INSTRUCTION NO. 5</u>

2  DIRECT AND CIRCUMSTANTIAL EVIDENCE

3

4        Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as

5  testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence

6  is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

7

8        You are to consider both direct and circumstantial evidence. Either can be used to prove any fact.

9  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.

10  It is for you to decide how much weight to give to any evidence.

11

12  **Authority**

13  NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.5.

## STIPULATED JURY INSTRUCTION NO. 6

## RULING ON OBJECTIONS

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.6.

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

First, the witness's opportunity and ability to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.7.

## STIPULATED JURY INSTRUCTION NO. 8

## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, [although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make

any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.8.

## STIPULATED JURY INSTRUCTION NO. 9

### NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.9.

STIPULATED JURY INSTRUCTION NO. 10

TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.10.

## <u>STIPULATED JURY INSTRUCTION NO. 11</u>

## OUTLINE OF TRIAL

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.11.

# STIPULATED JURY INSTRUCTION NO. 12

## QUESTIONS TO WITNESSES BY JURORS DURING TRIAL

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.14 (Option 1)

<u>STIPULATED JURY INSTRUCTION NO. 13</u>

BENCH CONFERENCES AND RECESSES

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.16.

## STIPULATED JURY INSTRUCTION NO. 14

### CAUTIONARY INSTRUCTION

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the Internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

[ALTERNATIVE 1 (in open court): if you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands]. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.]

[ALTERNATIVE 2 (during voir dire with each juror, individually): Have you learned about or shared any information about this case outside of this courtroom? . . . Thank you for your careful adherence to my instructions.]

### Authority

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 2.1.

## STIPULATED JURY INSTRUCTION NO. 15 **[if applicable]**

## STIPULATIONS OF FACT

The parties have agreed to certain facts that have been stated to you. Those facts are now conclusively established.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 2.3.

## STIPULATED JURY INSTRUCTION NO. 16 [**if applicable**]

### JUDICIAL NOTICE

I have decided to accept as proved the fact that [*insert fact noticed*], even though no evidence was presented on this point [,] [because this fact is of such common knowledge]. You may accept this fact as true, but you are not required to do so.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 2.4.

<u>STIPULATED JURY INSTRUCTION NO. 17</u>

TRANSCRIPT OF RECORDING IN ENGLISH


You are about to hear a recording that has been received in evidence. Please listen to it very carefully. Each of you has been given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording. However, bear in mind that the recording is the evidence, not the transcript. If you hear something different from what appears in the transcript, what you hear is controlling.  After the recording has been played, the transcript will be taken from you.


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 2.6.

<u>STIPULATED JURY INSTRUCTION NO. 18</u> **[if applicable]**

OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT

You [have heard testimony] [are about to hear testimony] [have seen evidence] [are about to see evidence] that the defendant [***summarize other act evidence***]**.** This evidence of other acts [was] [will be] admitted only for [a] limited purpose[s]. You may consider this evidence only for the purpose of deciding whether the defendant:

[Had the state of mind, knowledge, or intent necessary to commit the crimes charged in the indictment;]

*or*

[had a motive or opportunity to commit the acts with which he is charged;]

*or*

[was preparing or planning to commit the acts with which he is charged;]

*or*

[acted with a method of operation as evidenced by a unique pattern **describe pattern]**;]

*or*

[did not commit the acts for which the defendant is on trial by accident or mistake;]

*or*

[Is the person who committed the crime charged in the indictment. You may consider this evidence to help you decide [***describe how the evidence will be used to prove identity.***];]

*or*

[***Describe other purpose for which other act evidence was admitted.***]

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

The defendant is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crimes charged. You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because the defendant may have committed the other acts, he must also have committed the charged crimes.

Remember that the defendant is on trial here only for **Conspiracy to Commit Honest Services Fraud, Honest Services Wire and Mail Fraud, Conspiracy to Commit Bribery, and Bribery**, not for these other acts. Do not return a guilty verdict unless the government proves the crimes charged in the indictment beyond a reasonable doubt.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 2.10

1    <u>STIPULATED JURY INSTRUCTION NO. 19</u>

2    EVIDENCE FOR A LIMITED PURPOSE

3         You are about to hear evidence that [**describe evidence to be received for limited purpose**].  I

4    instruct you that this evidence is admitted only for the limited purpose of [**describe purpose**] and,

5    therefore, you must consider it only for that limited purpose and not for any other purpose.

6

7                                        **Authority**

8    NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO.  2.12.

## DISPUTED JURY INSTRUCTION NO. 1

### **Government Proposed Instruction**

ONLY ONE DEFENDANT

You may not speculate about why Mr. Porter is the only defendant in this trial. The only question before you is whether the government has met its burden to show that Mr. Porter is guilty of each of the charges beyond a reasonable doubt, and you must base your verdict on only the evidence against Mr. Porter.

### DEFENSE OBJECTION:

The Court should not issue the Government's proposed instruction. Not only does this instruction have no basis in the Ninth Circuit Model Instructions, it defeats its own purpose by raising the issue of other possible defendants and thus *inviting* the jury to speculate about individuals other than Mr. Porter who are not defendants in this case.

Additionally, the Government's reliance on *United States v. Shoar* is misplaced. In *Shoar*, the defendant was charged with conspiring with her then-husband to hide income from the Internal Revenue Service. *Shoar*, 14-cr-00510-VC, Indictment, ECF No. 1 (N.D. Cal. Oct. 2, 2014). The Government in *Shoar* requested the Court to give this instruction because the jury would speculate why the defendant's spouse was not also on trial. Here, Mr. Porter has no such personal or familial relationship with his alleged co-conspirators or others relevant to the trial and thus the probability of jury speculation on this topic is far less likely.

Moreover, this proposed instruction from the government is duplicative of Stipulated Jury Instruction 37 below, which provides for "Activities Not Charged" and reads: "You are here only to determine whether the defendant is guilty or not guilty of the charges in the superseding indictment. The defendant is not on trial for any conduct or offense not charged in the superseding indictment." Stipulated Jury Instruction 37 sufficiently instructs the jury that the only question before them is whether Mr. Porter is guilty of the charges alleged against him. At minimum, the Court should defer ruling on this instruction until the close of evidence, as was done in *Shoar*. *Id.*, United States' Additional Proposed Jury Instruction, ECF No. 169 (N.D. Cal. Dec. 9, 2021).

GOVERNMENT ARGUMENT:

This instruction tracks what was given in *United States v. Shoar*, 14-CR-00510 - VC (N.D. Cal. 2021), Dkt. 172 (Instruction 14). *See also* Fifth Circuit Pattern Instruction 1.21 ("Consider Only Crime Charged - You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed."). This instruction is necessary so that the jury will not improperly speculate on why other individuals, including other executives at Recology, are not on trial, just as in *Shoar*.

<u>STIPULATED JURY INSTRUCTION NO. 20</u> **[if applicable]**

OTHER CRIMES, WRONGS, OR ACTS OF DEFENDANT


    You have heard evidence that the defendant committed other [crimes] [wrongs] [acts] not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of mistake] [absence of accident] and for no other purpose. [You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.]


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 3.3.

<u>STIPULATED JURY INSTRUCTION NO. 21</u>

TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES—IMMUNITY,

BENEFITS, ACCOMPLICE, PLEA

You have heard testimony from [*name of witness*], a witness who

[received immunity. That testimony was given in exchange for a promise by the government that [the witness will not be prosecuted] [the testimony will not be used in any case against the witness]];

[received [benefits] [compensation] [favored treatment] from the government in connection with this case];

[admitted being] [was alleged to be] an accomplice to the crime charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime];

[pleaded guilty to a crime arising out of the same events for which the defendant is on trial. This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability].

For [this] [these] reason[s], in evaluating the testimony of [*name of witness*], you should consider the extent to which or whether [his] [her] testimony may have been influenced by [this] [any of these] factor[s]. In addition, you should examine the testimony of [*name of witness*] with greater caution than that of other witnesses.

**Authority**

Ninth Circuit Model Jury Instruction (2022) No. 3.9

STIPULATED JURY INSTRUCTION NO. 22

OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from experts, who testified to opinions and the reasons for their opinions. This opinion testimony is allowed because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering each witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 3.14.

<u>STIPULATED JURY INSTRUCTION NO. 23 **[if applicable]**</u>

DUAL ROLE TESTIMONY

You [have heard] [are about to hear] testimony from [name] who [testified] [will testify] to both facts and opinions and the reasons for [his] [her] opinions.

Fact testimony is based on what the witness saw, heard or did.  Opinion testimony is based on the education or experience of the witness.

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  [Take into account the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses.]

As to the testimony about the witness's opinions, this opinion testimony is allowed because of the education or experience of this witness.  Opinion testimony should be judged like any other testimony.  You may accept all of it, part of it, or none of it.  You should give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 3.15

## STIPULATED JURY INSTRUCTION NO. 24 **[if applicable]**

### CHARTS AND SUMMARIES NOT ADMITTED INTO EVIDENCE

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case. These charts and summaries were not admitted into evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 3.16

## STIPULATED JURY INSTRUCTION NO. 25

### CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 3.17

## STIPULATED JURY INSTRUCTION NO. 26

### AIDING AND ABETTING

A defendant may be found guilty of Honest Services Mail Fraud, Honest Services Wire Fraud, or Bribery, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime. To prove a defendant guilty of either Honest Services Wire Fraud, or Honest Services Mail Fraud, or Bribery, by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed the crime of Honest Services Wire Fraud or Honest Services Mail Fraud or Bribery;

Second, the defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of Honest Services Wire Fraud or Honest Services Mail Fraud, or Bribery;

Third, the defendant acted with the intent to facilitate Honest Services Wire Fraud or Honest Services Mail Fraud, or Bribery; and,

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit Honest Services Wire Fraud or Mail Fraud, or Bribery.

//

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime, and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

**Authority**

Ninth Circuit Model Jury Instruction (2022) No. 4.1.

<u>STIPULATED JURY INSTRUCTION NO. 27</u>

DUTIES OF THE JURY TO FIND FACTS AND FOLLOW THE LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.1

## STIPULATED JURY INSTRUCTION NO. 28

CHARGE AGAINST DEFENDANT NOT EVIDENCE - PRESUMPTION OF INNOCENCE – BURDEN OF PROOF

The superseding indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.2

## STIPULATED JURY INSTRUCTION NO. 29 [**if applicable**]

### DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.3.

# STIPULATED JURY INSTRUCTION NO. 30 [**if applicable**]

## DEFENDANT'S DECISION TO TESTIFY

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

**Government Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.4.

## STIPULATED JURY INSTRUCTION NO. 31

## REASONABLE DOUBT - DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) No. 6.5

## STIPULATED JURY INSTRUCTION NO. 32

### WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness; and,

Second, the exhibits received in evidence; and,

Third, any facts to which the parties have stipulated.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) No. 6.6.

## STIPULATED JURY INSTRUCTION NO. 33

## WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony received, stipulations, and exhibits placed into evidence. The following things are not evidence, and you must not consider them as evidence in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, [will say in their] closing arguments, and [have said] at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.7.

1

<u>STIPULATED JURY INSTRUCTION NO. 34</u>

2

DIRECT AND CIRCUMSTANTIAL EVIDENCE

3

4          Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as

5    testimony by a witness about what that witness personally saw, heard, or did.  Circumstantial evidence is

6    indirect evidence; that is, it is proof of one or more facts from which you can find another fact.

7

8          You are to consider both direct and circumstantial evidence. Either can be used to prove any fact.

9    The law makes no distinction between the weight to be given to either direct or circumstantial evidence.

10   It is for you to decide how much weight to give to any evidence.

11

12                                          **Authority**

13   NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.8.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>STIPULATED JURY INSTRUCTION NO. 35</u>

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and,

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.9.

## STIPULATED JURY INSTRUCTION NO. 36

## ACTIVITIES NOT CHARGED

You are here only to determine whether the defendant is guilty or not guilty of the charges in the superseding indictment. The defendant is not on trial for any conduct or offense not charged in the superseding indictment.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.10.

<u>STIPULATED JURY INSTRUCTION NO. 37</u>

SEPARATE CONSIDERATION OF MULTIPLE COUNTS – SINGLE DEFENDANT

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.11.

<u>STIPULATED JURY INSTRUCTION NO. 38</u>

ON OR ABOUT - DEFINED


The Superseding Indictment charges that the offenses alleged in Counts One through Six were committed "on or about" a certain date. Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in Counts One through Six of the Superseding Indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) No. 6.18.

## STIPULATED JURY INSTRUCTION NO. 39

## DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your [presiding juror] [foreperson] who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.19

## STIPULATED JURY INSTRUCTION NO. 40

### CONSIDERATION OF THE EVIDENCE - CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.20.

<u>STIPULATED JURY INSTRUCTION NO. 41</u>

USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) No. 6.21.

## STIPULATED JURY INSTRUCTION NO. 42

## JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.22.

<u>STIPULATED JURY INSTRUCTION NO. 43</u>

VERDICT FORM

A verdict form has been prepared for you. [*Explain verdict form as needed.*]  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the Courtroom Deputy that you are ready to return to the courtroom.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.23.

## STIPULATED JURY INSTRUCTION NO. 44

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) No. 6.24.

## DISPUTED JURY INSTRUCTION NO. 2

### Government Proposed Instruction

DEADLOCKED JURY

Members of the jury, you have reported that you have been unable to reach a unanimous verdict in this case. I have decided to suggest a few additional thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience. Each of you must decide the case for yourself, but only after you consider the evidence impartially with your fellow jurors. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong. You should not, however, change an honest belief as to the weight or effect of the evidence solely because of the opinions of your fellow jurors or for the mere purpose of returning a verdict.

I also remind you that in your deliberations you are to consider the instructions that I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

What I have just said is not meant to rush you or pressure you into agreeing on a verdict. Take as much time as you need to discuss things. There is no hurry.

I ask that you now return to the jury room and continue your deliberations with these additional comments in mind.

### Authority

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) No. 6.25.

## DEFENSE OBJECTION:

Mr. Porter objects to the use this instruction as unduly coercive.  If the Court is inclined to consider such an instruction, Mr. Porter requests that the Court defer ruling on this instruction until and only if the jury is unable to reach a verdict and take into account the circumstances and any notes from the jury at that time in deciding upon what, if any, instruction should be given to the jury.

## GOVERNMENT ARGUMENT:

The government asks the Court to defer ruling on the use of this charge until and if the jury appears deadlocked and unable to reach a verdict.

1  <u>STIPULATED JURY INSTRUCTION NO. 45 **[if applicable]**</u>

2  CONTINUING DELIBERATIONS AFTER JUROR IS DISCHARGED AND NOT REPLACED

3

4    [One] [some] of your fellow jurors [has] [have] been excused from service and will not

5  participate further in your deliberations. You should not speculate about the reason the [juror is] [jurors

6  are] no longer present.

7

8    You should continue your deliberations with the remaining jurors. Do not consider the opinions

9  of the excused [juror] [jurors] as you continue deliberating. All the previous instructions given to you,

10  including the unanimity requirement for a verdict, remain in effect.

11

12  **Authority**

13  NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.29.

1    <u>STIPULATED JURY INSTRUCTION NO. 46 **[if applicable]**</u>

2    RESUMPTION OF DELIBERATIONS AFTER ALTERNATE JUROR IS ADDED

3

4    [An alternate juror has] [Alternate jurors have] been substituted for the excused [juror] [jurors].

5    You should not speculate about the reason for the substitution.

6

7    You must start your deliberations anew. This means you should disregard entirely any

8    deliberations taking place before the alternate [juror was] [jurors were] substituted and consider freshly

9    the evidence as if the previous deliberations had never occurred.

10

11   Although starting over may seem frustrating, please do not let it discourage you. It is important

12   that each juror have a full and fair opportunity to explore his or her views and respond to the views of

13   others so that you may come to a unanimous verdict. All the previous instructions given to you,

14   including the unanimity requirement for a verdict, remain in effect.

15

16   **Authority**

17   NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.30.

<u>STIPULATED JURY INSTRUCTION NO. 47</u>

POST-DISCHARGE INSTRUCTION

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any person you choose. By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

[If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.]

[Finally, always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence. Please respect the privacy of the views of the other jurors.]

[Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me, and I will assist.]

**Authority**

Ninth Circuit Model Jury Instruction (2022) No. 6.31

## STIPULATED JURY INSTRUCTION NO. 48

COUNT ONE: CONSPIRACY TO COMMIT HONEST SERVICES WIRE AND MAIL FRAUD

(18 U.S.C. § 1349)

The defendant is charged in Count One of the Superseding Indictment with conspiracy to commit honest services wire fraud and honest services mail fraud, in violation of Section 1349 of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning no later than December 2016, and continuing through on or about January 28, 2020, there was an agreement between two or more persons to commit the crime of honest services wire and mail fraud as charged in the indictment;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit the crime of honest services wire fraud and honest services mail fraud as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 11.1 *(Modified)*.

COUNTS TWO AND THREE: HONEST SERVICES WIRE FRAUD

(18 U.S.C. § 1343, 18 U.S.C. § 1346)

The defendant is charged in Counts Two and Three of the Superseding Indictment with honest services wire fraud, in violation of Sections 1343 and 1346 of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

The defendant devised or knowingly participated in a scheme or plan to deprive the residents of the City and County of San Francisco of their right of honest services of a public official through bribery or kickbacks in breach of the official's fiduciary duty;

The scheme or plan consisted of a bribe or kickback in exchange for the public official's services. The "exchange" may be express or may be implied for all the surrounding circumstances;

The public official, Mohammed Nuru, owed a fiduciary duty to the City and County of San Francisco;

The defendant acted with the intent to defraud by depriving the City and County of San Francisco of the right of the honest services of Mohammed Nuru, a public official;

The defendant's act was material; that is, it had a natural tendency to influence, or was capable of influencing, a person's acts, and,

The defendant used, or caused someone to use an interstate wire communication to carry out or to attempt to carry out an essential part of the scheme.

A "fiduciary" duty exists whenever one entity places special trust and confidence in another person—the fiduciary—in reliance that the fiduciary will exercise his discretion and expertise with the utmost honesty and forthrightness in the interests of the entity, such that the entity relaxes the care and vigilance that it would ordinarily exercise, and the fiduciary knowingly accepts that special trust and confidence and thereafter undertakes to act on behalf of the other entity based on such reliance.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements but also the circumstances in which they are used as a whole.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate in nature. Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate wire communication must have actually occurred in furtherance of the scheme.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1534, NO. 1535 (*Modified*)

<u>STIPULATED JURY INSTRUCTION NO. 50</u>

COUNT FOUR: HONEST SERVICES MAIL FRAUD

(18 U.S.C. § 1341, 18 U.S.C. § 1346)

The defendant is charged in Count Four of the Superseding Indictment with honest services mail fraud, in violation of Sections 1341 and 1346 of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

The defendant devised or knowingly participated in a scheme or plan to deprive the residents of the City and County of San Francisco of their right of honest services of a public official through bribery or kickbacks in breach of the official's fiduciary duty;

The scheme or plan consisted of a bribe or kickback in exchange for the public official's services. The "exchange" may be express or may be implied for all the surrounding circumstances;

The public official, Mohammed Nuru, owed a fiduciary duty to the City and County of San Francisco;

The defendant acted with the intent to defraud by depriving the City and County of San Francisco of the right of the honest services of Mohammed Nuru, a public official;

The defendant's act was material; that is, it had a natural tendency to influence, or was capable of influencing, a person's acts, and,

The defendant used, or caused someone to use, the mails to carry out or to attempt to carry out the scheme or plan.

A "fiduciary" duty exists whenever one entity places special trust and confidence in another person—the fiduciary—in reliance that the fiduciary will exercise his discretion and expertise with the utmost honesty and forthrightness in the interests of the entity, such that the entity relaxes the care and vigilance that it would ordinarily exercise, and the fiduciary knowingly accepts that special trust and confidence and thereafter undertakes to act on behalf of the other entity based on such reliance.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements but also the circumstances in which they are used as a whole.

A mailing is caused when one knows that the mails will be used in the ordinary course of business or when one can reasonably foresee such use. It does not matter whether the material mailed was itself false or deceptive so long as the mail was used as a part of the scheme, nor does it matter whether the scheme or plan was successful or that any money or property was obtained.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1534 (*Modified*)

## STIPULATED JURY INSTRUCTION NO. 51

### VICARIOUS LIABILITY

If you decide that the defendant was a member of a scheme to defraud and that the defendant had the intent to defraud, the defendant may be responsible for other co-schemers' actions during the course of and in furtherance of the scheme, even if the defendant did not know what the other co-schemers said or did.

For the defendant to be guilty of an offense committed by a co-schemer in furtherance of the scheme, the offense must be one that the defendant could reasonably foresee as a necessary and natural consequence of the scheme to defraud.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 15.33.

COUNT FIVE:  CONSPIRACY TO COMMIT BRIBERY CONCERNING

PROGRAMS RECEIVING FEDERAL FUNDS (18 U.S.C. § 371)

The defendant is charged in Count Five the Superseding Indictment with conspiring to commit bribery concerning programs receiving federal funds, in violation of Section 371 of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning no later than October 2017, and continuing until on our about January 28, 2020, there was an agreement between two or more persons to commit the crime of bribery of Mohammed Nuru;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and,

Third, one of the members of the conspiracy performed at least one overt act on or after October 2017 for the purpose of carrying out the conspiracy.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit the crime of bribery as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

1

2       One becomes a member of a conspiracy by willfully participating in the unlawful plan with the

3  intent to advance or further some object or purpose of the conspiracy, even though the person does not

4  have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing

5  conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a

6  conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does

7  not thereby become a conspirator. Similarly, a person does not become a conspirator merely by

8  associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy

9  exists.

10

11      An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy

12  if it was done for the purpose of carrying out the conspiracy. The government is not required to prove

13  that the defendant personally did one of the overt acts.

14

15                                        **Authority**

16  NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 11.1 *(Modified)*.

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED JURY INSTRUCTION NO. 53

COUNT SIX:  BRIBERY CONCERNING PROGRAMS

RECEIVING FEDERAL FUNDS (18 U.S.C. § 666(a)(2))

The defendant is charged in Count Six of the Superseding Indictment with bribery concerning programs receiving federal funds, in violation of Section 666(a)(2) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

Mohammed Nuru was an agent of an organization, a state, or local government, or an agency of a state, local, or tribal government;

The organization, state, or local government or agency received federal assistance in excess of $10,000 in a one-year period;

The one-year period of federal assistance was within twelve months before or after the commission of the offense;

The defendant gave, offered, or agreed to give a thing of value to any person;

The defendant intended to influence or reward Mohammed Nuru in connection with a transaction or series of transactions of the organization or agency, involving a bribe of $5,000 or more; and,

The defendant acted corruptly.

**Authority**

*United States v. Garrido*, 713 F.3d 985 (9th Cir. 2013); 7th Cir. Fed. Crim Jury Instr. 666(a)(2); 5th Cir. Pattern Crim Jury Instr. 2.33C (2019); 3rd Cir. Mod. Crim. Jury Instr. 6.18.666A2 (2023); *United States v. Porter*, 22-cr-270 (WHO) (N.D. Cal.), ECF No. 79 at 7 ("The Ninth Circuit has confirmed that section 666(a) requires that the bribe 'must exceed $5,000.'") (quoting *United States v. Cabrera*, 328 F.3d 506, 509 (9th Cir. 2003); *see also United States v. Vo*, 766 F. App'x 547, 550 (9th Cir. 2019) ("Precedent in this circuit interprets § 666(a) to require the bribe to exceed $5,000, not the business or transaction exchanged.").

DISPUTED JURY INSTRUCTION NO. 3

**Defendant Proposed Instruction**

COUNT SIX: BRIBERY CONCERNING A PROGRAM RECEIVING FEDERAL FUNDS:

BONA FIDE SALARY, WAGES, FEES, OR OTHER COMPENSTAION PAID

In determining whether Mr. Porter is guilty of this offense, do not consider bona fide salary, wages, fees, or other compensation paid, or expenses paid or reimbursed, in the usual course of business.

**Authority**

18 U.S.C. § 666(c); *United States v. Mills*, 140 F.3d 630 (6th Cir. 1998).

GOVERNMENT OBJECTION

The government objects to this supplemental instruction at this point, and asks that the Court withhold a decision on this until it reviews the evidence at trial. This was the position of the Court in denying defendant's Motion to Dismiss. *See Dkt. 79* (Order Denying Motion to Dismiss) ("[w]hether the payments are covered by section 666(c) will depend on the evidence presented at trial.").

DEFENSE ARGUMENT:

The Court should issue this proposed instruction. Mr. Porter's proposed instruction includes the safe harbor contained in 18 U.S.C. § 666(c), which provides that § 666 "does not apply to bona fide salary, wages, fees, or other compensation paid, or expenses paid or reimbursed, in the usual course of business." *See United States v. Mills*, 140 F.3d 632, 634 (pointing to this "restriction on the reach of 18 U.S.C. § 666" as evidence that not all instances of bribery "merit the attention of the federal courts").

## DISPUTED JURY INSTRUCTION NO. 4

### **Defendant Proposed Instruction**

CORRUPTLY

To act "corruptly" means to act voluntarily, deliberately, and dishonestly to either accomplish an unlawful end or result or to use an unlawful method or means to accomplish an otherwise lawful end or result.

The term "corruptly" also indicates a wrongful desire for pecuniary gain or other advantage.

It is not a crime to give a thing of value to a public official to build a reservoir of goodwill that might ultimately affect one or more of a multitude of unspecified acts, now and in the future. Attempts to persuade or mere favoritism are not sufficient to demonstrate corrupt intent.

### **Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 4.12; *Martinez de Ryan v. Whitaker*, 909 F.3d 247 (9th Cir. 2018); *United States v. Garrido*, 713 F.3d 985, 1002 (9th Cir. 2013); *United States v. Lonich*, 23 F.4th 881, 902–03 (9th Cir. 2022); *United States v. Sun-Diamond Growers of California*, 526 U.S. 398, 405 (1999); *United States v. Kincaid-Chauncey*, 556 F.3d 923 (9th Cir. 2009); *United States v. Blagojevich*, 794 F.3d 729, 734 (7th Cir. 2015); *United States v. Sorich*, 523 F.3d 702, 710 (7th Cir. 2008); *United States v. Davis*, 183 F.3d 231, 245 (3d Cir. 1999) *amended by* 197 F.3d 662 (3d Cir. 1999); *United States v. Jennings*, 160 F.3d 1006 (4th Cir. 1998).

### GOVERNMENT OBJECTION

The government has no objection to the first sentence of this proposed instruction, as it is a correct statement of the corrupt intent requirement in the Ninth Circuit. *See Martinez-de Ryan v. Whitaker*, 909 F.3d 247, 250 (9th Cir. 2018), *citing United States v. Garrido*, 713 F.3d 985, 1001 (9th Cir. 2013). *See also United States v. Porter*, 22-CR-00270 (WHO) (Order Denying Motion to Dismiss).

The government objects to the second proposed sentence of the instruction, stating that corrupt "indicates a wrongful desire for pecuniary gain or other advantage." As the Court correctly noted in its denial of defendant's motion to dismiss, the charged bribery statute does not require a private gain." *See Dkt. 79* (Order Denying Motion to Dismiss) ("Porter has not convinced me that 666(a)(2) requires a

private gain, at least in the Ninth Circuit. The cases that he relies upon come from outside this circuit, and as far as I can tell, have not been favorably cited by the Ninth Circuit regarding private gain." [citations omitted])."

Finally, the government objects to the final sentence of this instruction. The instruction regarding the elements of bribery states that in order to convict, the jury must find that "the defendant intended to influence or reward Mohammed Nuru in connection with a transaction or series of transactions of the organization or agency, involving a bribe of $5,000 or more." This is a correct statement of the requirement. Defendant cites to *United States v. McNair* for authority for his third proposed instruction, but the Court in *McNair* specifically rejected that proposed instruction. 605 F.3d 1152, 1153 (11th Cir. 2010) ('[a]fter the defendant-appellants insisted the district court specifically identify friendship and goodwill gifts as legal gratuities, the court responded "if it's corrupt and dishonest, it's not for good will, is it?" The district court explained that giving defendant-appellants' instruction would "carry with it some sort of suggestion that I'm adopting that idea that that's what these payments were.").

DEFENSE ARGUMENT:

This instruction is an accurate representation of the Ninth Circuit's definition of corruptly. The comment to Ninth Circuit Model Jury Instruction No. 4.12 provides that parties should "[c]onsult each statute that uses the term 'corruptly,' and related case law, for the meaning of the term because it is capable of different meanings in different statutory contexts." Contrary to the Government's argument, the Court need look no further than the Ninth Circuit's rulings in the context of § 666(a)(2) to accurately represent the Ninth Circuit's definition of "corruptly" within that section.

In the context of § 666(a)(2), the Ninth Circuit has made clear that an "act is done 'corruptly' if it is performed voluntarily, deliberately, and dishonestly, for the purpose of either accomplishing an unlawful end or result or of accomplishing some otherwise lawful end or lawful result by an unlawful method or means." *Martinez de Ryan v. Whitaker*, 909 F.3d 247 (9th Cir. 2018) (quoting *United States v. McNair*, 605 F.3d 1152, 1153 (11th Cir. 2010)). The Ninth Circuit has also recognized that "corruptly" means "dishonestly seeking an illegal goal or a legal goal illegally" within a § 666(a)(2)

context.  *United States v. Garrido*, 713 F.3d 985, 1002 (9th Cir. 2013) (quoting *McNair*, 605 F.3d at 1188).  Accordingly, this Court recognized that this is the correct standard in its Order Denying Motion to Dismiss.  ECF No. 79 at 8.

The Court should also instruct the jury regarding pecuniary gain.  In *United States v. Lonich*, cited by the Government, the Ninth Circuit noted that as "used in criminal-law' statutes, the term 'corruptly' usually 'indicates a wrongful desire for pecuniary gain or other advantage.'"  *United States v. Lonich*, 23 F.4th 881, 902–03 (9th Cir. 2022) (quoting Black's Law Dictionary 435 (11th ed. 2019). The Ninth Circuit went on to state that this facet of corrupt intent comports with how it has interpreted corrupt intent in the context of § 666(a)(2).  *Id.* at 903.

Finally, the Court should issue the portion of Mr. Porter's proposed instruction concerning goodwill.  In *United States v. Sun-Diamond Growers of California*, the United States Supreme Court rejected the view that giving to a public official is criminal if it is merely to "build a reservoir of goodwill that might ultimately affect one or more of a multitude of unspecified acts, now and in the future."  526 U.S. 398, 405 (1999).  And in *United States v. Jennings*, 160 F.3d 1006, 1020 n.5 (4th Cir. 1998), the court held that the statute prohibiting bribery concerning programs receiving federal funds (§ 666(a)(2)) does not reach mere goodwill gifts.

## DISPUTED JURY INSTRUCTION NO. 5

## **Defendant Proposed Instruction**

INTENT TO DEFRAUD

An "intent to defraud" is an intent to deceive and cheat.  Thus, to be guilty of Honest Services Mail Fraud and Honest Services Wire Fraud, Mr. Porter must have acted with the intent to both (1) deceive, that is, make false statements or utilize other forms of deception, and (2) cheat, that is, to deprive the residents of the City and County of San Francisco of their right of honest services of a public official by means of those deceptions.

## **Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 4.13.  *United States v. Miller*, 953 F.3d 1095, 1101 (9th Cir. 2020).

## GOVERNMENT OBJECTION:

The government objects to this instruction.  First, it goes beyond the 9th Circuit Model Instruction for *money or property* wire or mail fraud, which is only: "An intent to defraud is an intent to deceive and cheat."  *See 9th Cir. Model Instruction 4.13 (2020).*  Further, the defendant is charged with participating in an honest services scheme to defraud, not a scheme involving false statements or intent to obtain money or property.  An instruction requiring the government to prove specific false statements is not warranted or appropriate.  *See United States v. Woods*, 335 F.3d 993, 999 (9th Cir. 2003). "Under the mail fraud statute the government is not required to prove any particular false statement was made. Rather, there are alternative routes to a mail fraud conviction, one being proof of a scheme or artifice to defraud, which may or may not involve any specific false statements." *Id.* (quoting *United States v. Munoz*, 233 F.3d 1117, 1131 (9th Cir. 2000) (internal citations omitted)).

The proper statement of the elements of honest services fraud is reflected in Model Instruction 15.34, which is the instruction proposed by the government, and the instruction adopted in the wake of the U.S. Supreme Court's decision in *Skilling v. United States*. 561 U.S. 358 (2010).  *See United States v. Hernandez*, 2021 WL 3579386 (9th Cir. 2021).  Specifically as to the intent to defraud element,

Model Instruction 15.34 states the defendant "acted with the intent to defraud by depriving the residents of the City of San Francisco of the right of honest services." *See* 9th Cir. Model Instruction 15.34; *see also Hernandez* 2021 WL 3579386 *2; *see also United States v. Kincaid-Chauncey*, 556 F.3d 923, (9th Cir. 2009) ("Public officials inherently owe a duty to the public to act in the public's best interest. If, instead, the official accepts something of value with an intent to be influenced, the official has defrauded the public of the official's honest services even though no tangible loss to the public ahs been shown because the public official deprived the public of its right to honest and faithful government."

## DEFENSE ARGUMENT:

The Court should issue Mr. Porter's proposed instruction on intent to defraud, which tracks the Model Jury Instruction and caselaw in the Ninth Circuit. As the Government is forced to concede, an intent to defraud indicates an intent to deceive and cheat. Mr. Porter seeks to provide the jury with the definitions of these words recognized by the Ninth Circuit. In *United States v. Miller*, the Ninth Circuit held that "to be guilty of wire fraud, a defendant must act with intent not only to make false statements or utilize other forms of deception, but also to deprive a victim of money or property by means of those deceptions. In other words, a defendant must intend to deceive and cheat." 953 F.3d 1095, 1101 (9th Cir. 2020).

The Government's reliance on *United States v. Woods*, 335 F.3d 993 (9th Cir. 2003), is misplaced. First, the Government is silent on the instruction's definition of "deceive" when it comes to honest services wire fraud—which comprises half of the Government's charges against Mr. Porter. But more importantly, the Government ignores the fact that Mr. Porter's proposed instruction defines "deceive" to mean "make false statements *or utilize other forms of deception*." While *Woods* recognized that a "specific false statement" is not required for a mail fraud conviction, *Woods* did not dispense entirely with the requirement of deception. Indeed, the jury instructions at issue in *Woods* provided that the defendant may be guilty if he "create[s] an appearance which is false *or deceptive*." *Id.* at 998.

**Defendant Proposed Instruction**

GOOD FAITH

The good faith of Mr. Porter is a complete defense to the charges contained in the Superseding Indictment because good faith on his part is, simply, inconsistent with the intent required for the charges against Mr. Porter.

While the term "good faith" has no precise definition, it means, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

A person acts in "good faith" when he or she has an honestly held belief, opinion, or understanding, even though the belief, opinion, or understanding turns out to be inaccurate, incorrect, or wrong.  An honest mistake in judgment or an error in management does not rise to the level of intent required by the crimes contained in the Superseding Indictment.

Mr. Porter does not have the burden of proving "good faith."  Good faith is a defense because it is inconsistent with the requirement of the offenses charged.  As I have told you, it is the government's burden to prove beyond a reasonable doubt each element of the offense, including the mental state element. In deciding whether the government proved that Mr. Porter acted with the requisite mental state or, instead, whether Mr. Porter acted in good faith, you should consider all of the evidence presented in the case that may bear on Mr. Porter's state of mind.

If you find that Mr. Porter acted in good faith, as I have defined it, or if you find any other reason that the government has not proved beyond a reasonable doubt that Mr. Porter acted with the requisite state of mind, you must find Mr. Porter not guilty of the offenses contained in the Superseding Indictment.

1     If the evidence in this case leaves the jury with a reasonable doubt as to whether Mr. Porter acted

2     with the requisite intent, or in good faith, the jury must acquit Mr. Porter.

3

4                                              **Authority**

5     3d Cir. Mod. Crim. Jury Instr. 5.07 (2022); O'Malley, Federal Jury Practice and Instructions, § 47:16
      (6th ed.); *United States v. Amlani*, 111 F.3d 705, 717–18 (9th Cir. 1997); *United States v. Munoz*, 233

6     F.3d 1117, 1131–32 (9th Cir. 2000); *United States v. Tarallo*, 380 F.3d 1174, 1191–92 (9th Cir. 2004);
      *United States v. Sayakhom*, 186 F.3d 928, 939–40 (9th Cir. 1999); *United States v. Gering*, 716 F.2d

7     615, 622 (9th Cir. 1983); *United States v. Lin*, No. 11-cr-00393-TEH, Jury Instructions, ECF No. 102 at
      43–44 (N.D. Cal. May 15, 2012); *United States v. Holmes*, No. 18-cr-00258-EJD, ECF No. 1206 at 25

8     (N.D. Cal. Dec. 17, 2021); *United States v. Gerrans*, No. 18-cr-00310-EMC, Order Re Final Closing
      Jury Instructions, ECF No. 137 at 17 (N.D. Cal. Jan. 24, 2020; *United States v. Cutting*, No. 14-cr-

9     00139-SI, Jury Instructions, ECF No. 627 at 24 (N.D. Cal. Dec. 4, 2017); *United States v. Armstrong*,
      Nos. CR 94–0276 PJH, C 09–2243 PJH, 2012 WL 712126, at *21 (N.D. Cal. Mar. 5, 2012); *United

10    States v. Reyes*, No. 06-cr-0556, Jury Instructions, ECF No. 1158 at 36 (N.D. Cal. Mar. 23, 2010);
      *United States v. Ortino*, No. 19-cr-00142-WHO, ECF Nos. 13 and 71 (N.D. Cal.).

11

12                                        DEFENSE ARGUMENT:

13            The Ninth Circuit has repeatedly endorsed good faith instructions similar to the instruction that

14    Mr. Porter proposes here.  In *United States v. Amlani*, 111 F.3d 705, 717–18 (9th Cir. 1997), the court

15    affirmed the district court's good faith instruction as a defense to the charge of wire fraud.  In *United

16    States v. Munoz*, 233 F.3d 1117, 1131–32 (9th Cir. 2000), a mail fraud case, the court recognized that a

17    good faith instruction recognizing that a "honestly held" belief and an "honest mistake" do not "rise to

18    the level of criminal conduct" was "adequate to cover a defense theory that the defendant did not act

19    with fraudulent intent."  The Ninth Circuit recognized the same in *United States v. Tarallo*, 380 F.3d

20    1174, 1191–92 (9th Cir. 2004) and *United States v. Sayakhom*, 186 F.3d 928, 939–40 (9th Cir. 1999).

21    The Ninth Circuit also approved of a good faith defense to mail fraud instruction in *United States v.

22    Gering*, 716 F.2d 615, 622 (9th Cir. 1983).

23            Following the Ninth Circuit's lead, district courts in this circuit routinely issue good faith

24    instructions in similar circumstances to this case.  In *United States v. Lin*, a mail and wire fraud case, the

25    court issued a good faith instruction nearly identical to Mr. Porter's proposed instruction.  No. 11-cr-

26    00393-TEH, Jury Instructions, ECF No. 102 at 43–44 (N.D. Cal. May 15, 2012).  More recently, the

27    court in *United States v. Holmes* issued a good faith instruction in a wire fraud case.  No. 18-cr-00258-

28    EJD, ECF No. 1206 at 25 (N.D. Cal. Dec. 17, 2021).  Other district courts have issued good faith

instructions in circumstances similar to this case. *See, e.g.*, *United States v. Gerrans*, No. 18-cr-00310-EMC, Order Re Final Closing Jury Instructions, ECF No. 137 at 17 (N.D. Cal. Jan. 24, 2020) (issuing good faith instruction that a "good faith belief" is a valid defense in a wire fraud case); *United States v. Cutting*, No. 14-cr-00139-SI, Jury Instructions, ECF No. 627 at 24 (N.D. Cal. Dec. 4, 2017) (issuing good faith instruction that an "honest intention" and "opinion honestly held" is a "complete defense" to wire fraud); *United States v. Armstrong*, Nos. CR 94–0276 PJH, C 09–2243 PJH, 2012 WL 712126, at *21 (N.D. Cal. Mar. 5, 2012) (on a motion to vacate sentence, endorsing district court's good faith instruction); *United States v. Reyes*, No. 06-cr-0556, Jury Instructions, ECF No. 1158 at 36 (N.D. Cal. Mar. 23, 2010) (issuing good faith instruction that a "good-faith belief" was inconsistent with a finding that the defendant committed the charged offenses).

Given this backdrop, this Court recently recognized that good faith instructions are necessary in appropriate circumstances. In *United States v. Ortino*, the defendant was charged with making false statements to a government agency and wire fraud. No. 19-cr-00142-WHO, Superseding Indictment, ECF No. 13 (N.D. Cal. June 4, 2019). Before trial, the defendant requested a good faith instruction. *Id.*, Joint Proposed Jury Instructions, ECF No. 71 at 43–47. In its ruling on the parties' motions in limine, the Court held that it would consider giving an instruction similar to the instruction given in *Gerrans* that an "honest, good faith belief in the truth of the specific misrepresentations alleged in the indictment in determining whether or not the defendant acted with intent to defraud."

Here, Mr. Porter's intent is *the* central issue for the jury to decide. A good faith instruction will be crucial so that the jury can assess the evidence and testimony Mr. Porter intends to submit regarding his intent. The Court should issue Mr. Porter's good faith instruction. At minimum, the Court should defer ruling on this instruction until the close of evidence, as it did in *Ortino*.

<u>GOVERNMENT OBJECTION:</u>

A defendant is not entitled to a good faith instruction, nor should one be given, when the jury was properly instructed on the intent element. *United States v. Shipsey*, 363 F.3d 962, 967 (9th Cir. 2004) (" Our case law is well settled that a criminal defendant has "no right" to *any* good faith instruction when the jury has been adequately instructed with regard to the intent required to be found

guilty of the crime charged, notwithstanding the normal rules governing "theory of defense" requests.").

*See also United States v. Belcher*, 857 Fed. Appx. 390. 392 (9th Cir. 2021) ("[t] here was no abuse of discretion in the district court's refusal to give the defendants' requested instructions on good faith, because the jury instructions adequately laid out the crimes' intent requirements)." *See also United States v. Hickey*, 580 F. 3d 922, 931 (9th Cir. 2009) (no good faith instruction needed when jury properly instructed on intent to defraud)

Further, no good faith instruction is warranted at this juncture because the evidence that the government has seen does not provide a basis for Porter's good faith instruction. "A defendant is entitled to jury instructions presenting his theory of defense as long as the instructions are supported by the law *and have a basis in the evidence presented to the jury*." *United States v. Fuentes*, 967 F.2d 593 (9th Cir. 1992) (emphasis added).

Accordingly, the government submits that defendant Porter's request for language about good faith be denied, as it is unnecessary and he is not entitled to such an instruction. At a minimum, it is premature at this juncture.

## DISPUTED JURY INSTRUCTION NO. 7

## **Defendant Proposed Instruction**

### DEFENSE THEORY OF THE CASE

This concludes the part of my instructions explaining the elements of the various charges. Next, I will explain Mr. Porter's position.

[To be submitted during or at the close of trial].

### DEFENSE ARGUMENT:

The defendant is entitled to have an instruction on the defense theory of the case, supported by evidence and law. Fed. R. Crim P. 30; Ninth Circuit Model Jury Instructions (2022), Introductory Comment to Chapter Five ("A defendant is entitled to have the jury instructed on his or her theory of defense, as long as the theory has support in the law and some foundation in the evidence.") (quoting *United States v. Perdomo-Espana*, 522 F.3d 983, 986-87 (9th Cir. 2008)); *United States v. Cortes*, 757 F.3d 850, 857 (9th Cir. 2014) ("A criminal defendant is entitled to jury instructions related to a defense theory so long as there is any foundation in the evidence and the instruction is supported by law."); *United States v. Burt*, 410 F.3d 1100, 1103 (9th Cir. 2005) ("A defendant is entitled to instructions relating to a defense theory for which there is any foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility.").

### GOVERNMENT OBJECTION:

This proposed instruction is premature and should be addressed after the presentation of evidence.